ORIGINAL

PETER D. KEISLER
Assistant Attorney General
LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores St.
Agana, Guam 96910
Tel: (671) 472-7332/7208
Fax: (671) 472-7334/7215
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
U.S. Department of Justice
7th Floor Federal Bldg., Room 7-5395
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
Fax: (415) 436-6632
mike.underhill@usdoj.gov

Attorneys for Plaintiff United States of America

FILED
DISTRICT COURT OF GUAM
APR 19 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 06-00011 |
| Plaintiff, | IN ADMIRALTY |
| v. | |
| MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, | VERIFIED COMPLAINT OF THE UNITED STATES |
| Defendants. | |

Plaintiff, the United States of America alleges upon information and belief as follows:

**GENERAL ALLEGATIONS**

1.  This is a case of admiralty and maritime jurisdiction against Defendants MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

//

VERIFIED COMPLAINT

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

3. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 1395, and 33 U.S.C. § 2717.

4. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

5. At all times material herein, Defendant MARWAN SHIPPING & TRADING CO. ("MARWAN") had a place of business in the United Arab Emirates and was doing business in Guam and within this district and within the jurisdiction of this Court, including through ownership and operation of the M/V AJMAN 2 at the time of, and with respect to, the matters sued upon herein.

6. At all times material herein, MARWAN owned the M/V AJMAN 2.

7. At all times material herein, MARWAN operated the M/V AJMAN 2.

8. At all times material herein, MARWAN managed the M/V AJMAN 2.

9. At all times material herein, MARWAN chartered the M/V AJMAN 2.

10. At all times material herein, MARWAN controlled the M/V AJMAN 2.

11. At all times material herein, Defendant FIVE SEAS SHIPPING CO., LLC ("FIVE SEAS") had a place of business in the United Arab Emirates and was doing business in Guam and within this district and within the jurisdiction of this Court, including through ownership, operation, and chartering of the M/V AJMAN 2 at the time of, and with respect to, the matters sued upon herein.

VERIFIED COMPLAINT 2
Case 1:06-cv-00011 Document 1 Filed 04/19/2006 Page 2 of 7

12. At all times material herein, FIVE SEAS was owner *pro hac vice* of the M/V AJMAN 2.

13. At all times material herein, FIVE SEAS operated the M/V AJMAN 2.

14. At all times material herein, FIVE SEAS managed the M/V AJMAN 2.

15. At all times material herein, FIVE SEAS chartered the M/V AJMAN 2.

16. At all times material herein, FIVE SEAS controlled the M/V AJMAN 2.

17. At all times material herein, and by reason of the matters alleged in this Complaint, Defendants MARWAN and FIVE SEAS were "responsible parties" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

18. At all times material herein, Defendant S.J. GARGRAVE SYNDICATE 2724 had a place of business in London, England, and was doing business in the United States and Guam and within this district and within the jurisdiction of this Court, including, but not limited to, by insuring and/or providing evidence of financial responsibility and certain guarantees pertaining to marine oil pollution liabilities incurred by or through the M/V AJMAN 2.

19. S.J. GARGRAVE SYNDICATE 2724 has provided evidence of financial responsibility and certain guarantees pertaining to the said vessel pursuant to statute and regulations; accordingly, pursuant to those statutes and regulations, and up to the monetary limits of its statutory and regulatory liability, the United States of America is entitled to bring its claims directly against said guarantor.

20. At all times material herein, Defendants MARWAN and FIVE SEAS, in addition to Defendant S.J. GARGRAVE SYNDICATE 2724, the latter solely up to the monetary limits of its statutory and regulatory liability, were agents of each other and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

21. In or about August and September, 2004, M/V AJMAN 2, while in the Exclusive Economic Zone, territorial seas, and navigable waters of the United States, posed a substantial threat of pollution to navigable waters of the United States, including the waters of Apra Harbor, Guam, and the resulting substantial threat of pollution to adjoining shorelines. The said

substantial threat of pollution included, but was not limited to, the fact that M/V AJMAN 2 grounded at Family Beach, adjacent to Hotel Wharf, in Apra Harbor. The foregoing substantial threat of pollution, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the "OPA Incident", said term "OPA" referring to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

22. The OPA Incident was proximately caused, *inter alia*, by the acts, omissions, and strict liability of M/V AJMAN 2, her owners, crew, agents, servants, employees, and others for whom MARWAN and FIVE SEAS were responsible, all within the privity and knowledge of MARWAN and FIVE SEAS.

23. As a result of the OPA Incident, and in order to alleviate the substantial threat of pollution caused by M/V AJMAN 2, the United States of America, by and through its various agencies and others acting on its behalf, responded to the OPA Incident and incurred removal costs and damages within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

24. The precise amount of removal costs and damages sustained by the United States presently exceeds $829,051, the exact amount of said removal costs and damages to be established according to proof at the time of trial, plus interest, administrative charges, costs, disbursements, and statutory attorneys' fees.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## MARWAN, FIVE SEAS, AND S.J. GARGRAVE SYNDICATE 2724, *IN PERSONAM*
## (OIL POLLUTION ACT OF 1990)

25. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

26. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

27. Under the circumstances herein, MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724 are liable to the United States of America, without limitation, for

all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA Incident.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST MARWAN, FIVE SEAS, AND S.J. GARGRAVE SYNDICATE 2724, *IN PERSONAM*

### (OIL POLLUTION ACT OF 1990)

28. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

29. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

30. As a result of the OPA Incident, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

31. Pursuant to the Oil Pollution Act of 1990, MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724 are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

32. The aforesaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently unascertained.

WHEREFORE, the United States of America prays as follows:

1. That United States of America be granted judgment against Defendants MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, pursuant to the verified Complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against Defendants MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, for pollution removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

//
//
//

VERIFIED COMPLAINT 5
Case 1:06-cv-00011 Document 1 Filed 04/19/2006 Page 5 of 7

3. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: March 29, 2006.

PETER KEISLER
Assistant Attorney General
LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB, Assistant U.S. Attorney

_____
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division, West Coast Office
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff United States of America

# VERIFICATION

R. MICHAEL UNDERHILL says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: March 29, 2006.

_____
R. MICHAEL UNDERHILL