ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUL 12 2006
MARY L.M. MORAN
CLERK OF COURT

THOMAS TARPLEY
TARPLEY & MORONI, LLP
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (pro hac vice petition pending)
RYAN C. DONLON (Cal. Bar No. 229292) (pro hac vice petition pending)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant
S.J. GARGRAVE SYNDICATE 2724

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants. | Civil Case No.: 06-00011<br><br>**ANSWER, COUNTERCLAIM AND CROSSCLAIMS OF S.J. GARGRAVE SYNDICATE 2724 TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA**<br><br>Complaint Date: April 19, 2006<br>Trial Date: None Set |

COMES NOW S.J. GARGRAVE SYNDICATE 2724 (hereinafter "this answering defendant") and files its answer to the complaint of plaintiff UNITED STATES OF AMERICA (hereinafter "plaintiff") herein as follows:

1. Answering paragraphs 1 though 17, 20 through 24, 29, 30 and 32, inclusively and individually, of the complaint, this answering defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

2. Answering paragraph 18 of the complaint, this answering defendant admits the allegation contained therein that it had a place of business in London, England, but denies each and every other allegation contained therein.

3. Answering paragraphs 19, 26, 27 and 31, inclusively and individually, of the complaint, this answering defendant denies each and every allegation thereof.

4. Answering paragraphs 25 and 28 of the complaint, this answering defendant incorporates by reference as though fully set forth herein each and every foregoing paragraph of this answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The complaint, and each purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

2. This answering defendant is informed and believes, and thereon alleges, that the injuries and damages, if any, allegedly sustained by plaintiff proximately resulted from the conduct of parties other than this answering defendant, and such conduct was an intervening and superseding cause as to the liability, if any, of this answering defendant as to plaintiff.

### THIRD AFFIRMATIVE DEFENSE

3. The claims set forth in the complaint are without the applicable statute or statutes of limitation and are accordingly barred.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff, by its conduct and/or the conduct of its agents, servants, attorneys and/or employees, has waived any right to relief from this answering defendant and released this answering defendant from liability.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff, by its conduct, and/or the conduct of its agents, servants, attorneys and/or employees, has waived and is estopped and barred from any right of recovery against this answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from any relief against this answering defendant by reason of laches.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred from any relief against this answering defendant by reason of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff and/or other parties not related to this defendant were careless and negligent in and about the matters referred to in the complaint, or were otherwise responsible and legally liable for the allegations contained in said pleading, which negligence, carelessness, and/or legal liability proximately contributed to and/or were the sole proximate cause of the damages or injuries complained of, if any there be. Such negligence, carelessness, and/or liability bar and/or proportionately reduce any recovery against this answering defendant.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has failed to mitigate and minimize its damages, if any there be, and said failure eliminates or reduces any claim for relief by plaintiff against this answering defendant.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's wrongful conduct was active, primary, and affirmative and the conduct of this answering defendant, if any, was passive, secondary, and derivative, and plaintiff is thereby barred from its rights, if any, to total equitable indemnity.

## ELEVENTH AFFIRMATIVE DEFENSE

11. This answering defendant is informed and believes and upon such information and belief alleges that at all times and places mentioned in the complaint, plaintiff was fully aware of

the facts, matters, and circumstances surrounding said matters, voluntarily and knowingly entered into and engaged in the acts and conduct alleged in the complaint, and voluntarily and knowingly assumed all the risk of injury and/or damage, if any there was, incident to said acts and conduct at the times and places mentioned in said complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. This answering defendant alleges that the complaint and each purported cause of action thereof fail to state facts sufficient to constitute a cause of action in that the contract, if any, upon which the complaint is based is void and/or voidable because of illegality, fraud, failure of consideration, and/or misrepresentation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The complaint and each purported cause of action therein is barred on the grounds that the alleged contract, if found to exist, is not enforceable.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff lacks standing to raise the issues alleged and to seek the relief prayed for in the complaint and each purported cause of action therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. In all matters herein, plaintiff acted with full knowledge of the facts and circumstances surrounding its alleged injuries and assumed the risk of the matters causing the injuries, and said matters of which said plaintiff assumed the risk proximately contributed to and proximately caused its injuries, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff is barred from asserting any causes of action against this answering defendant by virtue of its consent to the acts and/or conditions that are alleged in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. This answering defendant asserts the affirmative defense of *in pari delicto*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. In the event it is held liable, this answering defendant alleges that its liability is secondary to other parties in this action and on that basis alleges that any award to which the plaintiff is entitled must first be satisfied first by said other parties.

