THOMAS TARPLEY
TARPLEY & MORONI
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
JUL 24 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADE CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><hr>S.J. GARGRAVE SYNDICATE 2724,<br><br>Cross-Claimant,<br><br>vs.<br><br>MARWAN SHIPPING & TRADE CO., FIVE SEAS SHIPPING CO., LLC, UNITED STATES OF AMERICA,<br><br>Cross-Defendants. | Civil Case No.: 06-00011<br><br>**THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724**<br><br>Complaint Date: April 19, 2006<br>Trial Date: None Set |

S.J. GARGRAVE SYNDICATE 2724,

Third-Party Plaintiff,

vs.

NAVIGATORS PROTECTION & INDEMNITY; AL-BUHALERA,

Third-Party Defendants.

S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"), an unincorporated association, for a Third-Party Complaint against NAVIGATORS PROTECTION & INDEMNITY, a corporation, and AL-BUHALERA, a corporation (both hereinafter collectively the "Third-Party Defendants"), alleges as follows:

## JURISDICTION

1. This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears; it is an Admiralty and Maritime claim within the meanings of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333(1). This Court also has ancillary and/or pendent jurisdiction over the matters set forth herein.

## VENUE

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

3. Plaintiff Gargrave is an unincorporated association organized and existing under the laws of the United Kingdom, with its principal place of business at London, England. At all relevant times, Gargrave was an insurer in the business of writing marine insurance, including issuing Certificates of Financial Responsibility (hereinafter "COFRs").

4. Gargrave is informed and believes that third-party defendant NAVIGATORS PROTECTION & INDEMNITY (hereinafter "Navigators"), at all times mentioned herein, was and now is a corporation duly organized and existing under the laws of the United Kingdom, with
- 2 -

its principal place of business at London, England. Navigators is an insurer in the business of underwriting marine insurance, particularly protection & indemnity (hereinafter "P&I") insurance and excess P&I insurance. Gargrave is informed and believes that at all relevant times, Navigators was the excess P&I insurer for the M/V AJMAN 2.

5. Gargrave is informed and believes that third-party defendant Al-Buhalera, at all times mentioned herein, was and now is a corporation duly organized and existing under the laws of the United Arab Emirates. Al-Buhalera is an insurer, engaged in underwriting marine insurance risks, particularly P&I risks at the primary layer. Gargrave is informed and believes that at all relevant times, Al-Buhalera was the primary P&I insurer for the M/V AJMAN 2.

6. Plaintiff UNITED STATES OF AMERICA (hereinafter "United States") has filed a Verified Complaint of the United States herein (hereinafter the "Verified Complaint"), which is incorporated in this Third-Party Complaint by reference, naming Gargrave as a defendant, among others, and seeking to recover costs which the United States allegedly has expended in responding to, preventing, and cleaning up pollution which allegedly occurred at Apra Harbor, Guam, in or about August and September of 2004.

## FIRST CAUSE OF ACTION

(Equitable Indemnity Against Navigators and Al-Buhalera)

7. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

8. Gargrave denies any liability for the allegations set forth in the Verified Complaint, and instead alleges that all events and happenings referred to therein were caused and created by the active negligence and/or intentional willful misconduct and failure to perform duties and contractual obligations by Navigators and/or Al-Buhalera. Gargrave further asserts that Al-Buhalera should have responded, in the first instance, to the demand for pollution response, abatement and cleanup of the United States, and Navigators should have responded secondarily, as the excess P&I insurer. In the event Gargrave is adjudged liable to the United States under the Verified Complaint, any fault or liability of Gargrave, which is vigorously

denied, would be passive in nature and secondary, as opposed to the active and primary fault and breaches of contract by Al-Buhalera and Navigators.

9. If any judgment should be rendered in favor of the United States or others against Gargrave, Gargrave will be entitled to full indemnification from Al-Buhalera and/or Navigators, and each of them, and Gargrave is entitled to recover in equitable indemnity from Al-Buhalera and/or Navigators the full amount of any said judgment, in addition to attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(Contribution Against Al-Buhalera and Navigators)

10. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

11. As a direct and proximate result of Al-Buhalera's and Navigators' breaches of contract and of their respective duties to their insureds, and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

12. As a result of Gargrave's potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution from Al-Buhalera and/or Navigators, and each of them, for some or all of Gargrave's respective liabilities.

## THIRD CAUSE OF ACTION

(Tort of Another Against Al-Buhalera and Navigators)

13. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

14. Gargrave is informed and believes that Al-Buhalera and Navigators made misrepresentations and omissions regarding insurance coverage, their respective liabilities at issue in this proceeding, the condition and state of the vessel, her flag and registry, the type of voyage she was engaged in, and the extent and nature of her equipment. Gargrave further alleges that Al-Buhalera and/or Navigators breached their duties under their policies of P&I insurance, and otherwise. As a direct and proximate result of these negligent and intentional misrepresentations

and omissions, and breaches of duty and of contract, by Al-Buhalera and Navigators, and each of them, Gargrave has been compelled to litigate with the United States.

15. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until the issues involved herein are resolved. Gargrave is entitled to recover these fees and costs from Al-Buhalera and Navigators, plus full indemnity for any liability of Gargrave herein, under the doctrine of wrongful act / tort of another.

