**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*
 *Marwan Shipping & Trading*
  *and Five Seas Shipping Co., LLC*

FILED
DISTRICT COURT OF GUAM
AUG 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 06-00011 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO SET ASIDE** |
| ) | **ORDER GRANTING MOTION** |
| MARWAN SHIPPING & TRADING, FIVE ) | **TO INTERVENE; MEMORANDUM** |
| SEAS SHIPPING CO., LLC and S.J. ) | |
| GARGRAVE SYNDICATE 2724, ) | |
| *in personam*, ) | |
| ) | |
| Defendants. ) | |

----------

Defendants MARWAN SHIPPING & TRADING and FIVE SEAS SHIPPING CO., LLC, hereby move the Court pursuant to F.R.C.P. 60(b) to set aside its Order dated August 4, 2006 granting INCHCAPE SHIPPING's Motion to Intervene. Under Rule 60(b)(1) a Court may relieve a party from an order based upon mistake, inadvertence, surprise or excusable neglect. To meet the "excusable neglect standard" the Movant must first demonstrate that its failure to meet the deadline was a case of neglect which exists where the failure to do something occurred because of a simple, faultless submission to act and secondly, the Movant must establish that the failure was excusable.

**ORIGINAL**

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 388, 391, 395 (1993).

## MEMORANDUM OF POINTS AND AUTHORITIES

As shown by the Declaration of Counsel, after Inchcape's attorney filed its Motion to Intervene and served the Motion on all parties, MARWAN's attorney in Seattle, Washington, secured an extension of time within which to file a response to that Motion to Intervene up to and including August 15, 2006. Daved Ledger, Esq. acceded to that request and granted the extension of time via email communication with Joseph Misenti in Seattle. Copies of those emails were sent to the undersigned and I automatically assumed that I had nothing further to do on the matter because of the continuance that was agreed upon between those two attorneys. However, unbeknownst to the undersigned, visiting Judge Ware signed the Order granting the Motion to Intervene on August 4, 2006 and a copy of that Order was returned to INCHCAPE attorneys, but no copies of that Order were placed in the Court box for the law firm of Teker Torres & Teker nor were copies of that Order served on our law firm. The undersigned did not discover that the order was signed until Friday, August 11, 2006 in a telephone conversation with David Ledger and that is the reason this Motion to Set Aside the Order was not filed until August 15, 2006.

The Supreme Court held in ***Pioneer***, *supra* that excusable neglect covers negligence on the part of counsel. It then said that the determination of whether neglect is excusable is an equitable one. It depends on at least four factors: (1) the danger or prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See ***Pioneer*** at 395.

The Ninth Circuit naturally follows this guideline. For example, see ***Bateman v. U.S. Postal Service***, 231 F.2d 1220, 1223, (9th Cir. 2000), where the Court set aside a summary judgment

motion which occurred after Plaintiff's attorney went to Nigeria for nineteen (19) days in response to a family emergency and then did not contact the Court until sixteen (16) days after his return. The Court stated that while the attorney's reason for the delay was weak, there was no showing that he acted with less than good faith, the prejudice to the defendant was minimal as well as the length of the delay and its potential impact on the judicial proceedings. The Court stated:

> In *Brioness*, 116 F.3d at 381, we noted that *Pioneer* changed our law of excusable neglect. Before *Pioneer* we had held that "ignorance of Court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline...After *Pioneer* however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake...We also adopted the equitable test articulated in *Pioneer* to determine whether neglect is excusable under Rule 60(b). We stated that the factors recited in *Pioneer* were not exclusive, but that provide a framework with which to determine whether missing a filing deadline constitutes excusable neglect.

## CONCLUSION

For the foregoing reasons, MARWAN and FIVE SEAS request the Court to vacate the August 4, 2006 Order in accordance with the parties' original understanding and agreement that MARWAN had until August 15, 2006 to file any response to INCHCAPE's Motion to Intervene., and to extend the time to respond to September 15, 2006.

*Respectfully submitted* on this 15th day of August, 2006.

TEKER TORRES & TEKER, P.C.

By _____
LAWRENCE J. TEKER, ESQ.
*Attorneys for Marwan Shipping & Trade Co. and Five Seas Shipping Co., LLC*