TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*
 *Marwan Shipping & Trading*
  *and Five Seas Shipping Co., LLC*

FILED
DISTRICT COURT OF GUAM
AUG 1 5 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00011 |
| Plaintiff, | |
| vs. | **DECLARATION OF LAWRENCE J. TEKER** |
| MARWAN SHIPPING & TRADING, FIVE SEAS SHIPPING CO., LLC and S.J. GARGRAVE SYNDICATE 2724, *in personam*, | |
| Defendants. | |

LAWRENCE J. TEKER, ESQ. hereby declares as follows:

1. I am the local counsel of record for Defendant FIVE SEAS SHIPPING CO., LLC, and on behalf of Joseph C. Misenti, Jr., Esq. of Seattle Washington, I filed a notice of appearance representing said Defendant in this Court on June 30, 2006.

2. On July 7, 2006, this Court signed an Order granting Joseph C. Misenti's *Pro Hac Vice* application to practice law in this Court.

3. On July 12, 2006, Joseph Misenti and Lawrence J. Teker filed an Entry of Appearance on behalf of Marwan.

4. Shortly thereafter, David P. Ledger, Esq. and Joseph Misenti had an exchange of emails in which Mr. Ledger advised Mr. Misenti that he would probably be filing a Motion to Intervene in the case on behalf of Inchcape.

5. At that time, the only Defendants in this case were Marwan, Five Seas and S.J. Gargrave. But on July 12, 2006, S.J. Gargrave then filed an Answer, Counterclaim and Cross-claim against Five Seas and Marwan. That Cross-claim filing set up a potential conflict with Joseph Misenti.

6. On July 18, 2006 Inchcape filed its Motion to Intervene in this action.

7. On July 25, 2006, Joseph Misenti emailed David Ledger and requested an extension of time until August 15, 2006 to respond to Inchcape's Motion to Intervene on the grounds that Joseph Misenti had a potential conflict of interest in the case because he represented Defendant S.J. Gargrave in another matter that is on appeal to the Ninth Circuit and he needed time to work out the potential conflict. David Ledger graciously granted that request and gave Marwan/Five Seas up until August 15, 2006 to respond to the motion to intervene.

8. Joseph Misenti had asked the attorneys for Gargrave to see whether or not they would be willing to withdraw their Cross-claim against Marwan/Five Seas because of the potential conflict.

9. Because of the potential conflict of interest between the two law firms representing Marwan, Five Seas and Gargrave the matter had been put on hold by the granting of the extension by Inchcape's lawyer, David Ledger.

10. The undersigned was privy to all of the email traffic between David Ledger

and Joseph Misenti and knew that David Ledger had granted the extension until August 15, 2006 and I therefore assumed that there was nothing further for me to do because of this extension. However, because no notice to the Court was filed during this period of time, the Court, the Honorable James Ware, sitting as District Court Judge, granted the Motion to Intervene but only because he was not aware of this extension entered into outside of the Court proceedings.

11. The Order which was filed in this Court on August 4, 2006 was never placed in the Court box of Teker Torres & Teker nor did the Carlsmith firm serve a copy of the Order on our firm and, consequently, we had no knowledge that the Order granting the Motion to Intervene was entered until Friday August 11, 2006 pursuant to a telephone conversation between David Ledger and the undersigned.

I declare under penalty of perjury that the foregoing is true and correct.

Dated at Hagåtña, Guam this 15th day of August, 2006.

_____
LAWRENCE J. TEKER