ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Intervenor
Inchcape Shipping Services Guam LLC

FILED
DISTRICT COURT OF GUAM
AUG 17 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants. | CIVIL CASE NO. 06-00011<br><br>OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE; DECLARATION OF SERVICE |

I. **INTRODUCTION**

Defendants Marwan Shipping & Trading Co. ("Marwan") and Five Seas Shipping Co., LLC ("Five Seas") have not provided the Court with any justification for it to set aside its Order granting Plaintiff-in-Intervention Inchcape Shipping Services Guam LLC's ("Inchcape") Motion to Intervene. In particular, Marwan and Five Seas have not demonstrated that their failure to file either an Opposition to Inchcape's Motion or a timely request for an extension to do so constituted "excusable neglect." Rather, all that Marwan and Five Seas have demonstrated is

that they willfully ignored the filing requirements of the District Court of Guam's Local Rules of Practice. As explained below, ignoring filing requirements, as opposed to justifiably overlooking them, does not fall within the realm of "excusable neglect." Marwan and Five Seas' Motion should therefore be DENIED.

Moreover, as likewise explained below and as apparent from the Declaration of David Ledger filed concurrently herewith, Marwan and Five Seas unrepentantly attempt to mischaracterize their counsels' communications with Ledger in an effort to mask what really occurred between counsel. In particular, Marwan and Five Seas contend that Ledger "*granted them an extension of time*" to oppose Inchcape's motion, and that, therefore, no further action was necessary on their part to secure the extension. This contention is more than just a little inaccurate.

It is self-evident that Ledger has no authority to grant extensions to deadlines imposed by the Court's Local and General Rules, or to give binding effect to an informal agreement or even a stipulation to extend a pleading deadline. Rather, what Ledger did do was offer his agreement to not oppose Marwan and Five Seas' then yet-to-be filed request for an extension of time, or alternatively to sign a stipulation for an order for such an extension should one be presented for signature. *See* Ledger Declaration filed concurrently herewith. In either case, however, only the Court may grant such extensions of time or otherwise excuse non-compliance with filing deadlines.

## II. DISCUSSION: MARWAN AND FIVE SEAS HAVE NOT DEMONSTRATED "EXCUSABLE NEGLECT"

In examining whether to set aside an order based on a party's excusable neglect, the Court may examine factors such as: the danger of prejudice to the opposing party, the length of the

delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Investment v. Brunswick*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 89 (1993). In *Pioneer*, the Supreme Court outlined the spectrum of cases that fall within the category of excusable neglect and, equally important, those that do not:

> At the one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.

507 U.S. at 387-88, 123 L. Ed. 2d at 84-85.

One idea *Pioneer* makes clear, however, is that while "excusable neglect" is an elastic concept, neither ignorance of the rules nor flouting deadlines usually constitute "excusable neglect." 507 U.S. at 392, 123 L. Ed. 2d at 87. The Ninth Circuit has focused in on the responsibilities of counsel to follow local rules, and applying *Pioneer*, has found counsel's mistake in interpreting and applying local rules to constitute *in*excusable neglect. *Pincay v. Andrews*, 351 F.3d 947 (9th Cir. 2003); *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994).

Marwan and Five Seas do not discuss how their failure to timely obtain an extension from the Court constitutes "excusable neglect" or otherwise meets the standard set by *Pioneer* or the Ninth Circuit. Marwan and Five Seas understandably do not discuss whether they missed the deadline due to "inadvertence, miscalculation, or negligence." *Pioneer*, 507 U.S. at 388, 123 L. Ed. 2d at 85. Their failure to obtain an extension is anything but excusable neglect, and instead constitutes outright "flouting" of the District Court of Guam's Local Rules of Practice. Indeed, the admissions of counsel that, after obtaining an "extension" from Ledger, "no further action

was assumed necessary" is tantamount to an admission that the Local Rules were simply ignored and not inadvertently overlooked, miscalculated, or negligently read.

The Local Rules clearly establish a timeline for responding to motions. Under the Local Rules a party responding to a motion not set for a hearing must file their opposition within fourteen days from the date of the filing of the motion. LR 7.1(d)(2). Local Rule 7.1 then forewarns:

> **Failure to File Required Papers**. Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be.

LR 7.1(f). Even if the parties stipulate to an extension of time, the stipulation takes no effect unless and until the Court approves the terms of the stipulation. As noted by the General Rules, "[s]tipulations will be recognized as binding only when made in open court or filed in the cause. Written stipulations shall not be effective unless approved by the Judge." GR 3.1(a). With respect to stipulations for extensions of time, such stipulations "shall contain the reason for the change of date." GR 3.1(c). In this case, Marwan and Five Seas shouldered the task of obtaining the approval of the court for the extension, yet instead chose only to assume that no such action need be taken.

