ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Intervenor
Inchcape Shipping Services Guam LLC

**FILED**

DISTRICT COURT OF GUAM

AUG 17 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO.,<br>FIVE SEAS SHIPPING CO., LLC, and S.J.<br>GARGRAVE SYNDICATE 2724, *in<br>personam*,<br><br>       Defendants. | CIVIL CASE NO. 06-00011<br><br>**DECLARATION OF DAVID LEDGER<br>IN SUPPORT OF OPPOSITION TO<br>DEFENDANT MARWAN SHIPPING &<br>TRADING AND FIVE SEAS SHIPPING<br>CO., LLC'S MOTION TO SET ASIDE<br>ORDER GRANTING MOTION TO<br>INTERVENE; DECLARATION OF<br>SERVICE** |

     I, DAVID LEDGER, declare under penalty of perjury that the following statements are

true and correct:

     1.    I have personal knowledge of the facts stated in this declaration except as

otherwise indicated.

     2.    I would testify competently as to these facts if called by the Court.

     3.    I am licensed to practice law before all courts in Guam and am admitted to this

Court.

     4.    I am an attorney for Intervenor Inchcape Shipping Services Guam LLC.

Page 2 of 5
United States of America vs. Marwan S▓▓ng & Trading, Co., et al.
District Court of Guam Civil Case No. CIV06-00011
DECLARATION OF DAVID LEDGER IN SUPPORT OF OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND
FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE; DECLARATION
OF SERVICE

5.     On July 25, 2006 Counsel for Defendant Marwan Shipping & Trading ("Marwan") and Defendant Five Seas Shipping Co., LLC ("Five Seas") requested by e-mail correspondence my consent for Marwan and Five Seas to extend the time in which to respond to Inchcape's motion to intervene "by two weeks", in particular until "August 15, 2006". This request shows that Counsel knew then that the original due date for the opposition was August 1, 2006, precisely 14 days after the motion was filed as provided for by Local Rule 7.1(d)(2).

6.     On that same day I responded by e-mail that I had "no problem" with such an extension. I did not say I "granted" the extension or in any other way indicated that the extension was to be considered secured. The intent of my response was to confirm that Inchcape would not object to a two week extension.

7.     I made no further comment regarding Marwan and Five Seas' obligation to take the next steps to actually secure the two week extension. Rather, I expected to be presented with some sort of pleading prepared by Marwan and Five Seas which in some manner noted my non-opposition. For example, a stipulation for an order or a motion for an extension of time indicating that I did not oppose the extension.

8.     I did not receive any such pleading and gave the matter no further thought until shortly after August 4, 2006 when the Court order granting Inchcape's motion to intervene was retrieved from our drop box at the Clerk of Court's office.

9.     The order which the Court filed on August 4, 2006, while on my firm's pleading, was not the same [proposed] order I submitted contemporaneously with Inchcape's motion to intervene. The proposed order I submitted made no mention of lack of an untimely opposition to the motion as grounds for granting it. Rather, my proposed order was "plain vanilla" - that is, it

Page 3 of 5
United States of America vs. Marwan Sipping & Trading, Co., et al.
District Court of Guam Civil Case No. CIV06-00011
DECLARATION OF DAVID LEDGER IN SUPPORT OF OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND
FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE; DECLARATION
OF SERVICE

simply noted that the motion was granted and allowed a blank line for the Court to fill in with regard to a deadline for Inchcape to file its Complaint-in-Intervention. Such proposed orders are required to be submitted with filed motions.

10.    Since our proposed order was submitted electronically, the Court was able to access it and change the language to reflect the lack of any timely opposition as grounds for granting the motion. Neither myself nor any person in my office solicited the revised order from the Court or had any other knowledge of it until it was placed in our drop box at the Clerk's office several days after Marwan and Five Seas' August 1, 2006 opposition deadline, and a few days after the Court entered the order on August 4, 2006, a Friday. To the best of my knowledge, the order was not retrieved from our drop box until either Monday or Tuesday of the following week, August 7th or 8th.

11.    Though in their opposition Marwan and Five Seas allude to the timing of their receipt of the August 4, 2006 order, the chronology of events demonstrates that timing has nothing to do with Marwan and Fives Seas Failure to timely plead in response to Inchcape's motion.

I declare under penalty of perjury that the foregoing is true, correct and complete.

Executed this _17_ day of August 2006.

DAVID LEDGER

Page 4 of 5
United States of America vs. Marwan Shipping & Trading, Co., et al.
District Court of Guam Civil Case No. CIV06-00011
DECLARATION OF DAVID LEDGER IN SUPPORT OF OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND
FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE; DECLARATION
OF SERVICE

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States,

that on August 17, 2006, I will cause to be served, via hand delivery, true and correct copies of

the **DECLARATION OF DAVID LEDGER IN SUPPORT OF OPPOSITION TO**

**DEFENDANT MARWAN SHIPPING & TRADING AND FIVE SEAS SHIPPING CO.,**

**LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE** upon

the following:

R.Michael Underhill, Esq.
Attorney in Charge
U.S. Department of Justice
c/o OFFICE OF THE UNITED STATES ATTORNEY
108 Hernan Cortez Avenue
Hagåtña, Guam USA 96910
**Attorneys for Plaintiff United States of America**

Joe Misenti, Esq.
c/o TEKER TORRES & TEKER, PC
Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, PC
Suite 2-A, 130 Aspinall Avenue
Hagåtña, Guam USA 96910
**Attorneys for Defendant Five Seas Shipping Co., LLC**

Forrest Booth, Esq.
c/o TARPLEY & MORONI, LLP
Ryan Donlon, Esq.
c/o TARPLEY & MORONI, LLP
Thomas M. Tarpley, Jr., Esq.
TARPLEY & MORONI, LLP
Suite 302, Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam USA 96910
**Attorneys for Defendant S.J. Gargrave Syndicate 2724**

United States of America vs. Marwan Shipping & Trading, Co., et al.
District Court of Guam Civil Case No. CIV06-00011
**DECLARATION OF DAVID LEDGER IN SUPPORT OF OPPOSITION TO DEFENDANT MARWAN SHIPPING & TRADING AND FIVE SEAS SHIPPING CO., LLC'S MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE; DECLARATION OF SERVICE**

DATED: Hagåtña, Guam, August 17, 2006.

DAVID LEDGER