CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff-in-Intervention
Inchcape Shipping Services Guam, LLC



FILED
DISTRICT COURT OF GUAM
SEP -6 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff-in-Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. SYNDICATE 2724, in personam,<br><br>Defendants. | CIVIL CASE NO. CIV06-00011<br><br>**REQUEST FOR JUDICIAL ASSISTANCE UPON A FOREIGN CORPORATION (DEFENDANT FIVE SEAS SHIPPING CO., LLC) PURSUANT TO RULE 4(f)(2)(B) OF THE FED.R.CIV.P. AND LETTER ROGATORY** |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

**Writ: Summons in a Civil Action; Complaint In Intervention of Plaintiff-in-Intervention Inchcape Shipping Services Guam, LLC**

The United States District Court, District of Guam presents its compliments to the appropriate Judicial Authority of the United Arab Emirate and requests international judicial assistance to effect service of process upon FIVE SEAS SHIPPING CO., LLC, a defendant in the above captioned civil proceeding currently pending before this Court. This Court requests

4845-8426-8033.1.014026-00020
Case 1:06-cv-00011    Document 50    Filed 09/06/2006    Page 1 of 14

the assistance described herein as necessary in the interest of justice. It has been represented to this Court that Defendant FIVE SEAS SHIPPING CO., LLC is doing business at the following address:

**KHANSAHEB BUILDING, FLAT 1F**
**CORNICHE STREET, OLD IRANIAN MARKET**
**POST OFFICE BOX 20499**
**SHARJAH**
**UNITED ARAB EMIRATES**

and

**A1 AROOBA STREET**
**POST OFFICE BOX 7158**
**SHARJAH**
**UNITED ARAB EMIRATES**

The Court respectfully requests that you cause one copy of the attached documents - Summons in a Civil Action, Complaint In Intervention of Plaintiff-in-Intervention Inchcape Shipping Services Guam, LLC - to be served upon FIVE SEAS SHIPPING CO., LLC at the above described address in the manner prescribed for service of similar documents under the laws of the United Arab Emirates. This Court further requests that, after service has been made, you cause the person who serves the documents upon FIVE SEAS SHIPPING CO., LLC to execute a Certificate of Service and return it, together with a copy of the documents served, to this Court at the address below.

The Attorney for the Plaintiff-in-Intervention stands ready to reimburse your authority for all reasonable expenses insofar as authorized by applicable law, statute, or treaty, that are incurred in executing this request for international judicial assistance. This Court also assures your authority that it will reciprocate with similar assistance in like cases.

The Court extends to the judicial authorities in the United Arab Emirates the assurance of its highest consideration.

DATED: Hagåtña, Guam, ~~August~~ September 6, 2006.

/s/ Rosita P. San Nicolas
for MARY L.M. MORAN
Clerk of the Court
United States District Court
District of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagåtña, Guam 96910
United States of America

Telephone:    (671) 473-9100
Facsimile :    (671) 473-9152



RECEIVED
SEP - 1 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# United States District Court

DISTRICT OF  GUAM USA

UNITED STATES OF AMERICA,
      Plaintiff,
INCHCAPE SHIPPING SERVICES GUAM, LLC,
      Plaintiff-in-Intervention,
**V.**
MARWAN SHIPPING & TRADING CO.,
FIVE SEAS SHIPPING CO., LLC, and S.J.
GARGRAVE SYNDICATE 2724, in personam,
      Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  CIV06-00011

TO: (Name and address of defendant)

FIVE SEAS SHIPPING CO., LLC
Khansaheb Building, Flat 1F
Corniche Street
Old Iranian Market
P.O. Box 20499
Sharjah, United Arab Emirates

FIVE SEAS SHIPPPING CO., LLC
Al Arooba Street
Post Office Box 7158
Sharjah, United Arab Emirates

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DAVID LEDGER, ESQ.
ELYZE J. MCDONALD, ESQ.
CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam USA 96910

an answer to the complaint [IN INTERVENTION] which is herewith served upon you, within ___Twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

SEP - 1 2006
DATE

_(signature)_
(BY) DEPUTY CLERK

ORIGINAL

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                            Signature of Server

