ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
108 Hernan Cortez Ave.
Sirena Plaza, Ste. 500
Hagatna, Guam 96910
Tel: (671) 472-7332/7208
Fax: (671) 472-7334/7215

PETER D. KEISLER
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
MIMI MOON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102-3463
Telephone: (415) 436-6648; (415) 436-6646
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov; mimi.moon@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
DISTRICT COURT OF GUAM
SEP 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, in personam,<br><br>　　　　Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION. | Civil No. 06-00011<br><br>IN ADMIRALTY<br><br>ANSWER OF UNITED STATES TO CROSS-CLAIM OF DEFENDANT S.G. GARGRAVE SYNDICATE 2724; CERTIFICATE OF SERVICE |

ANSWER OF UNITED STATES TO
CROSS-CLAIM OF DEFENDANT GARGRAVE    1    CIVIL NO. 06-00011

The Answer of the United States to the Cross-claims of defendant S.J. GARGRAVE SYNDICATE 2724 ("Gargrave") admits, denies, and alleges on information and belief as follows:

1. Paragraph 1 alleges matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 1, except admits and alleges that this is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that the United States of America has waived its sovereign immunity from suit and consented to be sued herein, if at all, only pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, or, dependent upon the facts, the Public Vessels Act, 46 U.S.C. §§ 781-790, which incorporates the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741-752.

2. Denies the allegations of Paragraph 2 for lack of knowledge and information, except admits and alleges that at all relevant times Gargrave was in the business of providing marine insurance, that its principal place of business was in London, England, and that it was doing business in the United States and Guam and within this district and within the jurisdiction of this Court.

3. Admits the allegations of Paragraph 3.

4. Admits the allegations of Paragraph 4.

5. Denies the allegations of Paragraph 5, except admits that the United States is the plaintiff herein and that the United States Coast Guard is an agency of the United States, a sovereign entity, and, accordingly, acts pursuant to, *inter alia*, the Constitution, statutes, and regulations in various ports and waters, including, but not limited to, the Port of Apra, Guam.

6. Answering the allegations of Paragraph 6, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to

allege fault or liability against the United States, the United States denies the allegations of Paragraph 6.

7. Answering the allegations of Paragraph 7, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 7.

8. Answering the allegations of Paragraph 8, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 8.

9. Answering the allegations of Paragraph 9, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 9.

10. Answering the allegations of Paragraph 10, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 10.

11. Answering the allegations of Paragraph 11, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of

Paragraph 11.

12. Answering the allegations of Paragraph 12, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 12.

13. Answering the allegations of Paragraph 13, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 13.

14. Answering the allegations of Paragraph 14, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 14.

15. Answering the allegations of Paragraph 15, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 15.

16. Answering the allegations of Paragraph 16, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 16.

17. Answering the allegations of Paragraph 17, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 17.

18. Answering the allegations of Paragraph 18, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 18.

19. Answering the allegations of Paragraph 19, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 19.

20. Answering the allegations of Paragraph 20, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 20.

21. Answering the allegations of Paragraph 21, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 21.

//

22. Answering the allegations of Paragraph 22, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 22.

23. Answering the allegations of Paragraph 23, no answer is required on the part of the United States since said Paragraph asserts allegations against parties other than the United States. To the extent that the allegations of said Paragraph could be construed to allege fault or liability against the United States, the United States denies the allegations of Paragraph 23.

24. Denies the allegations of Paragraph 24.

25. Denies the allegations of Paragraph 25.

26. Denies the allegations of Paragraph 26.

27. Denies the allegations of Paragraph 27.

## AS AND FOR A FIRST AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

28. Gargrave's cross-claims and action fail to state claims upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

29. If Gargrave sustained injuries and damages by reason of the matters alleged in the cross-claims, which is denied, then said injuries and damages were caused in whole or in part by the acts of third parties and were not caused or contributed to in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants,

employees or others for whom it was responsible.

### AS AND FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

30. If Gargrave sustained injuries and damages by reason of the matters alleged in the cross-claims, which is denied, then said injuries and damages were caused in whole or in part by said Gargrave's own actions and were not caused in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

### AS AND FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

31. The Court lacks subject matter jurisdiction over Gargrave's cross-claims and action.

### AS AND FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

32. The Court lacks subject matter jurisdiction over Gargrave's cross-claims and action since said cross-claims and action solely allege matters of discretionary functions and acts for which the United States of America has not waived sovereign immunity and consented to be sued.

### AS AND FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

33. The Court lacks subject matter jurisdiction over Gargrave's cross-claims and action since said cross-claims and action solely allege matters of political questions for which

the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

34. The Court lacks subject matter jurisdiction over Gargrave's cross-claims and action since said cross-claims and action solely allege matters which are subject to the Constitutional doctrine of separation of powers for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR AN EIGHTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

35. The Court lacks subject matter jurisdiction over Gargrave's cross-claims and action since said cross-claims and action solely allege law enforcement matters for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR A NINTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

36. Gargrave's cross-claims and action are barred pursuant to estoppel.

## AS AND FOR A TENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

37. Gargrave's cross-claims and action are barred pursuant to waiver.

## AS AND FOR AN ELEVENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

38. Gargrave failed to mitigate its damages, which claims of damages and claims

of liability upon which they are based are fully denied by the United States.

## AS AND FOR A TWELFTH AFFIRMATIVE AND PARTIAL DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

39. To the extent Gargrave seeks interest on its claims, which claims are denied, Gargrave's prayer for interest would be subject to the provisions and limitations of the Public Vessels Act, 46 U.S.C. §§ 781-790, which incorporates the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741, *et seq.*, and not otherwise.

## AS AND FOR A THIRTEENTH AFFIRMATIVE AND PARTIAL DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

40. Gargrave's prayer for attorney's fees is barred since the United States has not waived its sovereign immunity for such claims in this admiralty action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

41. Gargrave's claim of damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States, are subject to set-off and offset.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

42. Gargrave's claim of damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States, are subject to recoupment.

//
//

ANSWER OF UNITED STATES TO
CROSS-CLAIM OF DEFENDANT GARGRAVE    9    CIVIL NO. 06-00011

Case 1:06-cv-00011    Document 57    Filed 09/15/2006    Page 9 of 11

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

43. Gargrave lacks standing with respect to its cross-claims and action.

WHEREFORE, the United States of America prays as follows:

1. That Gargrave's cross-claims and action against the United States be dismissed with prejudice and with all costs;

2. That the United States of America be granted judgment and damages against all defendants, including Gargrave, pursuant to the Complaint of the United States of America herein, including payment of interest, costs, disbursements, and attorneys' fees;

3. The United States of America expressly reserves the right to amend this Answer to Cross-claims, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: September 12, 2006.

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney

PETER D. KEISLER
Assistant Attorney General

R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
MIMI MOON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard
Attorneys for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2006, I served a copy of the foregoing Answer of the United States to Cross-Claims by S.G. Gargrave and Certificate of Service by first-class mail, postage prepaid, to:

Forrest Booth
Ryan Donlon
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA. 94111

Thomas M. Tarpley Jr.
Tarpley & Moroni LLP
Bank of Hawaii Building
134 West Soledad Ave., Suite 402
Hagatna, Guam 96910

Lawrence Teker
Teker Torres & Teker
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

David Ledger
Carlsmith Ball LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagatna, Guam 96932-5027

John Powell
Stafford Frey Cooper
601 Union St., Ste. 3100
Seattle, WA 98101-1374

_____
BONNIE LI

ANSWER OF UNITED STATES TO
CROSS-CLAIM OF DEFENDANT GARGRAVE    11    CIVIL NO. 06-00011