FILED
DISTRICT COURT OF GUAM
SEP 19 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>MARWAN SHIPPING & TRADING, FIVE SEAS SHIPPING CO., LLC AND S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>    Defendants. | Civil Case No. 06-00011<br><br>**ORDER RE MOTION TO SET ASIDE ORDER GRANTING MOTION TO INTERVENE** |

This case is before the Court on the Defendants', Marwan Shipping & Trading and Five Seas Shipping Co., Motion to Set Aside Order Granting Motion to Intervene. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court **DENIES** the motion and issues the following decision.

**BACKGROUND**

On July 18, 2006, Inchcape Shipping Services Guam LLC ("Inchcape") filed a motion to intervene. Thereafter, counsel for Defendant Marwan Shipping & Trading ("Marwan") and

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

**ORIGINAL**

Defendant Five Seas Shipping Co., LLC ("Five Seas") requested Inchcape's counsel's consent to extend the time in which to respond to the motion to intervene "by two weeks," until August 15, 2006. (Ledger Decl. ¶ 5.) Inchcape's counsel agreed to the request. *Id.* at ¶ 6. No action was taken by any of the parties to request the permission of the Court for such an extension.

Finding that no timely opposition had been filed, the Court granted the motion on August 4, 2006. *See* Docket No. 31. On August 15, 2006, Marwan and Five Seas filed the instant motion to set aside that Order.

## DISCUSSION

The Defendants now move the Court pursuant to Fed. R. Civ. P. 60(b) to set aside its August 4, 2006 order granting Inchcape's motion to intervene. Rule 60(b)(1) provides that a court may relieve a party from a final judgment on the basis of excusable neglect. "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 395 (1993).

Here, the Defendants claim that they had secured an extension of time within which to file an opposition to the motion to intervene up to and including August 15, 2006. Therefore, the Court should set aside its order permitting intervention by Inchcape in order to given them an opportunity to file an opposition. However, the Defendants fail to discuss how an agreement with opposing counsel for an extension of time to file an opposition supports a finding of "excusable neglect" under Rule 60(b). The Defendants do not discuss whether they missed the deadline because of inadvertence, miscalculation or negligence. *Pioneer*, 507 U.S. 380, 395 (1993). Local Rule 7.1 (d)(2) requires oppositions to be filed fourteen (14) days from the date of the filing of the motion. The deadline to file an opposition to the motion to intervene was August 1, 2006. It is clear that counsel was aware of the deadline.

While the Defendants may have secured the consent of opposing counsel to extend the date to file an opposition, this Court was not made aware of any such agreement or stipulation. Local Rule 7.1 (f) forewarns counsel that should parties forego their right to file required papers, they run

the risk of the court granting or denying the motion. The rule specifically provides:

> **Failure to File Required Papers.** Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be.

Local Civ. R. 7.1(f).

Moreover, Defendants failed to seek Court approval for an extension of time in this instance, contrary to the local rules. General Rule 3.1(a) states that "[s]tipulations will be recognized as binding only when made in open court or filed in the cause of action. Written stipulations shall not be effective unless approved by the Judge." GR 3.1(c). The misreading of the Local Rules by counsel does not constitute excusable neglect warranting relief under Rule 60(b)(1). *Speiser, Krause, & Madpole P.C. v. Ortiz*, 271 F.3d 884, 886-887 (9th Cir.2001); see *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) ("[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (citation omitted). Accordingly, this Court does not find that the Defendants have made any kind of showing justifying the relief they seek.

## CONCLUSION

Upon consideration of the foregoing, the Court finds that the Defendants have failed to set forth a basis to grant the relief sought. Therefore, the Defendants' motion is **DENIED**.

**SO ORDERED** this _19th_ day of September, 2006.

MORRISON C. ENGLAND, JR.[*]
United States District Judge

---

[*] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, by designation.