DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO.,<br>FIVE SEAS SHIPPING CO., LLC, and<br>S.J. GARGRAVE SYNDICATE 2724,<br>in personam,<br><br>Defendants. | CIVIL CASE NO. 06-00011<br><br><br><br>MINUTES |
| AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, CLAIM-IN-INTERVENTION, and THIRD PARTY CLAIM. | |

(√) SCHEDULING CONFERENCE      ( ) PRELIMINARY PRETRIAL CONFERENCE
    (September 27, 2006, at 9:37 a.m.)

( ) FINAL PRETRIAL CONFERENCE      ( ) STATUS CONFERENCE

**Notes**: Assistant U.S. Attorney Mikel W. Schwab appeared on behalf of the Plaintiff, with R. Michael Underhill and Mimi Moon appearing telephonically. Appearing on behalf of Marwan Shipping & Trading Co. ("Marwan") and Five Seas Shipping Co., LLC ("Five Seas") were Lawrence Teker and John E. Powell. Representing S.J. Gargrave Syndicate 2724 ("Gargrave") was Thomas M. Tarpley, Jr., and Elyze J. McDonald appeared on behalf of Inchcape Shipping Service Guam LLC ("Inchcape").

FILED
DISTRICT COURT OF GUAM
SEP 27 2006
MARY L.M. MORAN
CLERK OF COURT

Judge Manibusan stated that originally an attorney named Joseph C. Missenti, Jr. made an entry of appearance as off-island counsel (with Larry Teker as the local counsel) for Five Seas. However, after a conflict of interest was discovered, Mr. Powell was retained. Mr. Powell then requested that he be admitted *pro hac vice* on behalf of Five Seas, which application was later granted by the Court. Judge Manibusan noted that a "substitution of counsel" was never executed and approved by the Court. Mr. Teker agreed to file a written substitution of counsel within ten (10) days from today's date as required by the Local Rules.

Judge Manibusan stated that the motions set forth in paragraph 2(a) of the Scheduling Order and Discovery Plan are no longer pending. Judge Manibusan noted that Marwan and Five Seas' motion to set aside the Order permitting Inchcape to file a complaint-in-intervention had been denied and the motion for extension of time for Marwan and Five Seas to file responsive pleadings was granted. Accordingly, Judge Manibusan stated that he would strike paragraph 2(a) at this time.

Judge Manibusan and counsel discussed the dates proposed in the Scheduling Order and Discovery Plan. Mr. Powell requested that Marwan and Five Seas be given 30 days from today's date to make their initial disclosures. Without objection from the parties, Judge Manibusan changed the initial disclosures deadline in paragraph 5(I) to October 27, 2006. The date of the scheduling conference in paragraph 6 was amended to reflect today's date. Given the complexity of the case, Judge Manibusan agreed to the parties' request to set the trial in May 2008. Ms. McDonald stated that the parties' agreement to set the trial in May 2008 was in part to accommodate the scheduling needs of Inchcape's trial attorneys. Mr. Powell inquired whether the addition of the third party defendants would result in changes to the proposed Scheduling Order and Discovery Plan, since said defendants were not involved in its formulation. Mr. Tarpley agreed that there is a possibility that some of the dates would need to be amended. Judge Manibusan stated that amendments to the Scheduling Order can be addressed as the need

///

///

///

arises. Thereafter, the Court signed the Scheduling Order and Discovery Plan containing the changes as discussed.

The conference concluded at 9:55 a.m.

Dated: September 27, 2006.

_____
JUDITH P. HATTORI
Law Clerk