ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
108 Hernan Cortez Ave.
Sirena Plaza, Ste. 500
Hagatna, Guam 96910
Tel: (671) 472-7332/7208
Fax: (671) 472-7334/7215

PETER D. KEISLER
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102-3463
Telephone: (415) 436-6648
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
DISTRICT COURT OF GUAM
SEP 27 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, in personam, <br><br> Defendants. <br><br> AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION. | Civil No. 06-00011 <br><br> IN ADMIRALTY <br><br><br> SCHEDULING ORDER AND DISCOVERY PLAN; CERTIFICATE OF SERVICE |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and Local Rule of Practice 16.1, Local Rule of Practice 16.1, and General Order No. 05-0011 (page 4, "Contents of the Scheduling Order"), the parties who presently have appeared submit the

SCHEDULING ORDER;
CERTIFICATE OF SERVICE              1              CIVIL NO. 06-00011

following proposed Scheduling Order and Discovery Plan:

1. **Nature of the Case.** The United States filed this action as a result of a 2004 incident involving M/V AJMAN 2 (the "Vessel") in Apra Harbor, Guam. The Complaint alleges that the Vessel was owned by defendant MARWAN SHIPPING & TRADING CO. ("Marwan") (Marwan does not admit ownership) and operated by defendant FIVE SEAS SHIPPING CO., LLC ("Five Seas"), both of which were companies organized in the United Arab Emirates ("UAE"). Defendant S.J. GARGRAVE SYNDICATE 2724 ("Gargrave"), which has its principal place of business in London, provided evidence of financial responsibility related to pollution insurance for the Vessel. The United States' complaint against the defendants seeks recovery of approximately $1 million in alleged pollution response costs pursuant to, *inter alia*, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. 2701, *et seq*.

Gargrave has answered the complaint, denied liability, filed cross-claims against Marwan and Five Seas, and filed counterclaims against the United States. Gargrave has also filed a Third-Party Complaint seeking damages against NAVIGATORS PROTECTION & INDEMNITY ("Navigators"), a United Kingdom corporation and underwriter of marine insurance, and AL-BUHALERA ("Al-Buhalera"), a marine insurance underwriter organized under the laws of the UAE. Pursuant to Rule 14(c) of the Fed.R.Civ.P., Gargrave's Third-Party Complaint also tenders both Navigators and Al-Buhalera as defendants directly to plaintiff United States.

A complaint-in-intervention has been filed against Marwan and Five Seas by Inchcape Shipping Services Guam LLC ("Inchcape"), which provided certain agency services on behalf of the Vessel at the time of the incident (as set forth in its complaint-in-intervention, the precise nature of the agency relationship is disputed by Inchcape). Inchcape's pleading seeks, *inter alia*, specified damages from Marwan and Five Seas and, further, seeks declaratory relief pertaining to the scope of its agency and its concomitant liabilities and/or

responsibilities (or lack thereof) to other parties and/or entities.

    (a) **Service of process on parties not served and/or who have not made appearances**:

    (1) **Service of United States' Complaint**: The United States contends that it served Five Seas through Inchcape, which was designated agent for service of process by Five Seas with respect to pollution claims of the United States (Inchcape denies that it agreed to that status). On June 14th, pursuant to Rule 4(f)(2)(B) of the Fed.R.Civ.P., the Court issued its "Request for International Judicial Assistance (Letter Rogatory)" to the Government of the UAE concerning assistance for service of process upon Marwan; the United States is in the process of transmitting the Court's Letter Rogatory to the UAE through diplomatic channels.

    (2) **Service of process upon Marwan, Five Seas, Navigators, and Al-Buhalera by Gargrave**:

Gargrave intends to serve Navigators, a corporation organized pursuant to the laws of the United Kingdom, pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 U.S.T. 1361; 658 U.N.T.S. 163; T.I.A.S. 6638; 28 U.S.C.A. (Appendix following Fed.R.Civ.P. 4) ("Hague Convention").)

Marwan, Five Seas, and Al-Buhalera are all business entities located in the U.A.E., which is not a signatory the Hague Convention or any other treaty applicable to judicial service. Therefore, Gargrave must serve the U.A.E. entities via letter rogatory, just as the United States has done with respect to Marwan. (Fed.R.Civ.P. (4)(f)(2)(B).) Gargrave intends, however, to seek a waiver of service from some, or all, of these U.A.E. entities, provided that waiver of service is recognized by U.A.E. law, which Gargrave must confirm.

    (3) **Service of process upon Marwan and Five Seas by Inchcape**:

Inchcape intends to request waiver of service under Fed. R. Civ. P. 4(d). Otherwise, Inchcape intends to serve process under Fed. R. Civ. P. 4(f).

//

2. **Posture of the Case**.

