Lawrence J. Teker
**TEKER TORRES & TEKER, P.C.**
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
Telephone: (671) 477-9891
Facsimile: (671) 472-2601

John E.D. Powell, WSBA #12941
**STAFFORD FREY COOPER**
601 Union Street, Suite 3100
Seattle WA 98101
Telephone: (206) 623-9900
Facsimile: (206) 748-9018

Attorneys for Defendant Defendants, *Marwan Shipping & Trading, Co. and Five Seas Shipping Co., LLC*

FILED
DISTRICT COURT OF GUAM
OCT - 4 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING, CO., FIVE SEAS SHIPPING CO., LLC, AND S.J. GARGRAVE SYNDICATE 2724, in personam,<br><br>Defendants.<br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION. | CASE NO. 06-00011<br><br>**AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724** |

### ANSWER TO VERIFIED COMPLAINT

Marwan Shipping & Trading Company, LLC, Sharjah and Five Seas Shipping Company, LLC, Sharjah answer the Verified Complaint of the United States as follows:

1. These answering defendants admit that this is a case of admiralty and maritime jurisdiction and that S.J. Gargrave Syndicate 2724 is a defendant. There is no

AMENDED ANSWER AND COUNTERCLAIM TO
VERIFIED COMPLAINT OF THE UNITED STATES OF
AMERICA; AMENDED ANSWER AND COUNTERCLAIM
TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE
2724 AND COUNTERCLAIM
Cause No. 06-0001 1

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

ORIGINAL

Case 1:06-cv-00011  Document 62  Filed 10/04/2006  Page 1 of 11

entity Marwan Shipping and Trading Co. There is no entity Five Seas Shipping Co., LLC. The proper name for each entity is Marwan Shipping and Trading Company, LLC, Sharjah (hereinafter "Marwan") and Five Seas Shipping Company, LLC, Sharjah (hereinafter "Five Seas"). Except as so admitted, the allegations of paragraph 1 are denied.

2. These answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore deny same.

3. Admitted.

4. These answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny same.

5. Defendant Marwan, has a place of business in the UAE. Except as so admitted, the allegations of paragraph 5 are denied.

6. Marwan Shipping and Trading Company, LLC, Ajman Free Zone, a defunct company, was the owner of the M/V AJMAN 2. Except as so admitted the allegations of paragraph 6 are denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Defendant Five Seas has a place of business in the UAE. Except as so admitted, the allegations in paragraph 11 are denied.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-0001-RV-2

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

12. Denied.

13. Denied.

14. Defendant Five Seas admits it was the manager of the M/V AJMAN 2.

15. Denied.

16. Denied.

17. Denied.

18. These answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore deny same.

19. These answering defendants are without or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny same.

20. Denied.

21. These answering defendants admit the M/V AJMAN 2 grounded at Family Beach. Except as so admitted, the allegations in paragraph 21 are denied.

22. Denied.

23. Denied.

24. Denied.

25. Paragraph 25 does not require an answer.

26. Denied.

27. Denied.

28. Paragraph 28 does not require an answer.

29. Denied.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-0001-cv-3

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Case 1:06-cv-00011   Document 67   Filed 10/04/2006   Page 3 of 11

30. Denied.

31. Denied

32. Paragraph 32 does not require an answer.

## AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

1. Failure to state facts sufficient to constitute a cause of action against these answering defendants.

2. These answering defendants are informed and believe that if the Plaintiff sustained any injuries and damages, they proximately resulted from the conduct of others.

3. The claims set forth in the verified complaint are time barred.

4. Plaintiff, by its conduct and/or the conduct of its agents, servants, representatives, or employees, has waived and/or is estopped and barred from any rights of recovery against these answering defendants.

5. Plaintiff is barred from any relief against these answering defendants by reason of unclean hands.

6. Plaintiff and/or other parties not related to this defendant were careless and negligent in and about the matters referred to in the complaint, or were otherwise responsible and legally liable for the allegations contained in said pleading, which negligence, carelessness, and/or legal liability proximately contributed to and/or were the sole proximate cause of the damages or injuries complained of, if any there be. Such negligence, carelessness, and/or liability bar and/or proportionately reduce any recovery against these answering defendants.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-0001-cv-4

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011    Document 67    Filed 10/04/2006    Page 4 of 11

7. Plaintiff has failed to mitigate and minimize its damages, if any there be, and said failure eliminates or reduces any claim for relief by plaintiff against these answering defendants.

