1  Lawrence J. Teker
   **TEKER TORRES & TEKER, P.C.**
2  Suite 2-A, 130 Aspinall Avenue
   Hagatna 96910-5018, Guam
3  Telephone: (671) 477-9891
   Facsimile: (671) 472-2601

4  John E.D. Powell, WSBA #12941
   **STAFFORD FREY COOPER**
5  601 Union Street, Suite 3100
   Seattle WA 98101
6  Telephone: (206) 623-9900
   Facsimile: (206) 748-9018

7  Attorneys for Defendants, *Marwan Shipping & Trading, Co. and Five Seas Shipping Co., LLC*
8

FILED
DISTRICT COURT OF GUAM
OCT - 4 2006
MARY L.M. MORAN
CLERK OF COURT

11              IN THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | CASE NO. 06-00011 |
|---|---|
| Plaintiff, | |
| vs. | **MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S COMPLAINT IN INTERVENTION; AND COUNTERCLAIM** |
| MARWAN SHIPPING & TRADING, CO., FIVE SEAS SHIPPING CO., LLC, AND S.J. GARGRAVE SYNDICATE 2724, in personam, | |
| Defendants. | |
| AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION. | |

### ANSWER TO COMPLAINT IN INTERVENTION

Marwan Shipping & Trading Company, LLC, Sharjah and Five Seas Shipping Company, LLC, Sharjah answer Inchcape's Complaint in Intervention as follows:

1.  Admit.

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 1

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885

ORIGINAL

Case 1:06-cv-00011  Document 68  Filed 10/04/2006  Page 1 of 8

2. These answering defendants admit that this court has jurisdiction of this matter.

3. Admit.

4. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

5. Denied.

6. Admitted.

7. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

8. Marwan Shipping and Trading Company, LLC, Sharjah (Marwan) is a UAE corporation. Except as so admitted, the allegations of paragraph 8 are denied.

9. Five Seas Shipping Company, LLC, Sharjah (Five Seas) is a UAE corporation. Except as so admitted, the allegations of paragraph 9 are denied.

10. Denied.

11. Marwan was the general agent of the M/V AJMAN 2 with no commercial responsibility. Five Seas was the manager of the M/V AJMAN 2. The AJMAN 2 was foreign flagged and registered. Except as so admitted, the allegations of paragraph 11 are denied.

12. Admitted.

13. The underlying factual basis for the U.S. government's lawsuit and Inchcape's Complaint revolves around the events that followed from the entry of the AJMAN 2 into the port of Guam and the negligent acts and omissions of agents of the

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 2

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle, WA 98101-1878
TEL 206.623.9900 FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 2 of 8

United States and Inchcape. Except as so admitted, the allegations of paragraph 13 are denied.

14. The U.S. government claimed that the AJMAN 2 posed a substantial threat of pollution. Except as so admitted, the allegations of paragraph 14 are denied.

15. Denied.

16. Admitted.

17. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

18. Admitted.

19. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

20. The COFR application speaks for itself. Except as so admitted, the allegations of paragraph 20 are denied.

21. The U.S. government served its summons and complaint on Five Seas through Inchcape. Except as so admitted, these answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

22. The COFR application speaks for itself. Except as so admitted, the allegations of paragraph 22 are denied.

23. Denied.

24. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 3

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-0178
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 3 of 8

| | |
|---|---|
|1| 25. These answering defendants are without knowledge and information|
|2| sufficient to answer this paragraph and therefore deny same.|
|3| 26. These answering defendants are without knowledge and information|
|4| sufficient to answer this paragraph and therefore deny same.|
|5| 27. These answering defendants are without knowledge and information|
|6| sufficient to answer this paragraph and therefore deny same.|
|7| 28. These answering defendants are without knowledge and information|
|8| sufficient to answer this paragraph and therefore deny same.|
|9| 29. Denied.|
|10| 30. Denied|
|11| 31. Navigators was the P&I insurer of the AJMAN 2. Except as so admitted,|
|12| the allegations of paragraph 31 are denied.|
|13| 32. Navigators was the P&I insurer of the AJMAN 2. Except as so admitted,|
|14| these answering defendants are without knowledge and information sufficient to answer|
|15| this paragraph and therefore deny same.|
|16| 33. Admitted.|
|17| 34. These answering defendants do not know what damage the Port of Guam|
|18| incurred. Subject to this qualification, admitted.|
|19| 35. These answering defendants are without knowledge and information|
|20| sufficient to answer this paragraph and therefore deny same.|
|21| 36. No answer is required to paragraph 36.|
|22| 37. These answering defendants are without knowledge and information|
|23| sufficient to answer this paragraph and therefore deny same.|

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 4

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle, WA 98101-2078
TEL 206.623.9900 FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 4 of 8

| | |
|---|---|
| 1 | 38. Denied. |
| 2 | 39. Denied. |
| 3 | 40. Denied. |
| 4 | 41. Denied. |
| 5 | 42. No answer is required to paragraph 42. |
| 6 | 43. Denied. |
| 7 | 44. Denied. |
| 8 | 45. No answer is required to paragraph 45. |
| 9 | 46. Denied. |
| 10 | 47. Denied. |
| 11 | 48. Denied. |
| 12 | 49. No answer is required to paragraph 49. |

50. These answering defendants do not know what damages the Port claims, and therefore are without knowledge and information sufficient to answer this paragraph and therefore deny same.

51. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

52. Denied.

### AFFIRMATIVE DEFENSES TO INTERVENOR'S COMPLAINT

1. Failure to state facts sufficient to constitute a cause of action against these answering defendants.

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 5

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 5 of 8

2. These answering defendants are informed and believe that if the Intervenor plaintiff sustained any injuries and damages, they proximately resulted from the conduct of the Intervenor plaintiff and/or others.

3. The claims set forth in the complaint in intervention are time barred.

4. Intervenor plaintiff, by its conduct and/or the conduct of its agents, servants, representatives, or employees, has waived and/or is estopped and barred from any rights of recovery against these answering defendants.

5. Intervenor plaintiff is barred from any relief against these answering defendants by reason of unclean hands.

6. Intervenor plaintiff and/or other parties not related to this defendant were careless and negligent in and about the matters referred to in the complaint in intervention, or were otherwise responsible and legally liable for the allegations contained in said pleading, which negligence, carelessness, and/or legal liability proximately contributed to and/or were the sole proximate cause of the damages or injuries complained of, if any there be. Such negligence, carelessness, and/or liability bar and/or proportionately reduce any recovery against these answering defendants.

7. Intervenor plaintiff has failed to mitigate and minimize its damages, if any there be, and said failure eliminates or reduces any claim for relief by Intervenor plaintiff against these answering defendants.

8. In the event it is held liable, these answering defendants allege that their liability is secondary to other parties in this action and on that basis allege that any

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 6

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011    Document 68    Filed 10/04/2006    Page 6 of 8

award to which the Intervenor plaintiff is entitled must first be satisfied by said other parties.

9. Intervenor plaintiff lacks standing to assert its claims in this action.

10. Intervenor plaintiff's claims, if any, are not ripe for adjudication at this time and/or in this forum.

11. Pursuant to 46 U.S.C. § 181 *et seq.* these answering defendants liability, if any, is limited to the value of each defendant's interest, if any, in the AJMAN 2.

12. These answering defendants hereby incorporate all defenses raised or that could be raised by other parties to this action as if asserted here in full.

13. These answering defendants reserve the right to supplement and add to these affirmative defenses as appropriate.

## **COUNTER CLAIM TO INTERVENOR'S COMPLAINT IN INTERVENTION**

1. Jurisdiction: This Court has Jurisdiction pursuant to 28 USC § 1333 as this is a case of admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. Parties: (a) Defendant counter-claimant Marwan has a place of business in the United Arab Emirates, and was the general agent, with no commercial responsibility for the M/V AJMAN 2.

(b) Defendant, counter-claimant Five Seas has a place of business in the United Arab Emirates, and was the manager of the M/V AJMAN 2.

(c) Plaintiff intervenor was the port agent for the M/V AJMAN 2 and has its principal place of business in Guam.

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S
COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 7

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 7 of 8

## FIRST CAUSE OF ACTION
### (Negligence Against Inchcape)

3. Inchcape through its agents and others, was negligent in the manner in which it attended to the needs of the M/V AJMAN 2 after the U.S. Coast Guard allowed the M/V AJMAN 2 to enter the Port of Apra, Guam.

4. Inchcape, through its agents and others, was negligent in the supply of lines and fenders to the M/V AJMAN 2 and to the general mooring arrangements of the M/V AJMAN 2.

5. Such negligence was a direct and superseding cause of the damages which the United States has alleged in its Verified Complaint and which others, including Inchcape, have alleged in claims, cross-claims and counter-claims.

6. As a direct and proximate result of such negligence by Inchcape, these answering and counterclaiming defendants have suffered damages in an amount to be proven at trial. These answering and counterclaiming defendants are entitled to recover from Inchcape for its negligent acts and/or omissions, and those of its agents.

DATED this 3 day of October, 2006.

**STAFFORD FREY COOPER**

**TEKER TORRES & TEKER, P.C.**

By: _____
Lawrence J. Teker, Esq.
Attorneys for Defendants *Marwan and Five Seas*

MARWAN AND FIVE SEAS ANSWER TO INCHCAPE'S COMPLAINT IN INTERVENTION; AND COUNTERCLAIM
Cause No. 06-00011 - 8

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-0178
TEL 206.623.9900  FAX 206.624.6885

Case 1:06-cv-00011   Document 68   Filed 10/04/2006   Page 8 of 8