1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  108 Hernan Cortez Ave.
   Sirena Plaza, Ste. 500
4  Hagatna, Guam 96910
   Tel: (671) 472-7332/7208
5  Fax: (671) 472-7334/7215

6  PETER D. KEISLER
   Assistant Attorney General
7  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
8  Torts Branch, Civil Division
   MIMI MOON
9  Trial Attorney
   Torts Branch, Civil Division
10 U.S. Department of Justice
   450 Golden Gate Avenue, Room 7-5395
11 P.O. Box 36028
   San Francisco, CA 94102-3463
12 Telephone: (415) 436-6648; (415) 436-6646
   Facsimile: (415) 436-6632
13 E-mail: mike.underhill@usdoj.gov; mimi.moon@usdoj.gov

14 Attorneys for Plaintiff
   United States of America

FILED
DISTRICT COURT OF GUAM
NOV 13 2006
MARY L.M. MORAN
CLERK OF COURT

15

IN THE DISTRICT COURT OF GUAM

16

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil No. 06-00011 |
| Plaintiff, | IN ADMIRALTY |
| v. | |
| MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, in personam, | REPLY OF UNITED STATES TO COUNTERCLAIMS OF MARWAN AND FIVE SEAS; CERTIFICATE OF SERVICE |
| Defendants. | |
| AND CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY COMPLAINT, AND CLAIM IN INTERVENTION. | |

REPLY OF UNITED STATES TO
COUNTERCLAIMS OF MARWAN AND FIVE SEAS   1                          CIVIL NO. 06-00011

The Reply of the United States to the counterclaims of defendants MARWAN SHIPPING & TRADING CO. ("Marwan"), and FIVE SEAS SHIPPING CO., LLC ("Five Seas"), admits, denies, and alleges on information and belief as follows:

1. Paragraph 1 alleges matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 1, except admits and alleges that this is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that the United States of America has waived its sovereign immunity from suit and consented to be sued herein, if at all, only pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, or, dependent upon the facts, the Public Vessels Act, 46 U.S.C. §§ 781-790, which incorporates the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741-752.

2. Denies the allegations of Paragraph 2 for lack of knowledge and information, except admits and alleges that at all relevant times Marwan had a place of business in the United Arab Emirates, that it was doing business in the United States and Guam and within this district and within the jurisdiction of this Court, by and through its ownership and/or operation and/or management and/or demise chartering and/or control of M/V AJMAN 2 with respect to the matters sued upon herein.

3. Denies the allegations of Paragraph 2 for lack of knowledge and information, except admits and alleges that at all relevant times Five Seas had a place of business in the United Arab Emirates, that it was doing business in the United States and Guam and within this district and within the jurisdiction of this Court, by and through its ownership and/or operation and/or management and/or demise chartering and/or control of M/V AJMAN 2 with respect to the matters sued upon herein.

4. Denies the allegations of Paragraph 4, except admits and alleges that at all relevant times the Dept. of Homeland Security, United States Coast Guard, was and is an agency of the United States and has certain authority and discretion established by law with

respect to, *inter alia*, pollution prevention and mitigation, environmental protection, port security, and public and environmental safety pertaining to the Port of Apra, Guam, and, further, the navigable waters, adjoining shorelines, and exclusive economic zone of the United States.

### ANSWERING THE ALLEGATIONS OF THE FIRST CAUSE OF ACTION
### (Alleged Negligence Against the United States)

5. Denies the allegations of Paragraph 5.
6. Denies the allegations of Paragraph 6.
7. Denies the allegations of Paragraph 7.
8. Denies the allegations of Paragraph 8.
9. Denies the allegations of Paragraph 9.

### ANSWERING THE ALLEGATIONS OF THE SECOND CAUSE OF ACTION
### (Alleged Violation of the International Law of the Sea)

10. Denies the allegations of Paragraph 10.
11. Denies the allegations of Paragraph 11.
12. Denies the allegations of Paragraph 12.

### ANSWERING THE ALLEGATIONS OF THE THIRD CAUSE OF ACTION
### (Alleged Conversion of Property)

13. Denies the allegations of Paragraph 13.
14. Denies the allegations of Paragraph 14.
15. Denies the allegations of Paragraph 15.

