1   THOMAS M. TARPLEY
    Attorney at Law
2   Bank of Hawaii Building
    134 Soledad Avenue, Suite 402
3   Hagatna, Guam 96910
    Telephone: (671) 472-1539
4   Facsimile: (671) 472-4526
    Electronic mail: tarpley@guam.net
5
    FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
6   RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
    SEVERSON & WERSON
7   A Professional Corporation
    One Embarcadero Center, Suite 2600
8   San Francisco, CA 94111
    Telephone: (415) 398-3344
9   Facsimile: (415) 956-0439
    Electronic mail: fb@severson.com
10  Electronic mail: rcd@severson.com

11  Attorneys for Defendant, Cross-Claimant
    Counterclaimant, and Third-Party Complainant
12  S.J. GARGRAVE SYNDICATE 2724

13              IN THE DISTRICT COURT OF GUAM

14                  TERRITORY OF GUAM

15  UNITED STATES OF AMERICA,          Civil Case No.: 06-00011

16              Plaintiff,             **REQUEST FOR JUDICIAL
                                       ASSISTANCE FOR SERVICE OF
17      vs.                            PROCESS UPON A FOREIGN
                                       CORPORATION (AL BUHAIRA
18  MARWAN SHIPPING & TRADE CO., FIVE  NATIONAL INSURANCE COMPANY)
    SEAS SHIPPING CO., LLC, and S.J.   AND LETTER ROGATORY (FED. R.
19  GARGRAVE SYNDICATE 2724, *in       CIV. P. 4(f)(2)(B)**
    personam*,
20
                Defendants.
21
22                                     Complaint Date: April 19, 2006
                                       Trial Date: None Set
23

24

25

26

27

**ORIGINAL**
28

S.J. GARGRAVE SYNDICATE 2724,

        Cross-Claimant,

    vs.

MARWAN SHIPPING & TRADE CO., FIVE
SEAS SHIPPING CO., LLC, UNITED
STATES OF AMERICA,

        Cross-Defendants.

S.J. GARGRAVE SYNDICATE 2724,

        Third-Party Plaintiff,

    vs.

NAVIGATORS PROTECTION &
INDEMNITY; AL-BUHAIRA NATIONAL
INSURANCE COMPANY,

        Third-Party Defendants.

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

## AND LETTER ROGATORY

**Writ:  Third-Party Summons; First Amended Third-Party Complaint of S.J.**

**GARGRAVE SYNDICATE 2724 ("Gargrave").**

The District Court of Guam, Territory of Guam, presents its compliments to the

appropriate Judicial Authority of the United Arab Emirates and requests international judicial

assistance to effect service of process upon AL BUHAIRA NATIONAL INSURANCE

COMPANY ("Al Buhaira"), a named third-party defendant in the above-captioned civil

proceeding currently pending before this court.  This Court requests the assistance described

herein as necessary in the interests of justice.  It has been represented to this court that third-party

defendant Al Buhaira is doing business at the following address:

    **Head Office:**
      **Al Buhaira National Insurance Company**
      **Al Buhaira Tower, Khalid Lagoon**
      **P.O. Box 6000**
      **Sharjah**
      **United Arab Emirates**

- 2 -

Telephone: 06-5174444
Facsimile: 06-5748855

**Factual Allegations of the Case:**

The government of the UNITED STATES OF AMERICA ("United States") has sued MARWAN SHIPPING & TRADE CO. ("Marwan"), FIVE SEAS SHIPPING CO., LLC ("Five Seas"), and Gargrave, alleging that a ship, *M.V. Ajman 2*, owned, operated, and/or chartered by Marwan and Five Seas, and allegedly insured by Gargrave, caused damages when it entered the territorial waters of Guam, a territory of the United States.

Al Buhaira issued protection and indemnity insurance to Marwan and/or Five Seas for *M.V. Ajman 2*. Therefore, Gargrave now seeks to be indemnified by Al Buhaira.

