CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff-in-Intervention
Inchcape Shipping Services Guam, LLC

**FILED**
DISTRICT COURT OF GUAM
DEC -7 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, in personam, NAVIGATORS PROTECTION & INDEMNITY, and AL-BUHAIRA NATIONAL INSURANCE COMPANY,<br><br>　　　　　Defendants.<br><br>AND CROSS CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION. | CIVIL CASE NO. CIV06-00011<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FOR SERVICE OF PROCESS UPON A FOREIGN CORPORATION (DEFENDANT AL BUHAIRA NATIONAL INSURANCE COMPANY) PURSUANT TO FED. R. CIV. P. 4(f)(2)(B) AND LETTER ROGATORY** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE AND LETTER ROGATORY**

**Writ: Summons in a Civil Action; Amended Complaint In Intervention of Plaintiff-in-Intervention Inchcape Shipping Services Guam, LLC**

The United States District Court, District of Guam presents its compliments to the appropriate Judicial Authority of the United Arab Emirates and requests international judicial

assistance to serve process upon Al Buhaira National Insurance Company, a defendant in the above captioned civil action currently pending before this Court. This Court requests the assistance described herein as necessary in the interest of justice. It has been represented to this Court that Defendant Al Buhaira National Insurance Company is doing business at the following address:

**AL BUHAIRA TOWER**
**KHALID LAGOON**
**POST OFFICE BOX 6000**
**SHARJAH**
**UNITED ARAB EMIRATES**

and/or

**AL BUHAIRA TOWER, CORNICHE ROAD**
**KHALID LAGOON**
**POST OFFICE BOX 6000**
**SHARJAH**
**UNITED ARAB EMIRATES**

The Court respectfully requests that you cause as many copies of the attached documents - Summons in a Civil Action, Amended Complaint In Intervention of Plaintiff-in-Intervention Inchcape Shipping Services Guam, LLC - as is necessary to comply with the laws of the United Arab Emirates to be served upon Al Buhaira National Insurance Company at either or both of the listed addresses in the manner prescribed for service of similar documents under the laws of the United Arab Emirates.

This Court further requests that, after service has been made, you cause the person who serves the documents upon Al Buhaira National Insurance Company to execute a Certificate of Service and return it, together with a copy of the documents served, to this Court at the address below.

Legal counsel for Inchcape is prepared to reimburse all reasonable expenses insofar as authorized by applicable law, statute, or treaty, that are incurred in executing this request for international judicial assistance.

This Court also assures your authority that it will reciprocate with similar assistance in like cases. The Court extends to the judicial authorities in the United Arab Emirates the assurance of its highest consideration.

DATED: Hagåtña, Guam, December 7th, 2006.

_____
MARY L.M. MORAN
Clerk of the Court
United States District Court
District of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagåtña, Guam 96910
United States of America

Telephone: (671) 473-9100
Facsimile : (671) 473-9152



RECEIVED
DEC - 6 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

⹀AO 440 (Rev 8/01) Summons in a Civil Action

# DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,
       Plaintiff,
V.
MARWAN SHIPPING & TRADING CO., FIVE
SEAS SHIPPING CO., LLC, S.J. GARGRAVE
SYNDICATE 2724, in personam, NAVIGATORS
PROTECTION & INDEMNITY, and AL-BUHAIRA
NATIONAL INSURANCE COMPANY,
       Defendants.
and CROSS-CLAIMS, COUNTERCLAIMS, and
CLAIM IN INTERVENTION.

SUMMONS IN A CIVIL CASE

CASE NUMBER: CIV06-00011

TO: (Name and address of Defendant)

| | |
|---|---|
| AL-BUHAIRA NATIONAL INSURANCE COMPANY | AL-BUHAIRA NATIONAL INSURANCE COMPANY |
| Al-Buhaira Tower | Al-Buhiara Tower, Cornilhe Road |
| Khalid Lagoon | Khalid Lagoon |
| Post Office Box 6000 | Post Office Box 6000 |
| Sharja | Sharja |
| United Arab Emirates | United Arab Emirates |

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910

an answer to the **Amended** complaint *In Intervention* which is served on you with this summons, within **Thirty (30)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran           DEC - 6 2006

