LAWRENCE J. TEKER
**TEKER TORRES & TEKER, P.C.**
Suite 2-A, 130 Aspinall Avenue
Hagåtña 96910-5018, Guam
Telephone: (671) 477-9891
Facsimile: (671) 472-2601

JOHN E.D. POWELL, WSBA #12941
**CAIRNCROSS & HEMPELMANN, PS**
524 Second Avenue, Suite 500
Seattle WA 98104
Telephone: (206) 587-0700
Facsimile: (206) 587-2308

Attorneys for Defendants *Marwan Shipping
& Trading, Five Seas Shipping Co., LLC,
and Al-Buhaira National Insurance Co.*

FILED
DISTRICT COURT OF GUAM
JAN 26 2007
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC AND S.J. GARGRAVE SYNDICATE 2724, IN PERSONAM, NAVIGATORS PROTECTION & INDEMNITY, AND AL-BUHAIRA NATIONAL INSURANCE COMPANY,<br><br>Defendants<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY COMPLAINT, AND CLAIM IN INTERVENTION. | NO. CIV06-00011<br><br>**AL BUHAIRA NATIONAL INSURANCE COMPANY'S ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN INTERVENTION** |

### ANSWER TO AMENDED COMPLAINT IN INTERVENTION

1. Admit.

2. This answering defendant admits that this Court has jurisdiction of this matter.

3. Admit.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 1

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011   Document 98   Filed 01/26/2007   Page 1 of 7
ORIGINAL

4. This answering defendant is without knowledge and information sufficient to answer this paragraph and therefore denies same.

5. Denied.

6. Admit.

7. Admit.

8. This answering defendant is without knowledge and information sufficient to answer this paragraph and therefore denies same.

9. An answer to this paragraph is not required from this answering defendant.

10. An answer to this paragraph is not required from this answering defendant.

11. An answer to this paragraph is not required from this answering defendant.

12. An answer to this paragraph is not required from this answering defendant.

13. An answer to this paragraph is not required from this answering defendant.

14. Al Buhaira National Insurance Company is an insurer engaged in writing marine insurance risks. Al Buhaira was the Hull and Machinery insurer of the AJMAN 2. The Hull and Machinery insurance included limited P&I coverage as well. That policy speaks for itself. Except as so admitted, the allegations of paragraph 14 are denied.

15. Admit.

16. Admit.

17. The underlying factual basis for the U.S. government's lawsuit and Inchcape's Amended Complaint in Intervention revolve around the events that followed from the entry of the AJMAN 2 into the Port of Guam and the negligent acts and omissions of agents of the US and Inchcape. Except as so admitted, the allegations of paragraph 17 are denied.

18. The US Government claimed that the AJMAN 2 posed a substantial threat of pollution. The complaint speaks for itself. Except as so admitted, the allegations of paragraph 18 are denied.

19. Denied.

20. Admit.

21. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 2 of 7

22. These answering defendants admit that an agent in the US had to be designated and that a COFR was required before the AJMAN 2 was allowed to enter the Port of Guam. Except as so admitted, the allegations of paragraph 22 are denied.

23. These answering defendants are without knowledge and information sufficient to answer this paragraph and therefore deny same.

24. The COFR application speaks for itself. Except as so admitted, the allegations of paragraph 24 are denied.

25. The US Government served its summons and complaint on Five Seas through Inchcape. Except as so admitted, the allegations of paragraph 25 are denied.

26. The COFR application speaks for itself. Except as so admitted, the allegations of paragraph 24 are denied.

27. Denied.

28. Inchcape notified Five Seas of the Government's Lawsuit. Except as so admitted, the allegations of paragraph 28 are denied.

29. These answering defendants are without knowledge and information sufficient to answer paragraph 29 and therefore deny same.

30. These answering defendants are without knowledge and information sufficient to answer paragraph 30 and therefore deny same.

31. These answering defendants are without knowledge and information sufficient to answer paragraph 31 and therefore deny same.

32. These answering defendants are without knowledge and information sufficient to answer paragraph 32 and therefore deny same.

33. Denied.

34. Denied.

35. Navigators, Al Buhaira and S.J. Gargrave were insurers of the AJMAN 2. As for Al Buhaira National Insurance Company, the existence of that insurance has never been denied. Except as so admitted or commented upon, the allegations of paragraph 35 are denied.

36. Navigators and Al Buhaira and S.J. Gargrave were insurers of the AJMAN 2. Except as so admitted, the allegations of paragraph 36 are denied.

37. Admit.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 3

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 3 of 7

38. This answering defendant does not know what damage was incurred by the Port of Guam and therefore can neither admit nor deny the allegations.