### NINETEENTH AFFIRMATIVE DEFENSE

19. This answering defendant's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties or the contract or contracts pursuant to which these defendants provided their services that are the subject of this action.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The complaint, and each cause of action therein alleged, is absolutely barred by the failure of plaintiff and the other parties to this action to perform or satisfy some or all of the conditions precedent to any further obligations of this answering defendant under the alleged contracts or agreements, if any there were.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The alleged injuries and damages suffered by plaintiff and others in this action, if any, resulted from the willful misconduct of parties other than this answering defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Venue is not proper in this Court.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. This answering defendant hereby incorporates all defenses raised or that could be raised by other parties to this action as if asserted here in full.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims against this answering defendant may not be maintained herein because this Court lacks jurisdiction over this answering defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. All claims against this answering defendant have been released by plaintiff or by action of law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's complaint is barred as a matter of public policy and/or by statutes, administrative regulations, and treaties, including but not limited to the Trading with Enemy Act and/or the Foreign Assets Control Regulations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. This answering defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available, and accordingly, this answering defendant reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate under any law, including but not limited to federal, maritime, and/or territorial law.

## COUNTERCLAIM AND CROSSCLAIMS

COMES NOW defendant, cross-claimant and counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave") and for a cross-claim against MARWAN SHIPPING & TRADING CO. (hereinafter "Marwan") and FIVE SEAS SHIPPING CO., LLC (hereinafter "Five Seas"), and for a counterclaim against plaintiff UNITED STATES OF AMERICA (hereinafter "United States"), pleads and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction herein:

   (1) Pursuant to 28 U.S.C. § 1333, because this dispute involves the vessel M/V AJMAN 2 and a marine certificate of financial responsibility issued with regard to said vessel and risks in the maritime industry; and

   (2) Pursuant to 28 U.S.C. §§ 1345, 1331. 2201 and 2717; 46 U.S.C. §§ 741 *et seq.*; and 46 U.S.C. §§ 781 *et seq.*

   This Court also has pendent and/or ancillary jurisdiction over the matters set forth herein.

## PARTIES

2. Defendant, cross-claimant and counterclaimant Gargrave is an unincorporated association of Underwriters, organized and existing under the laws of the United Kingdom, which lawfully does business in Guam. Gargrave's principal place of business is in London, England.

3. Gargrave is informed and believes that defendant and cross-defendant Marwan is a corporation incorporated and existing under the laws of the United Arab Emirates (hereinafter "U.A.E."), with its principal place of business in Dubai, U.A.E. At all relevant times, Gargrave is informed that Marwan was doing business in Guam, within this district and within the jurisdiction of this Court, and that Marwan owned and operated the MV AJMAN 2.

4. Gargrave is informed and believes that defendant and cross-defendant Five Seas is a corporation organized and existing under the laws of the U.A.E., with its principal place of business in Dubai, U.A.E. Gargrave is informed that at all relevant times, Five Seas was doing business in Guam, within this district and within the jurisdiction of this Court, and that it owned, operated and chartered the M/V AJMAN 2.

5. The United States is the plaintiff herein, which, through the U.S. Coast Guard, controls the Port of Apra, Guam.

## FIRST CAUSE OF ACTION

(Equitable Indemnity Against Marwan and Five Seas)

6. Gargrave denies any liability for the allegations set forth in the Verified Complaint of the United States (hereinafter the "Complaint"), and instead alleges that all events and happenings referred to therein were caused and created by the active negligence and/or intentional willful misconduct and failure to properly operate, crew, care for and husband the vessel AJMAN 2 by Marwan and Five Seas. In the event Gargrave is adjudged liable to the United States under the Complaint, any fault of Gargrave, which is hereby vigorously denied, would be passive in nature and secondary as opposed to the active and primary fault and breaches of obligations, duties of care and contract by Marwan and Five Seas. Any liability or obligation of Gargrave to pay under the Certificate of Financial Responsibility (hereinafter "COFR"), issued by Gargrave's agent, is secondary and derivative, and only matures and arises after the vessel's

11620/0002/585335.1

owners and charterers, Marwan and Five Seas, have failed and refused to pay for pollution avoidance, abatement and cleanup expenses pursuant to the Oil Pollution Act of 1990 (hereinafter "OPA-90"), 33 U.S.C. § 2701, *et seq.*

7. If any judgment should be rendered in favor of the United States or others against Gargrave, then Gargrave is entitled to full indemnification from Marwan and/or Five Seas, and each of them, and Gargrave is entitled to recover in equitable indemnity from Marwan and/or Five Seas, and each of them, the full amount of any said judgment, in addition to attorneys' fees and costs.