## FOURTH CAUSE OF ACTION

(Misrepresentation Against Navigators)

16. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

17. Gargrave issued a COFR to the M/V AJMAN 2, pursuant to a request from and an application submitted by Navigators. That application misrepresented the nature of the risk, the flag and registry of the vessel, her physical condition, her unseaworthiness, her lack of equipment and insufficient crew, and the type of voyage in which she was engaged. The misrepresentations were knowing and intentional when they were made by Navigators. Had Gargrave known the truth about the M/V AJMAN 2, Gargrave would not have issued a COFR to said vessel. Accordingly, for the aforesaid reasons, Gargrave is entitled to a declaration that the COFR it issued to the M/V AJMAN 2 is void, and has no further force and effect. Gargrave is further entitled to rescind and cancel the COFR issued to the M/V AJMAN 2, and is entitled to money damages as a result of the misrepresentations by Navigators.

## FIFTH CAUSE OF ACTION

(Nondisclosure Against Navigators)

18. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

19. In its request and application for a COFR made to Gargrave, Navigators failed to disclose numerous material facts about the M/V AJMAN 2, including her flag and registry, her physical condition and unseaworthiness, her lack of equipment and inadequate crew, and the nature of the voyage in which she was engaged. Navigators knew, when it failed to disclose those

- 5 -

11620/0002/590588.1    THIRD-PARTY COMPLAINT OF GARGRAVE
Case 1:06-cv-00011    Document 28    Filed 07/24/2006    Page 5 of 8    Civil Case No.: 06-00011

material facts to Gargrave, that Gargrave had no other source from which to glean that information.

20. As a result of the nondisclosures by Navigators, Gargrave is entitled to a declaration that the COFR it issued to the M/V AJMAN 2 is void and of no further force and effect. Gargrave is further entitled to rescind and cancel the COFR. Gargrave is also entitled to money damages for the intentional nondisclosures by Navigators.

## SIXTH CAUSE OF ACTION

(Negligence Against Navigators)

21. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

22. In applying to Gargrave for the COFR, Navigators was negligent in failing to disclose numerous material facts about the risk, including the flag and registry of the vessel, the condition of the vessel, her unseaworthiness, her lack of equipment and inadequate crew, and the nature of the voyage in which she was engaged. In addition, Navigators negligently misrepresented those material facts, and others, to Gargrave. As a result of the negligence of Navigators, Gargrave is entitled to rescind the COFR, and to cancel it. Gargrave is also entitled to a declaration from this Court that the COFR issued to the M/V AJMAN 2 is null and void, and of no further force and effect. Gargrave is also entitled to money damages for the negligence of Navigators.

## DEMAND FOR JUDGMENT IN FAVOR OF PLAINTIFF

23. Pursuant to F.R.C.P. 14(c), Gargrave hereby demands judgment against Al-Buhalera and Navigators, in favor of plaintiff United States, and further demands that Al-Buhalera and Navigators answer and make any defenses to the claims of the United States, as set forth in the Verified Complaint, directly, as well as to the claims of Gargrave.

## PRAYER

WHEREFORE, Third-Party Plaintiff Gargrave prays for judgment as follows:

1. For full and complete indemnification from the Third-Party Defendants, and each of them, jointly and severally, in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

2. For contribution from the Third-Party Defendants, and each of them, jointly and severally, in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

3. For a judgment pursuant to the provisions of F.R.C.P. 14(c) directly against the Third-Party Defendants, and each of them, jointly and severally, in favor of the plaintiff United States, and for the Third-Party Defendants, and each of them, to make their defenses and answers directly to the claims of the United States, as well as to the claims herein of Third-Party Plaintiff Gargrave;

4. For judgment against the Third-Party Defendants, jointly and severally, for Gargrave's costs, expenses and reasonable attorneys' fees incurred in defense of the United States' Verified Complaint and other pleadings; and

5. For such other and further relief as this Court may deem just and proper.

Dated this 24th day of July, 2006.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
S.J. GARGRAVE SYNDICATE 2724,
in *personam*

- 7 -

11620/0002/590588.1

THIRD-PARTY COMPLAINT OF GARGRAVE
Civil Case No.: 06-00011

Case 1:06-cv-00011   Document 28   Filed 07/24/2006   Page 7 of 8

## CERTIFICATE OF SERVICE

I, Thomas M. Tarpley, Jr., hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on July 24, 2006, I caused to be served a true and correct copy of the **THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724**, to the following:

R. Michael Underhill, Esq.
c/o Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
  *Attorneys for Plaintiff and Counterdefendant United States of America*

Joseph C. Misenti, Jr.. Esq.
c/o Lawrence J. Teker, Esq.
Teker Torres & Teker, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
  *Attorneys for Defendant and Cross-Defendant Five Seas Shipping Co., LLC*

David P. Ledger, Esq.
Carlsmith Ball, LLP
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
Hagatna, Guam 96910
  *Attorneys for Intervenor Inchcape Shipping Services Guam, LLC*

Dated this 24th day of July, 2006.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
S.J. GARGRAVE SYNDICATE 2724,
*in personam*

- 8 -

11620/0002/590588.1
Case 1:06-cv-00011   Document 28   Filed 07/24/2006   Page 8 of 8
THIRD-PARTY COMPLAINT OF GARGRAVE
Civil Case No.: 06-00011