Any argument that Marwan and Five Seas engaged in "excusable neglect" should be examined in light of the substance of their motion to set aside the Order granting Inchcape's Motion to Intervene, the District Court of Guam's specific requirements of meeting filing deadlines and submitting substantive stipulations to extend time, and *Pioneer's* and the Ninth Circuit's emphasis that ignorance of the rules does not constitute excusable neglect.

First, although Marwan and Five Seas procured Inchcape's [Ledger's] agreement to not oppose an extension of time to August 15, 2006 to file their Opposition to Inchcape's Motion to Intervene, they never advised the Court of the agreement in any pleading, such as a proposed stipulation for an order or motion for an extension of time. Marwan and Five Seas' counsel understandably now dwell on the point that "Ledger granted an extension" all the while knowing, as veteran federal court practitioners, the impossibility of that contention and placing the form of the words over the substance of their obvious intent. To the Court's knowledge, Marwan and Five Seas' failure to timely oppose Inchcape's motion or to advise the Court in one form or another of Inchcape's agreement to not oppose a formal request for an extension constitutes Marwan's and Five Seas' consent to the granting of the Motion to Intervene. LR 7.1(f). The responsibility to secure the Court's approval for the extension to file an opposition fell on no other parties' shoulders except the parties with the obligation to file the opposition and secure the extension -- Marwan and Five Seas. Pursuant to the Local Rules, their failure to obtain court approval of the extension equated to a consent of the granting of the motion to intervene, making the current motion to set aside the order inappropriate. In fact, the Court in its August 4, 2006 Order recognized and relied on just this conclusion.

Moreover, Marwan and Five Seas have impossible difficulty denying good knowledge of District Court motion pleading rules, that it was their obligation to timely file an opposition to Inchcape's motion, and that it was their obligation to secure the Court's approval for an extension, notwithstanding Ledger's agreement. Any representation to the contrary is, again, more than a little inaccurate. Indeed, Marwan and Five Seas have more recently demonstrated acute awareness of pleading rules and deadlines, as well as their obligations to seek from the

Court extensions of time, *notwithstanding agreement of counsel*. This conclusion is self-evident by simple reference to Marwan and Five Seas' August 15, 2006 Motion for Extension of Time to answer the Government's Complaint and Gargrave's cross claim. First, the Government has indicated its non-opposition to Marwan and Five Seas' Motion. Yet, Marwan and Five Seas acknowledge, by their motion to extend, that this agreement from Government counsel is *not the equivalent of an extension from the Court*. Second, in their Motion, Marwan and Five Seas cite "good cause" for the extension, that is, on-going efforts to resolve a conflict. However, as Marwan and Five Seas admit, that same "good cause" existed at the time Inchcape filed its motion. The conflict resolution efforts are nothing new. What's more, the instant motion for an extension to answer demonstrates that the efforts to resolve the conflict did not and do not hamstring Marwan and Five Seas from taking simple procedural steps, as they seem to suggest in their papers to set aside the August 4, 2006 Order. Filing the instant Motion for Extension to Answer demonstrates that Marwan and Five Seas knowingly ignored the same motion pleading rules and deadlines with regard to Inchcape's Motion for Intervention.

### III.  CONCLUSION

In sum, Marwan and Five Seas (1) knowingly chose to ignore Local Rules of motion practice; (2) unsuccessfully attempt to mask this by contending that counsel unwittingly assumed Ledger's agreement constituted the equivalent of a court-approved extension; and (3) unconvincingly allude to the efforts involved in conflict resolution as an impediment to compliance with Local Rules.

# DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on August 17, 2006, I will cause to served, via hand delivery, true and correct copies of **OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE** upon the following:

      R.Michael Underhill, Esq.
      Attorney in Charge
      U.S. Department of Justice
      c/o OFFICE OF THE UNITED STATES ATTORNEY
      108 Hernan Cortez Avenue
      Hagåtña, Guam USA 96910
      **Attorneys for Plaintiff United States of America**

      Joe Misenti, Esq.
      c/o TEKER TORRES & TEKER, PC
      Lawrence J. Teker, Esq.
      TEKER TORRES & TEKER, PC
      Suite 2-A, 130 Aspinall Avenue
      Hagåtña, Guam USA 96910
      **Attorneys for Defendant Five Seas Shipping Co., LLC and Marwan Shipping & Trading**

      Forrest Booth, Esq.
      c/o TARPLEY & MORONI, LLP
      Ryan Donlon, Esq.
      c/o TARPLEY & MORONI, LLP
      Thomas M. Tarpley, Jr., Esq.
      TARPLEY & MORONI, LLP
      Suite 302, Bank of Hawaii Building
      134 West Soledad Avenue
      Hagåtña, Guam USA 96910
      **Attorneys for Defendant S.J. Gargrave Syndicate 2724**

DATED: Hagåtña, Guam, August 17, 2006.

_____
ELYZE MCDONALD