_____
Address of Server

AO 440 (Rev. 10/93) Summons in a Civil Action

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

CARLSMITH BALL LLP
DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Intervenor
Inchcape Shipping Services Guam LLC

**FILED**
DISTRICT COURT OF GUAM
AUG 1 8 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>INCHCAPE SHIPPING SERVICES GUAM LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, in personam,<br><br>Defendants. | CIVIL CASE NO. 06-00011<br><br>**COMPLAINT IN INTERVENTION** |

### COMPLAINT IN INTERVENTION

Intervenor Inchcape Shipping Services Guam LLC ("Inchcape") alleges as follows:

1.  This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. § 1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.



2. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. §§ 1345 and 2201.

3. Jurisdiction in this Court is also proper by way of diversity jurisdiction (28 U.S.C. § 1332), as the mater in controversy exceeds $75,000, and is between citizens of the United States and citizens and/or subjects of a foreign state, specifically, the United Arab Emirates ("U.A.E.").

4. The Court also has pendent and/or ancillary jurisdiction over the matters set forth herein.

5. The conduct giving rise to Inchcape's claims also arose within this judicial district.

6. The Court has granted Inchcape's motion to intervene pursuant to Federal Rule of Civil Procedure 24.

7. Inchcape is authorized and licensed to conduct business in Guam. Inchcape's core business on Guam is to act as a shipping agent for all manner of ocean-going vessels.

8. Inchcape is informed and believes that Defendant Marwan Shipping & Trading ("Marwan") is a corporation incorporated and existing under the laws of the U.A.E. with its principal place of business in Dubai, U.A.E.

9. Inchcape is informed and believes that Defendant Five Seas Shipping & Trading LLC ("Five Seas") is a corporation incorporated and existing under the laws of the U.A.E. with its principal place of business in Dubai, U.A.E.

10. On information and belief, Five Seas and Marwan are the alter egos of each other. Therefore, Five Seas and Marwan are jointly and severally liable on all claims

4841-7001-1649.1.014026-00020                                2.
Case 1:06-cv-00011   Document 50   Filed 09/06/2006   Page 7 of 14

asserted herein.

11. At all times pertinent to this action Marwan and/or Fives Seas, on information and belief, owned, owned pro hac vice, operated, managed, chartered, or controlled the vessel AJMAN 2, a foreign flagged and foreign registered vessel.

12. On April 19, 2006, the United States of America (the "Government") filed this lawsuit against Defendants Marwan, Five Seas, and S.J. Gargrave Syndicate 2724 ("Gargrave").

13. The underlying factual basis for the Government's lawsuit and this Complaint revolves around the entry of the AJMAN 2 into the territorial waters of Guam on or around August and September, 2004, and the aftermath of that event which includes but is not limited to substantial damage to property belonging to the Port Authority of Guam, for which Inchcape has been blamed and said to be liable, and oil pollution avoidance measures. *See* Compl., ¶ 20.

14. The Government claims that the AJMAN 2 posed a substantial threat of pollution to the navigable waters of the United States, and in order to alleviate the substantial threat of pollution, the Government incurred removal costs and damages within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq. See* Compl., ¶¶ 21, 23.

15. The Government also claims that both Marwan and Five Seas owned, operated, managed, chartered and controlled the AJMAN 2. *See* Compl., ¶¶ 5-17.

16. Finally, the Government alleges it incurred costs and damages in excess of $829,051. *See* Compl., ¶ 24.

17. Inchcape acknowledges that it served as Five Seas' *shipping agent* for the particular voyage of the AJMAN 2 at issue. As shipping agent, Inchcape arranged the necessary

clearances with local authorities for the vessel's entry into the Port of Guam, a port of the United States.

18. In conjunction with the AJMAN 2's entry into the Port of Guam, Marwan and/or Five Seas were required by law to designate an agent *for service of process* in the United States, and to provide to the United States Coast Guard a Vessel Certificate of Financial Responsibility ("COFR").

19. For a foreign flagged vessel, designating an agent for service of process in the United States is a prerequisite to obtaining a COFR.