(a) ~~The following motions are on file: The Court previously granted Inchcape's motion to intervene. Marwan and Five Seas filed a pending motion for relief from the Order, said motion requesting the right to respond to Inchcape's motion to intervene. The said motion and its background have been briefed by the moving parties; opposition papers have been filed by Inchcape. Marwan and Marwan and Five Seas also have a pending motion for an extension of time to file responsive pleadings to the various claims asserted against them.~~

(b) **The following motions have been resolved**: The Court previously granted Inchcape's motion to intervene.

(c) **The following discovery has been initiated**: None.

3. **Motions to Add Parties**. The parties agree that all motions to add parties are due on or before **Monday, March 5, 2007.**

4. **Motions to Amend Pleadings.** All motions to amend pleadings are due on or before **Monday, March 5, 2007.**

5. **Status of Discovery and Discovery Plan**. No discovery has commenced to date.

(i) Initial disclosures shall be made on or before **Friday, ~~September~~ October 27, 2006.**

(ii) The parties intend to exchange written discovery. At this time, and due to the lack of discovery to date, the complexity of the case, the number of parties, and the fact that the parties and certain witnesses variously are located in the Middle East, Pacific Rim, mainland U.S., and Europe, the identity of witnesses and the scope of discovery is not yet known. In general, the parties expect to take depositions of party representatives and employees, *e.g.*, United States Coast Guard and U.S. Navy officers and employees, most likely in Guam and on the U.S. mainland; employees and representatives of Gargrave in London and on the mainland; employees and representatives of Marwan and Five Seas, most likely in London and possibly the UAE; employees and representatives

of Inchcape (assuming they remain a party); employees and representatives of third-party defendants Navigators and Al-Buhalera, most likely in London and the UAE; employees and representatives of the Port of Guam; and employees and representatives of one or more London-based underwriters who potentially have knowledge of facts relevant to certain claims of some parties.

(iii) The parties will seek documents, data, compilations, and tangible things that are in the possession or control of the other parties and that are in the possession, custody or control of said parties, and that may be used to support claims or defenses in this case. Discovery will be by way of interrogatories and requests for documents, which may commence in **October of 2006**.

(iv) Discovery regarding damages claimed by parties asserting affirmative claims will be sought under Rule 34 of the Fed.R.Civ.P. To the extent such discovery is needed (i.e., to the extent not satisfied under Rule 26 disclosure requirements), such discovery is expected to be completed by **Friday, September 21, 2007.**

(v) The United States, and possibly other parties, will seek information about insurance agreements under which any other person or insurance company may be liable to satisfy part or all of any affirmative claims for damages and/or indemnification.

(vi) The disclosures of expert testimony required under Federal Rule of Civil Procedure 26(a)(2) shall be **made not later than Friday, October 19, 2007.** Any designation of rebuttal expert testimony under Rule 26(a)(2) shall be made **not later than Monday, November 19, 2007.**

(vii) The depositions of experts may be scheduled at any time at least 20 days subsequent to the submission of rebuttal reports and the **depositions of said experts shall** be completed **not later than Friday, January 11, 2008.**

6. **Scheduling Conference**. The parties shall appear in person or telephonically (for U.S. mainland counsel) before the District Court on ~~Tuesday, September 12, 2006~~ Wednesday, September 27, 2006 [MJ] at 9:30 A.M. in the 3rd Floor Chambers.

7. **Discovery Cutoff**. The non-expert discovery cutoff date (defined as the last date to file responses to discovery) shall be **Friday, December 21, 2007.**

8. **Discovery Motions Cutoff.** All discovery motions shall be filed on or before **Friday, January 11, 2008.**

9. **Dispositive Motions Cutoff.** Dispositive motions shall be filed on or before **Friday, January 18, 2008.**

10. **Prospects for Settlement.** While no party can rule out settlement of some or all claims, it is premature at this time to predict prospects for settlement.

11. **Preliminary Pretrial Conference.** The preliminary pretrial conference shall be held on, **Monday, April 7, 2008, at 9:00 A.M.**

12. **Pretrial Filings**. The parties' pretrial materials, discovery materials, witness lists, exhibit lists, and designation of discovery responses shall be filed on or before **Friday, April 25, 2008.**

13. **Proposed Pretrial Order**. The Proposed Pretrial Order shall be filed on or before **Tuesday, April 29, 2008.**

14. **Final Pretrial Conference.** The final pretrial conference shall be held on **Monday, May 5, 2008, at 9:00 A.M.**

15. **Trial**. Trial shall commence at **9:00 A.M. on Monday, May 12, 2008.**

16. **Jury**. This is a trial to the Court. No jury.

17. **Anticipated Trial Time.** It is anticipated that it will take approximately 12 days to try this case.