8. In the event it is held liable, these answering defendants allege that their liability is secondary to other parties in this action and on that basis alleges that any award to which the plaintiff is entitled must first be satisfied by said other parties.

9. The AJMAN 2 was a vessel in distress at the time it sought refuge in Guam.

10. Pursuant to 46 U.S.C. § 181 *et seq.* these answering defendants liability, if any, is limited to the value of each defendant's interest, if any, in the AJMAN 2.

11. These answering defendants hereby incorporate all defenses raised or that could be raised by other parties to this action as if asserted here in full.

12. These answering defendants reserve the right to supplement and add to these affirmative defenses as appropriate.

## **COUNTER-CLAIM TO VERIFIED COMPLAINT**

1. Jurisdiction: This Court has Jurisdiction pursuant to 28 USC § 1333 as this is a case of admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure; and pursuant to 28 USC §§1345, 1331; 46 USC § 747 *et seq.* and 46 USC § 781 *et seq.*

2. Parties: Defendant counter-claimant and cross-claimant Marwan has a place of business in the United Arab Emirates, and was the general agent, with no commercial responsibility for the M/V AJMAN 2.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-0001-cv-00011

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011    Document 67    Filed 10/04/2006    Page 5 of 11

3. Defendant, counter-claimant and cross-claimant Five Seas has a place of business in the United Arab Emirates, and was the manager of the M/V AJMAN 2.

4. The United States is the plaintiff herein, which, through the U.S. Coast Guard, controls the Port of Apra, Guam.

## FIRST CAUSE OF ACTION
### (Negligence Against the United States)

5. The United States, through its agents the U.S. Coast Guard and others, was negligent in the manner in which it supervised the M/V AJMAN 2 after the U.S. Coast Guard allowed the M/V AJMAN 2 to enter the Port of Apra, Guam.

6. The United States, through its agents the U.S. Coast Guard and others, was negligent in ordering the M/V AJMAN 2 to leave its berth during the typhoon and further ordering the vessel to anchor in the harbor during the typhoon.

7. The United States, through its agents and others, was negligent in the hiring, supervision and control of the salvage contractors and its subcontractors.

8. Such negligence was a direct and superseding cause of the damages which the United States has alleged.

9. As a direct and proximate result of such negligence by the United States, these answering and counterclaiming defendants have suffered damages in an amount to be proven at trial. These answering and counterclaiming defendants are entitled to recover from the United States for its negligent acts and/or omissions, and those of its agents.

///

///

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-00011-PV-6

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 67   Filed 10/04/2006   Page 6 of 11

## SECOND CAUSE OF ACTION
### (Violation of the International Law of the Sea)

10. The M/V AJMAN 2 was a vessel in distress at the time it sought refuge in the Port of Apra, Guam.

11. The United Sates, through its agent the U.S. Coast Guard, wrongfully delayed the M/V AJMAN 2's entrance into the Port of Apra, Guam and thereby violated the customary and applicable international law of the sea.

12. As a direct and proximate result of this wrongful conduct by the United States these answering and counterclaiming defendants have suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Conversion of Property)

13. Upon information and belief, the United States, through its agents, had the bunkers pumped from the AJMAN 2 as part of its "salvage" operation.

14. Upon information and belief, the United States and/or its agents has possession of those bunkers or has sold those bunkers.

15. Marwan and Five Seas paid for these bunkers and the United States owe Marwan and/or Five Seas the value of these bunkers plus other attending damages, which amount will be proven at trial.

## **ANSWER TO CROSS CLAIM OF S.J. GARGRAVE SYNDICATE 2724**

1. These answering defendants admit that the court has jurisdiction over this case. Except as so admitted, the allegations of paragraph 1 of the cross-claim are denied.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-00011

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 06-00011-cv-00011   Document 67   Filed 10/04/2006   Page 7 of 11

2. These answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore deny same.

3. Marwan has a place of business in the UAE. Except as so admitted, the allegations of paragraph 3 are denied.

4. Five Seas has a place of business in the UAE. Except as so admitted the allegations of paragraph 4 are denied.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Five Seas applied for a COFR with EPG, LLC the designated guarantor. S.J. Gargrave Syndicate 2724 issued the COFR to the M/V AJMAN 2 and her owner and operators and S.J. Gargrave Syndicate 2724 charged and collected a premium for the insurance. Accept as so admitted and clarified, the allegations of paragraph 10 are denied.