### AS AND FOR A FIRST AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

16. The Counterclaims of Marwan and Five Seas fail to state claims upon which relief can be granted.

//
//

## AS AND FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

17. If Marwan and Five Seas sustained injuries and damages by reason of the matters alleged in the Counterclaims, which is denied, then said injuries and damages were caused in whole or in part by the acts of third parties and were not caused or contributed to in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

## AS AND FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

18. If Marwan and Five Seas sustained injuries and damages by reason of the matters alleged in the Counterclaims, which is denied, then said injuries and damages were caused in whole or in part by said parties' own actions and were not caused in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

## AS AND FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

19. The Court lacks subject matter jurisdiction over the Counterclaims.

## AS AND FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

20. The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege matters of discretionary functions and acts for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

21. The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege matters of political questions for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

22. The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege matters which are subject to the Constitutional doctrine of separation of powers for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR AN EIGHTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

23. The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege law enforcement matters for which the United States of America has not waived sovereign immunity and consented to be sued.

## AS AND FOR A NINTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

24. The Counterclaims are barred pursuant to estoppel.

//
//
//

REPLY OF UNITED STATES TO
COUNTERCLAIMS OF MARWAN AND FIVE SEAS 5     CIVIL NO. 06-00011

Case 1:06-cv-00011    Document 71    Filed 11/13/2006    Page 5 of 9

## AS AND FOR A TENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

25. The Counterclaims are barred pursuant to waiver.

## AS AND FOR AN ELEVENTH AFFIRMATIVE AND COMPLETE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

26. Marwan and Five Seas failed to mitigate their damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States.

## AS AND FOR A TWELFTH AFFIRMATIVE AND PARTIAL DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

27. To the extent Marwan and Five Seas seek interest on their claims, which claims are denied, any such prayer for interest would be subject to the provisions and limitations of the Public Vessels Act, 46 U.S.C. §§ 781-790, which incorporates the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741, *et seq.*, and not otherwise.

## AS AND FOR A THIRTEENTH AFFIRMATIVE AND PARTIAL DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

28. Any claim for attorney's fees is barred since the United States has not waived its sovereign immunity for such claims in this admiralty action.

//
//
//

REPLY OF UNITED STATES TO
COUNTERCLAIMS OF MARWAN AND FIVE SEAS  6            CIVIL NO. 06-00011

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

29. Marwan's and Five Seas' claims of damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States, are subject to set-off and offset.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

30. Marwan's and Five Seas' claims of damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States, are subject to recoupment.

WHEREFORE, the United States of America prays as follows:

1. That Marwan's and Five Seas' Counterclaims and action against the United States be dismissed with prejudice and with all costs;

2. That the United States of America be granted judgment and damages against all defendants, including Marwan and Five Seas, pursuant to the Complaint of the United States of America herein, including payment of interest, costs, disbursements, and attorneys' fees;

3. The United States of America expressly reserves the right to amend this Reply to Counterclaims, as may be necessary;

//
//
//
//
//

REPLY OF UNITED STATES TO
COUNTERCLAIMS OF MARWAN AND FIVE SEAS   7          CIVIL NO. 06-00011

4. For such other relief as the Court deems just and proper in the premises.

Dated: November 6, 2006.

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney

PETER D. KEISLER
Assistant Attorney General

_____
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
MIMI MOON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard
Attorneys for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2006, I served a copy of the foregoing Reply of the United States to Counterclaims of Marwan and Five Seas and Certificate of Service by first-class mail, postage prepaid, to:

Forrest Booth
Ryan Donlon
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA. 94111

Thomas M. Tarpley Jr.
Tarpley & Moroni LLP
Bank of Hawaii Building
134 West Soledad Ave., Suite 402
Hagatna, Guam 96910

Lawrence Teker
Teker Torres & Teker
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

David Ledger
Carlsmith Ball LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagatna, Guam 96932-5027

John Powell
Stafford Frey Cooper
601 Union St., Ste. 3100
Seattle, WA 98101-1374

_____
VERONICA GARNER

REPLY OF UNITED STATES TO
COUNTERCLAIMS OF MARWAN AND FIVE SEAS   9                       CIVIL NO. 06-00011