**Documents to be Served Pursuant to This Request for Assistance:**

The District Court of Guam respectfully requests that the appropriate judicial authority in the United Arab Emirates cause as many copies as necessary to comply with the laws of the United Arab Emirates of the attached documents, to wit, First Amended Third-Party Complaint of Gargrave, Third-Party Summons, and Verified Complaint of the United States, to be served upon Al Buhaira at the above-described address, or at a place deemed appropriate by the appropriate Judicial Authority of the United Arab Emirates, in the manner prescribed for service of similar documents under the laws of the United Arab Emirates. This Court further respectfully requests that, after service has been made, to execute a Certificate/Proof of Service (such as the one served with this request) and return it, together with a copy of the documents served, to the Court at the following address:

**Clerk of the Court**
**United States District Court**
**District of Guam**
**Fourth Floor, U.S. Courthouse**
**520 West Soledad Avenue**
**Hagatna, Guam 96910**
**United States of America**

The attorney for the Third-Party Complainant, Gargrave, stands ready to reimburse your honorable authority for all reasonable expenses insofar as authorized by law of the United Arab Emirates, or treaty, that are incurred in executing this request for international judicial and

- 3 -

1  diplomatic assistance.  This Court also assures your authority that it will reciprocate with similar

2  assistance in like cases.

3      The Court extends to the judicial authorities of the United Arab Emirates the assurances of

4  its highest consideration.

5  DATED: November 17 , 2006      By: *Mary L.M. Mora*

6                                          Mary L.M. Moran

7                                          [Court Seal]

8                                          Clerk of the Court
                                           United States District Court
9                                          District of Guam
                                           Fourth Floor, U.S. Courthouse
10                                         520 West Soledad Avenue
                                           Hagatna, Guam 96910
11                                         United States of America
                                           Telephone: 671 473 9100
12                                         Facsimile: 671 473 9152

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



11620/0002/596823.1

Case 1:06-cv-00011   Document 75   Filed 11/17/2006   Page 4 of 22

# CERTIFICATE/PROOF OF SERVICE

I, _____ (name), a person authorized to effect service of legal

process in the United Arab Emirates by virtue of my title as _____,

hereby certify that pursuant to the laws of the United Arab Emirates, on the _____ day of

_____ 200____, I caused to be served true and correct copy of the following

documents

**1.**   **FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE;**

**2.**   **THIRD-PARTY SUMMONS TO AL BUHAIRA;**

**3.**   **VERIFIED COMPLAINT OF THE UNITED STATES;**

on Third-Party Defendant:

### AL BUHAIRA NATIONAL INSURANCE COMPANY

in the following manner:

[ ]   Served personally upon a person authorized by law to accept service of process for AL BUHAIRA NATIONAL INSURANCE COMPANY.
Place of Service and person served: _____
_____

[ ]   Some other manner permitted by the laws of the United Arab Emirates.  Please describe manner of service: _____
_____

I declare that the foregoing information is true and correct, this _____ day of

_____, 200_____, executed at:

Address of Server:   _____
_____
_____
_____
_____

Signature of Server:   _____

ORIGINAL

1    **THOMAS M. TARPLEY, JR.**
     **TARPLEY & MORONI, LLP**
2    Bank of Hawaii Building
     134 Soledad Avenue, Suite 402
3    Hagatna, Guam 96910
     Telephone: (671) 472-1539
4    Facsimile: (671) 472-4526
     Electronic mail: tarpley@guam.net
5

6    **FORREST BOOTH** (Cal. Bar No. 74166) (admitted pro hac vice)
     **RYAN C. DONLON** (Cal. Bar No. 229292) (admitted pro hac vice)
     **SEVERSON & WERSON**
7    A Professional Corporation
     One Embarcadero Center, Suite 2600
8    San Francisco, CA 94111
     Telephone: (415) 398-3344
9    Facsimile: (415) 956-0439

10   Attorneys for Defendant, Counter-Complainant,
     Cross-Complainant, and Third-Party Complainant
11   S.J. GARGRAVE SYNDICATE 2724
     8ZP637W