CLERK                 DATE
/s/ Marilyn B. Alcon

(By) DEPUTY CLERK

◆AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                                         *Signature of Server*


                                                 _____
                                                 *Address of Server*


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Intervenor
Inchcape Shipping Services Guam LLC

**FILED**
DISTRICT COURT OF GUAM
NOV 3 0 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, S.J. GARGRAVE SYNDICATE 2724, in personam, NAVIGATORS PROTECTION & INDEMNITY, and AL-BUHAIRA NATIONAL INSURANCE COMPANY,<br><br>    Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION. | CIVIL CASE NO. 06-00011<br><br><br>**AMENDED COMPLAINT<br>IN INTERVENTION** |

## AMENDED COMPLAINT IN INTERVENTION

Intervenor Inchcape Shipping Services Guam LLC ("Inchcape") alleges as follows:

    1.    This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. § 1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.



4843-3792-5377.4.014026-00020

Case 1:06-cv-00011    Document 84    Filed 12/07/2006    Page 6 of 17

2. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. §§ 1345 and 2201.

3. Jurisdiction in this Court is also proper by way of diversity jurisdiction (28 U.S.C. § 1332), as the mater in controversy exceeds $75,000, and is between citizens of the United States and citizens and/or subjects of foreign states, specifically, the United Kingdom and the United Arab Emirates ("U.A.E.").

4. The Court also has pendent and/or ancillary jurisdiction over the matters set forth herein.

5. The conduct giving rise to Inchcape's claims also arose within this judicial district.

6. The Court has granted Inchcape's motion to intervene pursuant to Federal Rule of Civil Procedure 24.

7. The Court has also granted Inchcape's Motion to Amend its Complaint-in-Intervention, allowing the filing of this Amended Complaint-in-Intervention.

8. Inchcape is authorized and licensed to conduct business in Guam. Inchcape's core business on Guam is to act as a shipping agent for all manner of ocean-going vessels.

9. Inchcape is informed and believes that Defendant Marwan Shipping & Trading ("Marwan") is a corporation incorporated and existing under the laws of the U.A.E. with its principal place of business in Dubai, U.A.E.

10. Inchcape is informed and believes that Defendant Five Seas Shipping & Trading LLC ("Five Seas") is a corporation incorporated and existing under the laws of the U.A.E. with its principal place of business in Dubai, U.A.E.

11. On information and belief, Five Seas and Marwan are the alter egos of each other. Therefore, Five Seas and Marwan are jointly and severally liable on all claims asserted herein.

12. At all times pertinent to this action Marwan and/or Fives Seas, on information and belief, owned, owned pro hac vice, operated, managed, chartered, or controlled the vessel AJMAN 2, a foreign flagged and foreign registered vessel.

13. On information and belief, Defendant Navigators Protection & Indemnity ("Navigators") was and is duly organized and lawfully existing under the laws of the United Kingdom, with its principal place of business at London, England. Navigators is an insurer in the business of underwriting marine insurance, particularly protection and indemnity ("P&I") insurance and excess P&I insurance. On information and belief, Navigators was the excess P&I insurer for the AJMAN 2 at all times pertinent to this action.

14. On information and belief, Al-Buhaira National Insurance Company ("Al-Buhaira") was and is an insurer, engaged in underwriting marine insurance risks, particularly P&I risks at the primary layer. On information and belief, Al-Buhaira was the primary P&I insurer for the AJMAN 2 at all time pertinent to this action.

15. On April 19, 2006, the United States of America (the "Government") filed this lawsuit against Defendants Marwan, Five Seas, and S.J. Gargrave Syndicate 2724 ("Gargrave").

16. On July 24, 2006, Gargrave filed a Third-Party Complaint against Navigators and Al-Buhaira. Gargrave amended its Third-Party Complaint on September 20, 2006.

17. The underlying factual basis for the Government's lawsuit and this Complaint revolves around the entry of the AJMAN 2 into the territorial waters of Guam on or around August and September, 2004, and the aftermath of that event which includes but is not limited to substantial damage to property belonging to the Port Authority of Guam, for which Inchcape has been blamed and said to be liable in the amount of $1,000,000, and oil pollution avoidance measures. *See* Compl., ¶ 20.