39. This answering defendant is without knowledge and information sufficient to answer this paragraph and therefore denies same.

40-52. An answer to these paragraphs is not required from this answering defendant.

53. No answer is required to paragraph 53.

54. This answering defendant does not know what damages the Port claims and is, therefore, without knowledge and information sufficient to answer this paragraph, and therefore denies same.

55. Al Buhaira National Insurance Company has neither admitted nor denied coverage for any claims which may be made by the Port. Until it is known what damages the Port may claim, this answering defendant cannot take a position on coverage. Accordingly, the allegations of this paragraph are denied.

56. Inchcape seeks a declaration. Except as so admitted, denied.

57. Inchcape seeks a declaration. Except as so admitted, denied.

58. No answer is required to paragraph 58.

59. This answering defendant is without knowledge and information sufficient to answer this paragraph and therefore denies same.

60. Denied.

61. No answer is required to paragraph 61.

62. Denied.

63. Denied.

64. No answer is required to paragraph 64.

65. Denied.

66. Denied.

## AFFIRMATIVE DEFENSES TO INTERVENOR'S AMENDED COMPLAINT

1. Failure to state facts sufficient to constitute a cause of action against this answering defendant.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 4

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 4 of 7

2. This answering defendant is informed and believes that if the Intervenor plaintiff sustained any injuries and damages, they proximately resulted from the conduct of the Intervenor plaintiff and/or others.

3. The claims set forth in the complaint in intervention are time barred.

4. Intervenor plaintiff, by its conduct and/or the conduct of its agents, servants, representatives, or employees, has waived and/or is estopped and barred from any rights of recovery against this answering defendant.

5. Intervenor plaintiff is barred from any relief against this answering defendant by reason of unclean hands.

6. Intervenor plaintiff and/or other parties not related to this defendant were careless and negligent in and about the matters referred to in the complaint in intervention, or were otherwise responsible and legally liable for the allegations contained in said pleading, which negligence, carelessness, and/or legal liability proximately contributed to and/or were the sole proximate cause of the damages or injuries complained of, if any there be. Such negligence, carelessness, and/or liability bar and/or proportionately reduce any recovery against this answering defendant.

7. Intervenor plaintiff has failed to mitigate and minimize its damages, if any there be, and said failure eliminates or reduces any claim for relief by Intervenor plaintiff against this answering defendant.

8. In the event it is held liable, this answering defendant alleges that its liability is secondary to other parties in this action and on that basis allege that any award to which the Intervenor plaintiff is entitled must first be satisfied by said other parties.

9. Intervenor plaintiff lacks standing to assert its claims in this action.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 5

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 5 of 7

10. Intervenor plaintiff's claims, if any, are not ripe for adjudication at this time and/or in this forum.

11. This answering defendant hereby incorporates all defenses raised or that could be raised by other parties to this action as if asserted here in full.

12. This answering defendant reserves the right to supplement and add to these affirmative defenses as appropriate.

DATED this 26th day of January, 2007.

**CAIRNCROSS & HEMPELMANN, PS**

**TEKER TORRES & TEKER, P.C.**

By: _____
PHILLIP TORRES, ESQ., Attorneys for
Defendant Marwan Shipping & Trading Co.,
Sharjah, Five Seas Shipping Co., LLC, Sharjah, and
Al-Buhaira National Insurance Co.

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 6

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 6 of 7

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States that on this date I caused to be served in the manner noted below a copy of this document entitled AL BUHAIRA NATIONAL INSURANCE COMPANY'S ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN INTERVENTION; AND COUNTERCLAIM on the following individuals:

> Office of the United States Attorney
> 108 Hernan Cortez Avenue, Suite 500
> Hagåtña, Guam 96910
>
> David Ledger
> Carlsmith Ball LLP
> Bank of Hawaii Building
> 134 West Soledad Avenue, Suite 401
> Hagåtña, Guam 96932-5027
>
> Thomas Tarpley, Esq.
> Law Offices of Thomas Tarpley
> Bank of Hawaii Building
> 134 West Soledad Avenue, Suite 402
> Hagåtña, Guam 96910

DATED this 26th day of January, 2007.

_____
PHILLIP TORRES

AL BUHAIRA NATIONAL INSURANCE COMPANY'S
ANSWER TO INCHCAPE'S AMENDED COMPLAINT IN
INTERVENTION
CAUSE NO. CIV06-00011 - 7

Cairncross & Hempelmann, P.S.
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

Case 1:06-cv-00011    Document 98    Filed 01/26/2007    Page 7 of 7