## SECOND CAUSE OF ACTION
(Contribution Against Marwan and Five Seas)

8. As a direct and proximate result of Marwan's and Five Seas' breaches of contract and of their respective duties to the vessel, to the United States, and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

9. As a result of Gargrave potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution from Marwan and Five Seas, and each of them, for some or all of Gargrave's respective liabilities.

## THIRD CAUSE OF ACTION
(Fraud/Misrepresentation Against Marwan and Five Seas)

10. Marwan and/or Five Seas, through their agent, caused an application for a COFR to be made to Gargrave, through its agent. This application was fraudulent, in that it contained information known to be false. Gargrave issued the COFR to the M/V AJMAN 2, and her owners, operators and insurers, based on this knowingly false information, and Gargrave has been defrauded thereby.

11. As a direct and proximate result of Marwan's and Five Seas' knowingly false submission to Gargrave, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

12. As a result of the aforesaid knowingly false submissions to Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and is entitled to damages for the fraudulent misrepresentations of Marwan and Five Seas.

**FOURTH CAUSE OF ACTION**

(Nondisclosure Against Marwan and Five Seas)

13. Marwan and/or Five Seas, through their agent, caused an application for a COFR to be made to Gargrave, through its agent. This application was fraudulent, in that it contained information known to be false, and further contained knowing misrepresentations and omissions of material facts. Gargrave issued the COFR to the M/V AJMAN 2, based on its ignorance of this undisclosed information, and Gargrave has been damaged and defrauded thereby.

14. As a direct and proximate result of Marwan's and Five Seas' knowing and willful nondisclosure of information to Gargrave, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

15. As a result of the aforesaid knowing nondisclosure of information to Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and to damages from Marwan and Five Seas for the nondisclosure of said material information.

**FIFTH CAUSE OF ACTION**

(Negligence Against Marwan and Five Seas)

16. Marwan and/or Five Seas, through their agent, caused an application for a COFR to be made to Gargrave, through its agent. This application was negligent, in that it contained information known to be false, and it omitted material facts. Gargrave issued the COFR to the M/V AJMAN 2, based on this negligently provided information, and its ignorance of the negligently omitted information, and Gargrave has been damaged and defrauded thereby.

17. As a direct and proximate result of Marwan's and Five Seas' negligence, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

18. As a result of the aforesaid negligent information supplied to, and information negligently withheld from Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and to damages for the negligence of Marwan and Five Seas.

## SIXTH CAUSE OF ACTION

(Tort of Another Against Marwan and Five Seas)

19. Gargrave is informed and believes that Marwan and Five Seas made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts and other agreements in connection with the ownership, chartering, crewing, operation and husbanding of the M/V AJMAN 2.

20. As a direct and proximate result of these negligent and intentional acts and omissions by Marwan and Five Seas, Gargrave has been compelled to litigate with the United States, and other parties. Also as a direct and proximate result of the aforesaid acts and omissions by Marwan and Five Seas, Gargrave may be compelled to litigate with Marwan, Five Seas, the United States, the vessel's agent and the vessel's other insurers in this and/or other legal proceedings.

21. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until this matter is finally resolved. Gargrave is entitled to recover these fees and costs, along with indemnity, from Marwan and Five Seas, under the doctrine of wrongful act / tort of another.

## SEVENTH CAUSE OF ACTION

(Declaratory Relief Against Marwan and Five Seas)

22. Gargrave is informed and believes that Marwan and Five Seas made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts and other agreements in connection with the ownership, chartering, crewing, operation and husbanding of the M/V AJMAN 2.

23. An actual controversy now exists between Gargrave, on the one hand, and Marwan and Five Seas on the other. Accordingly, under 28 U.S.C. § 2201, Gargrave is entitled to, and hereby seeks from this Court, a declaration of its rights and obligations under the COFR which it

issued. Gargrave also is entitled to, and hereby seeks from this Court, a declaration that it is not obligated to, and indeed is not allowed to, insure and/or indemnify for any obligations of the AJMAN 2 and/or her owners, operators, charterers, crew or agents, because the vessel flies the flag of North Korea, and for Gargrave to do so would violate certain regulations issued by the U.S. Treasury, as well as other federal statutes and regulations.