20. On their application for a COFR, Marwan and/or Five Seas designated and appointed Inchcape as their agent for service of process. Until recently, Inchcape had no knowledge of this, and never consented to the designation and appointment.

21. Nevertheless, citing Marwan and/or Five Seas' Application for Vessel Certificate of Financial Responsibility (Water Pollution) appointing Inchcape as agent for service of process, the Government served its complaint and summons on Five Seas through Inchcape. *See* Summons filed May 18, 2006. When Inchcape protested, the Government asserted that Marwan and/or Five Seas were, at a minimum, estopped from claiming that they could not be served with process through service on Inchcape since their COFR application appointed Inchcape as agent for service of process.

22. The COFR application, which lists Inchcape as Marwan and/or Five Seas' agent for service of process, is filled out and signed by Geoffrey Woodcock, a representative of Marwan and/or Five Seas, or otherwise acting on Marwan's and/or Five Seas' behalf.

23. Inchcape had no role in filling out the COFR application, was never informed that Mr. Woodcock had designated and appointed Inchcape, and never consented to

being an agent for service of process. Though the application shows Inchcape as having executed the "consent" portion of the COFR, Inchcape had never given such consent.

24. Despite not having consented to the appointment as agent for service of process, Inchcape notified Five Seas of the Government's lawsuit. Inchcape did this to avoid potential liability to Five Seas on a theory that should Five Seas not get notice and as a result default, Five Seas would then contend Inchcape caused the default. Inchcape notified Five Seas on a without prejudice basis.

25. The Port Authority of Guam ("Port") has made a a written demand against Inchcape for $1,000,000.00, and threatened to sue Inchcape for the same amount to recover for damage to the Port's wharf caused by the AJMAN 2 when it was in port on or around August or September, 2004.

26. The Port has informed Inchcape that in conjunction with its claim or lawsuit against Inchcape, the Port considers that it makes no difference that Five Seas and/or Marwan owned, operated, managed, chartered and controlled the vessel.

27. Instead, the Port has put Inchcape on notice that the Port considers Inchcape liable for damages caused by the AJMAN 2 on an agency theory.

28. The Port advised Inchcape that absent payment of the Port's claim, the Port will file its lawsuit before the expiration of the time allotted to file a lawsuit under the statute of limitations, that is, August 2007. On information and belief, the Port is in the process of soliciting bids to commence repair of the $1,000,000.00 worth of damage to the wharf.

29. In light of the Port's position on Inchcape's liability, Inchcape has diligently tried, without success, to cause Five Seas and/or Marwan and/or their insurer to answer the Port's claim. Five Seas and/or Marwan and/or their insurer have denied any responsibility for

the damage caused by the AJMAN 2.

30. Inchcape has incurred attorneys fees in costs as a result of Five Seas' and/or Marwan's conduct, including but not limited to responding to the Port's claim and the Government's reliance on Five Seas designation of Inchcape as its agent for service of process.

31. On information and belief, Navigators, a London insurance organization had insurance coverage in place for the AJMAN 2 during the time of the events outlined above. Notwithstanding certain proof to support this allegation, Navigators has denied it.

32. In particular, as a prerequisite to issuing the COFR, Environmental Protection Group LLC ("EPG") required the AJMAN 2's owner to show proof that the AJMAN 2 was entered with a P&I club. Documentation submitted in conjunction with the application for the COFR displays Navigators as the AJMAN 2's P&I club.

33. The COFR that was issued in this case was arranged by EPG. On information and belief, the financial responsibility guaranteed by the COFR was underwritten by Gargrave.

34. Navigators covered AJMAN 2 for the type of damages incurred by the Port of Guam.

35. Navigators covered AJMAN 2 for the type of damages for which the Port of Guam claims Inchcape is liable.

**COUNT I: NEGLIGENCE BY FIVE SEAS AND/OR MARWAN**

36. Inchcape incorporates the allegations contained in paragraphs 1 through 35 above, as if fully set forth herein.

37. Five Seas and/or Marwan had a duty not to injure Inchcape, expose Inchcape to liability, cause Inchcape to incur expenses properly the responsibility of Marwan and/or Five Seas, or otherwise act unreasonably with respect to representing to third parties the

scope of Inchcape's agency.