18. **Identity of Counsel**. The counsel involved in this case are:

The parties note that an appearance was made by Joseph Misenti, Nicoll Black

Misenti & Feig PLLC, Seattle, WA, as lead counsel for defendants Marwan and Five Seas. Due to a representation conflict with one of the other parties, said counsel has withdrawn from the case; Marwan and Five Seas are in the process of selecting new lead counsel. At the present time, and subject to Inchcape's continued status as an intervenor (see discussion of pending motion above), the counsel are as follows:

For the United States:

R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102-3463

MIKEL W. SCHWAB
Assistant U.S. Attorney
108 Hernan Cortez Ave.
Sirena Plaza, Ste. 500
Hagatna, Guam 96910

For Gargrave:

Forrest Booth
Ryan Donlon
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA. 94111

Thomas M. Tarpley Jr.
Tarpley & Moroni LLP
Bank of Hawaii Building
134 West Soledad Ave., Suite 402
Hagatna, Guam 96910

For Five Seas and Marwan:

Lawrence Teker
Teker Torres & Teker
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

//
//
//
//
//

SCHEDULING ORDER;
CERTIFICATE OF SERVICE　　　　　7　　　　　CIVIL NO. 06-00011

For Inchcape:

David Ledger
Carlsmith Ball LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagatna, Guam 96932-5027

For Navigators and Al-Buhalera:

No appearances to date.

19. **Settlement Conference.** Prospects for settlement are unknown at the present time.

20. **Suggestions for Shortening Trial**. The parties will explore stipulations as to undisputed facts.

21. **Issues Affecting Case Management.**

(a) As set out above, the parties and witnesses are located variously in the Middle East, Guam and the Pacific Rim, the mainland U.S., and in Europe. Coordination of mutually convenient international travel for counsel and the witnesses likely will complicate the case and lengthen the time necessary for discovery. The foregoing dates for discovery cutoff, pretrial filings, the trial date, etc., reflect these complicating factors. Furthermore, it is possible the certain necessary witnesses, including U.S. Coast Guard and U.S. Navy personnel, may be at sea and unavailable for certain periods of time.

(b) Discovery of witnesses and matters associated with defendants Marwan and Five Seas, and third-party defendants Navigators and Al-Buhalera may involve London and the United Arab Emirates. Similarly, service of process by the United States upon Marwan is proceeding through diplomatic channels pursuant to the Court's issuance of its "Request for International Judicial Assistance (Letter Rogatory)" to the Government of the UAE under Rule 4(f)(2)(B) of the Fed.R.Civ.P. This matter, as well as potential issues dealing

with service of process by Gargrave and Inchcape upon one or more of the defendants, may complicate and/or lengthen the time necessary to bring all parties before the Court.

**SO ORDERED** this 27th day of September, 2006.

_____
JOAQUIN V.E. MANIBUSAN, Jr.
U.S. Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

Dated: August 31, 2006.

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney

PETER D. KEISLER
Assistant Attorney General

_____
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard
Attorneys for Plaintiff United States of America

TARPLEY & MORONI LLP

By: /s/ R. Michael Underhill
 (per authority of Thomas M. Tarpley Jr.)
 Thomas M. Tarpley Jr.

RECEIVED SEP - 5 2006 DISTRICT COURT OF GUAM HAGATNA, GUAM

//
//
//
//
//
//

SEVERSON & WERSON

By: /s/ R. Michael Underhill
 (per authority of Forrest Booth)
Forrest Booth
Ryan Donlon

Attorneys for Gargrave


TEKER TORRES & TEKER

By: /s/ R. Michael Underhill
 (per authority of Lawrence Teker)
Lawrence Teker

Attorneys for Marwan and Five Seas


CARLSMITH BALL LLP

By: /s/ R. Michael Underhill
 (per authority of David Ledger)
David Ledger

Attorneys for Inchcape

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _August 31_, 2006, I served a copy of the foregoing SCHEDULING ORDER AND DISCOVERY PLAN and CERTIFICATE OF SERVICE by first-class mail, postage prepaid, to:

Forrest Booth
Ryan Donlon
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA. 94111

Thomas M. Tarpley Jr.
Tarpley & Moroni LLP
Bank of Hawaii Building
134 West Soledad Ave., Suite 402
Hagatna, Guam 96910

Lawrence Teker
Teker Torres & Teker
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

David Ledger
Carlsmith Ball LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagatna, Guam 96932-5027

John Powell
Stafford Frey Cooper
601 Union St., Ste. 3100
Seattle, WA 98101-1374

_Bonnie Li_
BONNIE LI

SCHEDULING ORDER;
CERTIFICATE OF SERVICE        11        CIVIL NO. 06-00011