11. Denied.

12. Denied.

13. Five Seas applied for a COFR with EPG, LLC the designated guarantor. S.J. Gargrave Syndicate 2724 issued the COFR to the M/V AJMAN 2 and her owner and operators and S.J. Gargrave Syndicate 2724 charged and collected a premium for

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-00011 - 8

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Case 1:06-cv-00011    Document 67    Filed 10/04/2006    Page 8 of 11

the insurance. Accept as so admitted and clarified, the allegations of paragraph 13 are denied.

14. Denied.

15. Denied.

16. Five Seas applied for a COFR with EPG, LLC the designated guarantor. S.J. Gargrave Syndicate 2724 issued the COFR to the M/V AJMAN 2 and her owner and operators and S.J. Gargrave Syndicate 2724 charged and collected a premium for the insurance. Accept as so admitted and clarified, the allegations of paragraph 16 are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. An actual controversy does exit between S.J. Gargrave Syndicate 2724, on the one hand and Marwan and Five Seas, on the other. Except as so admitted, the allegations of paragraph 23 are denied.

24. No answer to paragraph 24-27 is required from these answering defendants.

**AFFIRMATIVE DEFENSES TO CROSS-CLAIMS**

1. Failure to state facts sufficient to constitute a cause of action against these answering defendants.

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-0001-cv-00011   Document 67   Filed 10/04/2006   Page 9 of 11

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

2. These answering defendants are informed and believe that if S.J. Gargrave Syndicate 2724 sustained any injuries and damages, they proximately resulted from the conduct of others.

3. The claims set forth in the cross-claims are time barred.

4. S.J. Gargrave Syndicate 2724, by its conduct and/or the conduct of its agents, servants, representatives, or employees, has waived and/or is estopped and barred from any rights of recovery against these answering defendants.

5. S.J. Gargrave Syndicate 2724 is barred from any relief against these answering defendants by reason of unclean hands.

6. S.J. Gargrave Syndicate 2724 and/or other parties not related to this defendant were careless and negligent in and about the matters referred to in the cross-claims, or were otherwise responsible and legally liable for the allegations contained in said pleading, which negligence, carelessness, and/or legal liability proximately contributed to and/or were the sole proximate cause of the damages or injuries complained of, if any there be. Such negligence, carelessness, and/or liability bar and/or proportionately reduce any recovery against these answering defendants.

7. S.J. Gargrave Syndicate 2724 has failed to mitigate and minimize its damages, if any there be, and said failure eliminates or reduces any claim for relief by S.J. Gargrave Syndicate 2724 against these answering defendants.

8. S.J. Gargrave Syndicate 2724 is the pollution insurer for these answering defendants as well as the guarantor on the COFR which Gargrave issued. Gargrave has ignored its fiduciary obligations to its insured and has placed its interests above

AMENDED ANSWER AND COUNTERCLAIM TO
VERIFIED COMPLAINT OF THE UNITED STATES OF
AMERICA; AMENDED ANSWER AND COUNTERCLAIM
TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE
2724 AND COUNTERCLAIM
Cause No. 06-0001v-10

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 67   Filed 10/04/2006   Page 10 of 11

those of its insured - - these answering defendants. Gargrave is acting in bad faith and is in breach of contract.

9. Pursuant to 46 U.S.C. § 181 *et seq.* these answering defendants liability, if any, is limited to the value of each defendant's interest, if any, in the AJMAN 2.

10. These answering defendants hereby incorporate all defenses raised or that could be raised by other parties to this action as if asserted here in full.

11. These answering defendants reserve the right to supplement and add to these affirmative defenses as appropriate.

DATED this 3 day of October, 2006.

**STAFFORD FREY COOPER**

**TEKER TORRES & TEKER, P.C.**

By _____
LAWRENCE J. TEKER, ESQ., Attorneys for
Defendants, *Marwan and Five Seas*

AMENDED ANSWER AND COUNTERCLAIM TO VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA; AMENDED ANSWER AND COUNTERCLAIM TO CROSS-CLAIM OF S.J. GARGRAVE SYNDICATE 2724 AND COUNTERCLAIM
Cause No. 06-00011 - 11

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Case 1:06-cv-00011   Document 67   Filed 10/04/2006   Page 11 of 11