**FILED**

DISTRICT COURT OF GUAM

SEP 20 2006

MARY L.M. MORAN
CLERK OF COURT

12            **IN THE DISTRICT COURT OF GUAM**

13               **TERRITORY OF GUAM**

14

| | |
|---|---|
| 15   UNITED STATES OF AMERICA, | Civil Case No.: 06-00011 |
| 16            Plaintiff, | **FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724** |
| 17       vs. | |
| 18   INCHAPE SHIPPING SERVICES GUAM, LLC, | |
| 19            Plaintiff in Intervention, | Complaint Date: April 19, 2006 |
| 20       vs. | Trial Date: None Set |
| 21   MARWAN SHIPPING & TRADING CO., | |
| 22   FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in* | |
| 23   *personam,* | |
| 24            Defendants. | |
| 25 | |
| 26   AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | |
| 27 | |
| 28 | |

Case 1:06-cv-00011    Document 75    Filed 11/17/2006    Page 6 of 22

S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"), an unincorporated association, for a Third-Party Complaint against NAVIGATORS PROTECTION & INDEMNITY, a corporation, and AL-BUHAIRA NATIONAL INSURANCE CO., a corporation (both hereinafter collectively the "Third-Party Defendants"), alleges as follows:

### JURISDICTION

1. This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears; it is an Admiralty and Maritime claim within the meanings of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333(1). This Court also has ancillary and/or pendent jurisdiction over the matters set forth herein.

### VENUE

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

### PARTIES

3. Plaintiff Gargrave is an unincorporated association organized and existing under the laws of the United Kingdom, with its principal place of business at London, England. At all relevant times, Gargrave was an insurer in the business of writing marine insurance, including issuing Certificates of Financial Responsibility (hereinafter "COFRs").

4. Gargrave is informed and believes that third-party defendant NAVIGATORS PROTECTION & INDEMNITY (hereinafter "Navigators"), at all times mentioned herein, was and now is a corporation duly organized and existing under the laws of the United Kingdom, with its principal place of business at London, England. Navigators is an insurer in the business of underwriting marine insurance, particularly protection & indemnity (hereinafter "P&I") insurance and excess P&I insurance. Gargrave is informed and believes that at all relevant times, Navigators was the excess P&I insurer for the M/V AJMAN 2.

5. Gargrave is informed and believes that third-party defendant AL-BUHAIRA NATIONAL INSURANCE CO. (hereinafter "Al-Buhaira"), at all times mentioned herein, was and now is a corporation duly organized and existing under the laws of the United Arab Emirates.

- 2 -

Al-Buhaira is an insurer, engaged in underwriting marine insurance risks, particularly P&I risks at the primary layer. Gargrave is informed and believes that at all relevant times, Al-Buhaira was the primary P&I insurer for the M/V AJMAN 2.

6.    Plaintiff UNITED STATES OF AMERICA (hereinafter "United States") has filed a Verified Complaint of the United States herein (hereinafter the "Verified Complaint"), which is incorporated in this Third-Party Complaint by reference, naming Gargrave as a defendant, among others, and seeking to recover costs which the United States allegedly has expended in responding to, preventing, and cleaning up pollution which allegedly occurred at Apra Harbor, Guam, in or about August and September of 2004.

## FIRST CAUSE OF ACTION

### (Equitable Indemnity Against Navigators and Al-Buhaira)

7.    Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

8.    Gargrave denies any liability for the allegations set forth in the Verified Complaint, and instead alleges that all events and happenings referred to therein were caused and created by the active negligence and/or intentional willful misconduct and failure to perform duties and contractual obligations by Navigators and/or Al-Buhaira. Gargrave further asserts that Al-Buhaira should have responded, in the first instance, to the demand for pollution response, abatement and cleanup of the United States, and Navigators should have responded secondarily, as the excess P&I insurer. In the event Gargrave is adjudged liable to the United States under the Verified Complaint, any fault or liability of Gargrave, which is vigorously denied, would be passive in nature and secondary, as opposed to the active and primary fault and breaches of contract by Al-Buhaira and Navigators.

9.    If any judgment should be rendered in favor of the United States or others against Gargrave, Gargrave will be entitled to full indemnification from Al-Buhaira and/or Navigators, and each of them, and Gargrave is entitled to recover in equitable indemnity from Al-Buhaira and/or Navigators the full amount of any said judgment, in addition to attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Contribution Against Al-Buhaira and Navigators)

10.     Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

11.     As a direct and proximate result of Al-Buhaira's and Navigators' breaches of contract and of their respective duties to their insureds, and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

12.     As a result of Gargrave's potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution from Al-Buhaira and/or Navigators, and each of them, for some or all of Gargrave's respective liabilities.