18. The Government claims that the AJMAN 2 posed a substantial threat of pollution to the navigable waters of the United States, and in order to alleviate the substantial threat of pollution, the Government incurred removal costs and damages within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq. See* Compl., ¶¶ 21, 23.

19. The Government also claims that both Marwan and Five Seas owned, operated, managed, chartered and controlled the AJMAN 2. *See* Compl., ¶¶ 5-17.

20. Finally, the Government alleges it incurred costs and damages in excess of $829,051. *See* Compl., ¶ 24.

21. Inchcape acknowledges that it served as Five Seas' *shipping agent* for the particular voyage of the AJMAN 2 at issue. As shipping agent, Inchcape arranged the necessary clearances with local authorities for the vessel's entry into the Port of Guam, a port of the United States.

22. In conjunction with the AJMAN 2's entry into the Port of Guam, Marwan and/or Five Seas were required by law to apply for, secure, and supply to the United States Coast Guard a financial guarantee, after which the Coast Guard issues a Certificate of Financial Responsibility ("COFR") to the vessel, allowing it to come into port in the United States.

23. For a foreign flagged vessel, designating an agent for service of process in the United States is a prerequisite to obtaining a COFR.

24. On their application for a COFR, Marwan and/or Five Seas designated and appointed Inchcape as their agent for service of process. Until recently, Inchcape had no knowledge of this, and never consented to the designation and appointment.

25. Nevertheless, citing Marwan and/or Five Seas' Application for Vessel Certificate of Financial Responsibility (Water Pollution) appointing Inchcape as agent for service of process, the Government served its complaint and summons on Five Seas through Inchcape. *See* Summons filed May 18, 2006. When Inchcape protested, the Government asserted that Marwan and/or Five Seas were, at a minimum, estopped from claiming that they could not be served with process through service on Inchcape since their COFR application appointed Inchcape as agent for service of process.

26. The COFR application, which lists Inchcape as Marwan and/or Five Seas' agent for service of process, is filled out and signed by Geoffrey Woodcock, a representative of Marwan and/or Five Seas, or otherwise acting on Marwan's and/or Five Seas' behalf.

27. Inchcape had no role in filling out the COFR application, was never informed that Mr. Woodcock had designated and appointed Inchcape, and never consented to being an agent for service of process. Though the application shows Inchcape as having executed the "consent" portion of application for the COFR, Inchcape had never given such consent.

28. Despite not having consented to the appointment as agent for service of process, Inchcape notified Five Seas of the Government's lawsuit. Inchcape did this to avoid potential liability to Five Seas on a theory that should Five Seas not get notice and as a result

default, Five Seas would then contend Inchcape caused the default. Inchcape notified Five Seas on a without prejudice basis.

29. The Port Authority of Guam ("Port") has made a written demand against Inchcape for $1,000,000.00, and threatened to sue Inchcape for the same amount to recover for damage to the Port's wharf caused by the AJMAN 2 when it was in port on or around August or September, 2004.

30. The Port has informed Inchcape that in conjunction with its claim or lawsuit against Inchcape, the Port considers that it makes no difference that Five Seas and/or Marwan owned, operated, managed, chartered and controlled the vessel.

31. Instead, the Port has put Inchcape on notice that the Port considers Inchcape liable for damages caused by the AJMAN 2 on an agency theory.

32. The Port advised Inchcape that absent payment of the Port's claim, the Port will file its lawsuit before the expiration of the time allotted to file a lawsuit under the statute of limitations, that is, August 2007. On information and belief, the Port is in the process of soliciting bids to commence repair of the $1,000,000.00 worth of damage to the wharf.

33. In light of the Port's position on Inchcape's liability, Inchcape has diligently tried, without success, to cause Five Seas and/or Marwan and/or Navigators and/or Al-Buhaira to answer the Port's claim. Five Seas and/or Marwan and/or Navigators and/or Al-Buhaira have denied any responsibility for the damage caused by the AJMAN 2.

34. Inchcape has incurred attorneys fees in costs as a result of Five Seas' and/or Marwan's conduct, including but not limited to responding to the Port's claim and the Government's reliance on Five Seas designation of Inchcape as its agent for service of process.