## EIGHTH CAUSE OF ACTION

(Negligence Against the United States)

24. Gargrave is informed and believes that the M/V AJMAN 2 could not have entered the waters of the United States, as is alleged in the Complaint, without the permission of the United States Coast Guard, a branch and agency of the United States. Gargrave is informed and believes that the United States issued such permission negligently, in violation of law and pertinent regulations, without adequate basis or reason to do so, and without having conducted an adequate and thorough investigation of what threats the vessel constituted and presented to the security, navigable waters and other property of the United States. The United States was further negligent in supervising the vessel, her owners, operators, crew and charterers, while the vessel was in port in Guam. The United States was further negligent in the hiring, supervision and control of the salvage contractor and his subcontractors, and in dealing with the vessel while it was in U.S. waters. Such negligence was a direct and superseding cause of the damages which the United States has allegedly suffered, and for which claim is made in the Complaint.

25. As a direct and proximate result of the aforesaid negligent acts and omissions by the United States, Gargrave has been compelled to litigate with Marwan, Five Seas and the United States in this proceeding, and will be obligated to further litigate with the vessel's agents and other insurers. Gargrave is entitled to recover from the United States for its negligent acts and/or omissions, and those of its agents.

## NINTH CAUSE OF ACTION

(Declaratory Relief Against the United States)

26. Gargrave is informed and believes that the United States made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts, other

- 11 -

agreements and duties in connection with the ownership, chartering, operation and husbanding of the M/V AJMAN 2, and the operation and supervision of the Port of Apra, Guam.

27. An actual controversy now exists between Gargrave, on the one hand, and the United States on the other. Accordingly, under 28 U.S.C. § 2201, Gargrave is entitled to, and hereby seeks from this Court, a declaration of its rights and obligations under the COFR which it issued. Gargrave also is entitled to, and hereby seeks from this Court, a declaration that it is not obligated to, and indeed is not allowed to, insure and/or indemnify for any obligations of the AJMAN 2 and/or her owners, operators, charterers, crew or agents, because the vessel flies the flag of North Korea, and for Gargrave to do so would violate certain regulations issued by the U.S. Treasury, as well as other federal statutes and regulations.

**PRAYER**

WHEREFORE, Gargrave prays for judgment against Marwan, Five Seas and the United States, and each of them, as follows:

1. For full and complete indemnity from Marwan for any and all amounts which Gargrave may be adjudged liable to any party;

2. For full and complete indemnity from Five Seas for any and all amounts which Gargrave may be adjudged liable to any party;

3. For contribution from Marwan for some or all of the amounts which Gargrave may be adjudged liable to any party;

4. For contribution from Five Seas for some or all of the amounts which Gargrave may be adjudged liable to any party;

5. For a declaration of Gargrave's rights and obligations, along with the rights and obligations of others, under the COFR which was issued for the M/V AJMAN 2;

6. For damages against the United States for its negligence;

7. For a declaratory judgment against the United States that Gargrave has no liability under the COFR which was issued to the M/V AJMAN 2;

8. For attorneys' fees incurred by Gargrave in this action;

9. For all costs of suit herein; and

10. For such other and further relief as this Court may deem just and proper.

Dated this 12th day of July, 2006.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
S.J. GARGRAVE SYNDICATE 2724,
in *personam*

- 13 -

11620/0002/585335.1

Case 1:06-cv-00011   Document 17   Filed 07/12/2006   Page 13 of 14

ANSWER, COUNTERCLAIM AND CROSSCLAIMS
Civil Case No.: 06-00011

# CERTIFICATE OF SERVICE

I, Thomas M. Tarpley, Jr., hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on July 12, 2006, I caused to be served a true and correct copy of the **ANSWER, CROSS-CLAIM AND COUNTERCLAIM OF S.J. GARGRAVE SYNDICATE 2724**, to the following:

R. Michael Underhill, Esq. (Via Mail)
Attorney In Charge
Torts Branch, Civil Division, West Coast Office
U.S. DEPARTMENT OF JUSTICE
7th Floor Federal Bldg., Room 7-5395
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
   *Attorneys for Plaintiff and Counterdefendant United States of America*

Joseph C. Misenti, Jr.. Esq. (Via Mail)
Nicoll Black Misenti & Feig, PLLC
816 Second Ave., Suite 300
Seattle, WA 98104
   *Attorneys for Defendant and Cross-Defendant Five Seas Shipping Co., LLC*

Mikel W. Schwab
OFFICE OF THE UNITED STATES ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
*Attorneys for Plaintiff and Counterdefendant United States of America*

Lawrence J. Teker, Esq.
Teker Torres & Teker, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
   *Attorneys for Defendant and Cross-Defendant Five Seas Shipping Co., LLC*

Dated this 12th day of July, 2006.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
S.J. GARGRAVE SYNDICATE 2724,
*in personam*