38. Five Seas and/or Marwan breached such duty owed to Inchcape.

39. Five Seas' and/or Marwan's breach of duty has caused Inchcape damages and have forced Inchcape to incur attorneys fees and costs.

40. Furthermore, Five Seas' and/or Marwan's breach of duty has substantially undermined Inchcape's defenses to the Port of Guam's claim for damages caused by the AJMAN 2, thereby exposing Inchcape to liability of $1,000,000.00 which does not rest with Inchcape but rather with Five Seas and/or Marwan. The precise amount of damages resulting from this breach of duty will be proven at trial.

41. Inchcape seeks recovery for damages and attorneys fees and costs resulting from Five Seas' and/or Marwan's negligent and false representations.

## COUNT II: FOR DECLARATORY RELIEF WITH RESPECT TO NEGLIGENCE BY FIVE SEAS AND/OR MARWAN

42. Inchcape incorporates the allegations contained in paragraphs 1 through 41 above, as if fully set forth herein.

43. Because of Five Seas' and/or Marwan's negligence, an actual controversy exists between the United States, Five Seas, Marwan, the Port of Guam and Inchcape as to the scope of Inchcape's actual agency.

44. Inchcape is therefore entitled to, and hereby seeks from this Court, a declaration of its rights and obligations. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that it is not Five Seas' and/or Marwan's agent for service of process and that its shipping agency terminated upon AJMAN 2's departure from Guam.

## COUNT III: INDEMNIFICATION FROM FIVE SEAS AND/OR MARWAN

45. Inchcape incorporates the allegations contained in paragraphs 1 through

44 above, as if fully set forth herein.

46. Because of Five Seas' and/or Marwan's conduct during and after the AJMAN 2's port call at Guam, and further upon Five Seas' and/or Marwan's negligence, Inchcape has been exposed to claims and liability to the Port of Guam in an amount approximating $1,000,000.00.

47. Marwan and/or Five Seas must indemnify Inchcape for this amount.

48. In the alternative, Inchcape is entitled to, and hereby seeks from this Court, a declaration of its rights and obligations. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that Five Seas and/or Marwan must answer the Port of Guam's claim against Inchcape.

### COUNT IV: FOR DECLARATORY RELIEF WITH RESPECT TO INSURANCE COVERAGE OF THE AJMAN 2

49. Inchcape incorporates the allegations contained in paragraphs 1 through 48 above, as if fully set forth herein.

50. Marwan and/or Five Seas secured insurance to cover incidents such as the damages claimed by the Port.

51. Marwan and/or Five Seas and Navigators have denied such coverage.

52. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that Marwan and/or Five Seas have insurance coverage to answer the Port claims against Inchcape.

WHEREFORE Inchcape prays:

1. For an Order declaring that Inchcape is not Five Seas' and/or Marwan's agent for service of process.

2. For injunctive relief, enjoining Five Seas and/or Marwan from further appointing Inchcape as its agent for service of process without Inchcape's consent.

3. For damages incurred as a result of the harm to Port facilities caused by the AJMAN 2 consisting primarily of but not limited to attorneys fees, costs, and consequential damages, all to be proven specifically at trial.

4. For attorneys fees and costs incurred as a result of Five Seas' and/or Marwan's negligently designating Inchcape as its agent for service of process; alternatively for indemnification of damages flowing from Five Seas' and/or Marwan negligent appointment of Inchcape as agent for service of process..

5. For indemnification from Five Seas and/or Marwan to cover Inchcape's liability on the Port of Guam's written demand for damage caused by the AJMAN 2; alternatively for a declaration that Marwan and/or Five Seas must answer the Port's claim and demand directly.

6. For a finding that Five Seas and/or Marwan has P&I coverage for the harm caused to Port of Guam facilities.

7. For such other and further relief as the Court directs.

DATED: Hagåtña, Guam, August 18, 2006.

*[signature: Elyze McDonald]*

DAVID P. LEDGER
ELYZE J. MCDONALD

Attorneys for Intervenor
INCHCAPE SHIPPING SERVICES GUAM LLC