## THIRD CAUSE OF ACTION

### (Tort of Another Against Al-Buhaira and Navigators)

13.     Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

14.     Gargrave is informed and believes that Al-Buhaira and Navigators made misrepresentations and omissions regarding insurance coverage, their respective liabilities at issue in this proceeding, the condition and state of the vessel, her flag and registry, the type of voyage she was engaged in, and the extent and nature of her equipment. Gargrave further alleges that Al-Buhaira and/or Navigators breached their duties under their policies of P&I insurance, and otherwise. As a direct and proximate result of these negligent and intentional misrepresentations and omissions, and breaches of duty and of contract, by Al-Buhaira and Navigators, and each of them, Gargrave has been compelled to litigate with the United States.

15.     Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until the issues involved herein are resolved. Gargrave is entitled to recover these fees and costs from Al-Buhaira and Navigators, plus full indemnity for any liability of Gargrave herein, under the doctrine of wrongful act / tort of another.

## FOURTH CAUSE OF ACTION

### (Misrepresentation Against Navigators)

16. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

17. Gargrave issued a COFR to the M/V AJMAN 2, pursuant to a request from and an application submitted by Navigators. That application misrepresented the nature of the risk, the flag and registry of the vessel, her physical condition, her unseaworthiness, her lack of equipment and insufficient crew, and the type of voyage in which she was engaged. The misrepresentations were knowing and intentional when they were made by Navigators. Had Gargrave known the truth about the M/V AJMAN 2, Gargrave would not have issued a COFR to said vessel. Accordingly, for the aforesaid reasons, Gargrave is entitled to a declaration that the COFR it issued to the M/V AJMAN 2 is void, and has no further force and effect. Gargrave is further entitled to rescind and cancel the COFR issued to the M/V AJMAN 2, and is entitled to money damages as a result of the misrepresentations by Navigators.

## FIFTH CAUSE OF ACTION

### (Nondisclosure Against Navigators)

18. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

19. In its request and application for a COFR made to Gargrave, Navigators failed to disclose numerous material facts about the M/V AJMAN 2, including her flag and registry, her physical condition and unseaworthiness, her lack of equipment and inadequate crew, and the nature of the voyage in which was engaged. Navigators knew, when it failed to disclose those material facts to Gargrave, that Gargrave had no other source from which to glean that information.

20. As a result of the nondisclosures by Navigators, Gargrave is entitled to a declaration that the COFR it issued to the M/V AJMAN 2 is void and of no further force and effect. Gargrave is further entitled to rescind and cancel the COFR. Gargrave is also entitled to money damages for the intentional nondisclosures by Navigators.

## SIXTH CAUSE OF ACTION

### (Negligence Against Navigators)

21.     Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

22.     In applying to Gargrave for the COFR, Navigators was negligent in failing to disclose numerous material facts about the risk, including the flag and registry of the vessel, the condition of the vessel, her unseaworthiness, her lack of equipment and inadequate crew, and the nature of the voyage in which she was engaged.   In addition, Navigators negligently misrepresented those material facts, and others, to Gargrave.  As a result of the negligence of Navigators, Gargrave is entitled to rescind the COFR, and to cancel it.  Gargrave is also entitled to a declaration from this Court that the COFR issued to the M/V AJMAN 2 is null and void, and of no further force and effect.  Gargrave is also entitled to money damages for the negligence of Navigators.

### DEMAND FOR JUDGMENT IN FAVOR OF PLAINTIFF

23.     Pursuant to F.R.C.P. 14(c), Gargrave hereby demands judgment against Al-Buhaira and Navigators, in favor of plaintiff United States, and further demands that Al-Buhaira and Navigators answer and make any defenses to the claims of the United States, as set forth in the Verified Complaint, directly, as well as to the claims of Gargrave.