35. On information and belief, Navigators and/or Al-Buhaira had insurance coverage in place for the AJMAN 2 during the time of the events outlined above. Notwithstanding certain proof to support this allegation, Navigators and Al-Buhaira have denied it.

36. In particular, as a prerequisite to issuing the COFR, Environmental Protection Group LLC ("EPG") required the AJMAN 2's owner to show proof that the AJMAN 2 was entered with a P&I club. Documentation submitted in conjunction with the application for the COFR displays Navigators as the AJMAN 2's P&I club.

37. The COFR that was issued in this case was arranged by EPG. On information and belief, the financial responsibility guaranteed by the COFR was underwritten by Gargrave.

38. Navigators and/or Al-Buhaira covered AJMAN 2 for the type of damages incurred by the Port of Guam.

39. Navigators and/or Al-Buhaira covered AJMAN 2 for the type of damages for which the Port of Guam claims Inchcape is liable.

**COUNT I: NEGLIGENCE BY FIVE SEAS AND/OR MARWAN**

40. Inchcape incorporates the allegations contained in paragraphs 1 through 39 above, as if fully set forth herein.

41. Five Seas and/or Marwan had a duty not to injure Inchcape, expose Inchcape to liability, cause Inchcape to incur expenses properly the responsibility of Marwan and/or Five Seas, or otherwise act unreasonably with respect to representing to third parties the scope of Inchcape's agency.

42. Five Seas and/or Marwan breached such duty owed to Inchcape.

43. Five Seas' and/or Marwan's breach of duty has caused Inchcape damages and have forced Inchcape to incur attorneys fees and costs.

44. Furthermore, Five Seas' and/or Marwan's breach of duty has substantially undermined Inchcape's defenses to the Port of Guam's claim for damages caused by the AJMAN 2, thereby exposing Inchcape to liability of $1,000,000.00 which does not rest with Inchcape but rather with Five Seas and/or Marwan. The precise amount of damages resulting from this breach of duty will be proven at trial.

45. Inchcape seeks recovery for damages and attorneys fees and costs resulting from Five Seas' and/or Marwan's negligent and false representations.

## COUNT II: FOR DECLARATORY RELIEF WITH RESPECT TO NEGLIGENCE BY FIVE SEAS AND/OR MARWAN

46. Inchcape incorporates the allegations contained in paragraphs 1 through 45 above, as if fully set forth herein.

47. Because of Five Seas' and/or Marwan's negligence, an actual controversy exists between the United States, Five Seas, Marwan, the Port of Guam and Inchcape as to the scope of Inchcape's actual agency.

48. Inchcape is therefore entitled to, and hereby seeks from this Court, a declaration of its rights and obligations. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that it is not Five Seas' and/or Marwan's agent for service of process and that its shipping agency terminated upon AJMAN 2's departure from Guam.

## COUNT III: INDEMNIFICATION FROM FIVE SEAS AND/OR MARWAN

49. Inchcape incorporates the allegations contained in paragraphs 1 through 48 above, as if fully set forth herein.

50. Because of Five Seas' and/or Marwan's conduct during and after the AJMAN 2's port call at Guam, and further upon Five Seas' and/or Marwan's negligence, Inchcape has been exposed to claims and liability to the Port of Guam in an amount approximating $1,000,000.00.

51. Marwan and/or Five Seas must indemnify Inchcape for this amount.

52. In the alternative, Inchcape is entitled to, and hereby seeks from this Court, a declaration of its rights and obligations. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that Five Seas and/or Marwan are directly liable to, and must answer, the Port of Guam's $1,000,000 claim against Inchcape.

## COUNT IV: FOR DECLARATORY RELIEF WITH RESPECT TO INSURANCE COVERAGE OF THE AJMAN 2

53. Inchcape incorporates the allegations contained in paragraphs 1 through 52 above, as if fully set forth herein.

54. Marwan and/or Five Seas secured insurance to cover incidents such as the damages claimed by the Port.

55. Marwan and/or Five Seas and Navigators and/or Al-Buhaira have denied such coverage.

56. Inchcape seeks a declaration from the Court under 28 U.S.C. § 2201 that Marwan and/or Five Seas have insurance coverage to answer the Port claims against Inchcape.