### PRAYER

**WHEREFORE**, Third-Party Plaintiff Gargrave prays for judgment as follows:

1.     For full and complete indemnification from the Third-Party Defendants, and each of them, jointly and severally, in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

2.     For contribution from the Third-Party Defendants, and each of them, jointly and severally, in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

3.     For a judgment pursuant to the provisions of F.R.C.P. 14(c) directly against the Third-Party Defendants, and each of them, jointly and severally, in favor of the plaintiff United

States, and for the Third-Party Defendants, and each of them, to make their defenses and answers directly to the claims of the United States, as well as to the claims herein of Third-Party Plaintiff Gargrave;

4.     For judgment against the Third-Party Defendants, jointly and severally, for Gargrave's costs, expenses and reasonable attorneys' fees incurred in defense of the United States' Verified Complaint and other pleadings; and

5.     For such other and further relief as this Court may deem just and proper..

DATED: September ___9th___, 2006     TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorneys for Defendant, Counter-Complainant,
Cross-Complainant, and Third-Party Defendant
S.J. GARGRAVE SYNDICATE 2724 *in personam*

# United States District Court

## District of GUAM

PLAINTIFF

UNITED STATES OF AMERICA, v.
INCHAPE SHIPPING SERVICES GUAM, LLC,
PLAINTIFF IN INTERVENTION,

V. DEFENDANT AND THIRD PARTY PLAINTIFF

MARWAN SHIPPING & TRADING CO., FIVE SEAS
SHIPPING CO., LLC and .S.J. GARGRAVE
SYNDICATE 2724, IN PERSONAM

V. THIRD PARTY DEFENDANT

AND CROSS-CLAIMS, COUNTERCLAIM
AND CLAIM IN INTERVENTION

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

CASE NUMBER: CIVIL 06-00011

To: (Name and Address of Third Party Defendant)

AL-BUHAIRA NATIONAL INSURANCE CO.
AL-BUHAIRA TOWER, CORNICHE ROAD
KALID LAGOON , SHARJAH, P.O. BOX 6000, UAE

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this court and serve upon

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| PLEASE SEE "SERVICE LIST" ATTACHED HERETO AS EXHIBIT A. | PLEASE SEE "SERVICE LIST" ATTACHED HERETO AS EXHIBIT A. |

First Amended
an answer to the/third-party complaint which is herewith served upon you within ___20___ days after the service
of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy
of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint,
*unless (1)* this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is
demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule
14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the
claim of plaintiff as well as to the claim of the third-party plaintiff.

MARY L. M. MORAN
Clerk Of Court

SEP 2 0 2006

CLERK

(BY) DEPUTY CLERK

DATE

ORIGINAL

| Attorneys for Plaintiff and Counterdefendant United States of America | Attorneys for Defendant, Cross-Complainant, and Third-Party Complainant S.J. Gargrave Syndicate 2724 |
|---|---|
| R. Michael Underhill, Esq.<br>Mimi Moon, Esq.<br>U.S. Dep't of Justice/Torts Branch<br>450 Golden Gate Avenue<br>PO Box 36028<br>San Francisco, CA 94102-3361<br>Mike.Underhill@usdog.gov<br><br>Mike W. Schwab, Esq.<br>Office of the U.S. Attorney General<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910<br>Mikel.Schwab@usdoj.gov | Forrest Booth, Esq.<br>Ryan Donlon, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3627<br>FB@severson.com<br>RCD@severson.com<br><br>Thomas Tarpley, Esq.<br>Tarpley & Moroni<br>Bank of Hawaii Building<br>134 Soledad Avenue, Suite 402<br>Hagatna, Guam 96910<br>Tarpley@guam.net |
| **Attorneys for Intervenor Inchape Shipping Services Guam LLC** | **Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co. and Five Seas Shipping Co., LLC** |
| David P. Ledger, Esq.<br>Elyze J. McDonald, Esq.<br>Carlsmith Ball LLP<br>Bank of Hawaii Building, Suite 401<br>134 West Soledad Avenue<br>Hagatna, Guam 96910<br>DLedger@carlsmith.com<br>EMcDonald@carlsmith.com | John E.D. Powell, Esq.<br>Stafford Reys Cooper<br>601 Union Street, Suite 3100<br>Seattle, WA 98101-1374<br>JPowell@staffordrey.com<br><br>Lawrence J. Teker, Esq.<br>Teker Torres & Teker, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam<br>L.Teker@tttguamlawyers.com |
| **Third-Party Defendant Navigators Protection & Indemnity** | **Third-Party Defendant Al-Buhaira National Insurance Co.** |
| Andrew Barker<br>Michael D. Newbery<br>Richard Rea<br>Room 974, Lloyd's, One Lime Street<br>London, EC3M 7HA, England, UK<br>MNewbery@navg.com<br>RRea@navg.com | Nader T. Qaddumi (General Manager)<br>Yousif R. Latif (Dy. General Manager – Marine)<br>Al Buhaira Tower, Corniche Road<br>Khalid Lagoon, Sharjah, P.O. Box 6000<br>United Arab Emirates<br>abnicho@albuhaira.com |