57. Inchcape also seeks a declaration that Navigators and/or Al-Buhaira insured the AJMAN 2 for damages including wharf damage caused to the Port.

## COUNT V: INDEMNIFICATION FROM NAVIGATORS AND AL-BUHAIRA

58. Inchcape incorporates the allegations contained in paragraphs 1 through 57 above, as if fully set forth herein.

59. Navigators and/or Al-Buhaira are responsible to pay for wharf damage caused by the AJMAN 2.

60. Any liability from Inchcape to the Port, which Inchcape vigorously contests, is passive and secondary in nature, as opposed to the active and primary fault and breaches of contract committed by Navigators and/or Al-Buhaira.

## COUNT VI: CONTRIBUTION AGAINST AL-BUHAIRA AND NAVIGATORS

61. Inchcape incorporates the allegations contained in paragraphs 1 through 60 above, as if fully set forth herein.

62. As a direct and proximate result of Navigators and/or Al-Buhaira's breaches of contract and of their respective duties to their insureds, and to others, Inchcape has suffered and will continue to suffer various damages to be proven at trial.

63. As a result of Inchcape's potentially having to pay amounts in excess of its proper liability, if any, Inchcape is and will be entitled to legal and/or equitable contribution from Al-Buhaira and/or Navigators, and each of them, for some or all of Inchcape's respective liabilities.

## COUNT VII: TORT OF ANOTHER AGAINST AL-BUHAIRA AND NAVIGATORS

64. Inchcape incorporates the allegations contained in paragraphs 1 through 63 above, as if fully set forth herein.

65. On information and belief, Al-Buhaira and Navigators made misrepresentations and omissions regarding insurance coverage, their respective liabilities at issue in this proceeding, the condition and state of the vessel, her flag and registry, the type of voyage she was engaged, and the extent and nature of her equipment. Inchcape further alleges that Al-Buhaira and/or Navigators breached their duties under their policies of P&I insurance, and otherwise. As a direct and proximate result of these negligent and intentional

misrepresentations and omissions, and breaches of duty and of contract by Al-Buhaira and Navigators, and each of them, Inchcape is being forced to respond to the Port's claim in place of Al-Buhaira and/or Navigators.

66. Inchcape has incurred substantial attorney fees and costs in responding to the Port's claim, and will continue to incur such fees and costs until the issues involved herein are resolved. Inchcape is entitled to recover these fees and costs from Al-Buhaira and/or Navigators, plus full indemnity for any liability of Inchcape herein, under the doctrine of wrongful act or wrongful tort of another.

WHEREFORE Inchcape prays:

1. For an Order declaring that Inchcape is not Five Seas' and/or Marwan's agent for service of process and that Inchcape's status as shipping agent terminated when the AJMAN 2 departed Guam in August or September 2004.

2. For injunctive relief, enjoining Five Seas and/or Marwan from further appointing Inchcape as its agent for service of process without Inchcape's consent.

3. For damages incurred as a result of the harm to Port facilities caused by the AJMAN 2 consisting primarily of but not limited to attorneys fees, costs, and consequential damages, all to be proven specifically at trial.

4. For attorneys fees and costs incurred as a result of Five Seas' and/or Marwan's negligently designating Inchcape as its agent for service of process; alternatively for indemnification of damages flowing from Five Seas' and/or Marwan negligent appointment of Inchcape as agent for service of process.

5. For indemnification from Five Seas and/or Marwan to cover Inchcape's liability on the Port of Guam's written demand for damage caused by the AJMAN 2;

alternatively for a declaration that Marwan and/or Five Seas must answer the Port's claim and demand directly.

6. For a finding that Five Seas and/or Marwan has P&I coverage for the harm caused to Port of Guam facilities.

7. For indemnification and/or contribution from Five Seas and/or Marwan and/or Navigators and/or Al-Buhaira to cover Inchcape's liability on the Port of Guam's written demand for damage caused by the AJMAN 2; alternatively for a declaration that Marwan and/or Five Seas and/or Navigators and/or Al-Buhaira must answer the Port's claim and demand directly.

8. For such other and further relief as the Court directs.

DATED: Hagåtña, Guam, November 30, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Intervenor
Inchcape Shipping Services Guam LLC