11620/0002/597421.1

# RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|

| NAME OF SERVER | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

_____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
_____Date_____                          *Signature of Server*


_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



1 | PETER D. KEISLER
Assistant Attorney General
2 | LEONARDO M. RAPADAS
United States Attorney
3 | MIKEL W. SCHWAB
Assistant U.S. Attorney
4 | Suite 502-A, Pacific News Bldg.
238 Archbishop Flores St.
5 | Agana, Guam 96910
Tel: (671) 472-7332/7208
6 | Fax: (671) 472-7334/7215
R. MICHAEL UNDERHILL
7 | Attorney in Charge
Torts Branch, Civil Division
8 | U.S. Department of Justice
7th Floor Federal Bldg., Room 7-5395
9 | P.O. Box 36028
450 Golden Gate Avenue
10 | San Francisco, California 94102-3463
Telephone: (415) 436-6648
11 | Fax: (415) 436-6632
mike.underhill@usdoj.gov
12
Attorneys for Plaintiff United States of America

13

**FILED**
DISTRICT COURT OF GUAM
APR 19 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

14

15 | UNITED STATES OF AMERICA,          ) Civil No. **06 - 0 0 0 1 1**
                                      )
16 |                   Plaintiff,      ) IN ADMIRALTY
                                      )
17 |          v.                       )
                                      )
18 | MARWAN SHIPPING & TRADING CO.,    ) VERIFIED COMPLAINT OF
     FIVE SEAS SHIPPING CO., LLC, and S.J.  ) THE UNITED STATES
19 | GARGRAVE SYNDICATE 2724, *in personam*,  )
                                      )
20 |                   Defendants.     )
     _____)

21

22 |     Plaintiff, the United States of America alleges upon information and belief as follows:

23 | **GENERAL ALLEGATIONS**

24 |     1.    This is a case of admiralty and maritime jurisdiction against Defendants

25 | MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J.

26 | GARGRAVE SYNDICATE 2724, *in personam*, as hereinafter more fully appears, and within Rule

27 | 9(h) of the Federal Rules of Civil Procedure.

28 | //

VERIFIED COMPLAINT

2.     The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

3.     Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 1395, and 33 U.S.C. § 2717.

4.     The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

5.     At all times material herein, Defendant MARWAN SHIPPING & TRADING CO. ("MARWAN") had a place of business in the United Arab Emirates and was doing business in Guam and within this district and within the jurisdiction of this Court, including through ownership and operation of the M/V AJMAN 2 at the time of, and with respect to, the matters sued upon herein.

6.     At all times material herein, MARWAN owned the M/V AJMAN 2.

7.     At all times material herein, MARWAN operated the M/V AJMAN 2.

8.     At all times material herein, MARWAN managed the M/V AJMAN 2.

9.     At all times material herein, MARWAN chartered the M/V AJMAN 2.

10.     At all times material herein, MARWAN controlled the M/V AJMAN 2.

11.     At all times material herein, Defendant FIVE SEAS SHIPPING CO., LLC ("FIVE SEAS") had a place of business in the United Arab Emirates and was doing business in Guam and within this district and within the jurisdiction of this Court, including through ownership, operation, and chartering of the M/V AJMAN 2 at the time of, and with respect to, the matters sued upon herein.

12. At all times material herein, FIVE SEAS was owner *pro hac vice* of the M/V AJMAN 2.

13. At all times material herein, FIVE SEAS operated the M/V AJMAN 2.

14. At all times material herein, FIVE SEAS managed the M/V AJMAN 2.

15. At all times material herein, FIVE SEAS chartered the M/V AJMAN 2.

16. At all times material herein, FIVE SEAS controlled the M/V AJMAN 2.

17. At all times material herein, and by reason of the matters alleged in this Complaint, Defendants MARWAN and FIVE SEAS were "responsible parties" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

18. At all times material herein, Defendant S.J. GARGRAVE SYNDICATE 2724 had a place of business in London, England, and was doing business in the United States and Guam and within this district and within the jurisdiction of this Court, including, but not limited to, by insuring and/or providing evidence of financial responsibility and certain guarantees pertaining to marine oil pollution liabilities incurred by or through the M/V AJMAN 2.

19. S.J. GARGRAVE SYNDICATE 2724 has provided evidence of financial responsibility and certain guarantees pertaining to the said vessel pursuant to statute and regulations; accordingly, pursuant to those statutes and regulations, and up to the monetary limits of its statutory and regulatory liability, the United States of America is entitled to bring its claims directly against said guarantor.

20. At all times material herein, Defendants MARWAN and FIVE SEAS, in addition to Defendant S.J. GARGRAVE SYNDICATE 2724, the latter solely up to the monetary limits of its statutory and regulatory liability, were agents of each other and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

21. In or about August and September, 2004, M/V AJMAN 2, while in the Exclusive Economic Zone, territorial seas, and navigable waters of the United States, posed a substantial threat of pollution to navigable waters of the United States, including the waters of Apra Harbor, Guam, and the resulting substantial threat of pollution to adjoining shorelines. The said

substantial threat of pollution included, but was not limited to, the fact that M/V AJMAN 2 grounded at Family Beach, adjacent to Hotel Wharf, in Apra Harbor. The foregoing substantial threat of pollution, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the "OPA Incident", said term "OPA" referring to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

22.　The OPA Incident was proximately caused, *inter alia*, by the acts, omissions, and strict liability of M/V AJMAN 2, her owners, crew, agents, servants, employees, and others for whom MARWAN and FIVE SEAS were responsible, all within the privity and knowledge of MARWAN and FIVE SEAS.

23.　As a result of the OPA Incident, and in order to alleviate the substantial threat of pollution caused by M/V AJMAN 2, the United States of America, by and through its various agencies and others acting on its behalf, responded to the OPA Incident and incurred removal costs and damages within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

24.　The precise amount of removal costs and damages sustained by the United States presently exceeds $829,051, the exact amount of said removal costs and damages to be established according to proof at the time of trial, plus interest, administrative charges, costs, disbursements, and statutory attorneys' fees.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST

## MARWAN, FIVE SEAS, AND S.J. GARGRAVE SYNDICATE 2724, *IN PERSONAM*

## (OIL POLLUTION ACT OF 1990)

25.　Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

26.　Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

27.　Under the circumstances herein, MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724 are liable to the United States of America, without limitation, for

all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA Incident.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST MARWAN, FIVE SEAS, AND S.J. GARGRAVE SYNDICATE 2724, *IN PERSONAM* (OIL POLLUTION ACT OF 1990)

28.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

29.     Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

30.     As a result of the OPA Incident, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

31.     Pursuant to the Oil Pollution Act of 1990, MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724 are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

32.     The aforesaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently unascertained.

WHEREFORE, the United States of America prays as follows:

1.     That United States of America be granted judgment against Defendants MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, pursuant to the verified Complaint of the United States herein;

2.     That the United States of America be granted declaratory judgment against Defendants MARWAN, FIVE SEAS, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, for pollution removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

//

//

//

VERIFIED COMPLAINT

5

3. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: March 29, 2006.

PETER KEISLER
Assistant Attorney General
LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB, Assistant U.S. Attorney


R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division, West Coast Office
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff United States of America

VERIFIED COMPLAINT

6

1
2   R. MICHAEL UNDERHILL says:

3       I am one of the attorneys for plaintiff, United States of America, herein, and make this

4   verification by authority for and on its behalf; I have read the foregoing Complaint, know the

5   contents thereof, and from information officially furnished to me believe the same to be true.

6       I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is

7   true and correct.

8       DATED: March 29, 2006.

9

10

11                                          R. MICHAEL UNDERHILL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT

7