LAWRENCE J. TEKER
**TEKER TORRES & TEKER, P.C.**
Suite 2-A, 130 Aspinall Avenue
Hagåtña 96910-5018, Guam
Telephone: (671) 477-9891
Facsimile: (671) 472-2601

JOHN E.D. POWELL, WSBA #12941
**CAIRNCROSS & HEMPELMANN, PS**
524 Second Avenue, Suite 500
Seattle WA 98104
Telephone: (206) 587-0700
Facsimile: (206) 587-2308

Attorneys for Defendants *Marwan Shipping & Trading, Five Seas Shipping Co., LLC, and Al-Buhaira National Insurance Co.*

FILED
DISTRICT COURT OF GUAM
MAR -6 2007
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC AND S.J. GARGRAVE SYNDICATE 2724, IN PERSONAM, NAVIGATORS PROTECTION & INDEMNITY, AND AL-BUHAIRA NATIONAL INSURANCE COMPANY,<br><br>Defendants<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY COMPLAINT, AND CLAIM IN INTERVENTION. | NO. CIV06-00011<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GARGRAVE SYNDICATE 2724'S MOTION TO DISMISS CROSS-CLAIM OR ALTERNATIVELY TO STAY THE CROSS-CLAIM**<br><br>Accompanying Documents: Opposition; Declaration of John E.D. Powell; Table of Foreign Authorities; Proposed Order<br><br>Complaint Date: April 19, 2006<br>Trial Date: Not set |

## I. RELIEF REQUESTED

Defendants and Cross-claimants Marwan Shipping & Trading Company and Five Seas Shipping Company, LLC (collectively, "Marwan") respectfully request that this Court deny Defendant and Cross-claimant Gargrave Syndicate 2724's ("Gargrave") motion to dismiss or

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

CAUSE NO. CIV06-00011
Case 1:06-cv-00011    Document 110    Filed 03/06/2007    Page 1 of 17
ORIGINAL

stay the cross-claims brought against it by Marwan ("Marwan Cross-claims"). Gargrave's motion is premised on an incomplete presentation of the facts, and the omitted information clearly establishes that this Court is the proper forum for the resolution of the Marwan Cross-claims. In its motion, Gargrave neglects to mention the existence, much less address the impact, of its own cross-claims against Marwan, which go to the same issues and rely on the same factual record as the Marwan Cross-claims. Additionally, Gargrave misleads the Court by failing to reveal all of the terms of its insurance agreement with Marwan, and instead, providing only the Cover Note and omitting the underlying insurance policy. This policy expressly provides that in the event Gargrave fails or refuses to pay any amount claimed to be due, it will "submit to the jurisdiction of a court of competent jurisdiction within the United States of America" at Marwan's request.

For these and additional reasons, the Marwan Cross-claims should be permitted to proceed to trial before this Court. The Marwan Cross-claims arise out of the same nexus of fact as all of the other claims at issue in this litigation, and the prompt and complete disposition of the other parties' claims will require this Court to make findings that go to the very heart of the relief Marwan seeks. Therefore, Gargrave's motion should be denied.

## II. STATEMENT OF FACTS

In August 2004, the M/V AJMAN 2, suffering mechanical problems and running low on fuel, sought permission from the U.S. Coast Guard to enter Apra Harbor, Guam, in order to seek protection from an oncoming typhoon. Declaration of John E.D. Powell in Support of Opposition to Motion to Dismiss ("Powell Decl."), ¶ 2. Pursuant to regulations governing vessel access to U.S. waters, the Coast Guard required Marwan, as the general agent and manager of the M/V AJMAN 2, to secure oil pollution insurance and a certificate of financial responsibility ("COFR") demonstrating an ability to reimburse the U.S. for any damages incurred as a result of actual or threatened oil pollution. Id.; 33 U.S.C. § 2701, et seq.

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323

CAUSE NO. CIV06-00011

Case 1:06-cv-00011   Document 110   Filed 03/06/2007   Page 2 of 17

In compliance with the Coast Guard's request, Marwan contacted Navigator's Protection & Indemnity ("Navigator's"), Gargrave's coverholder, to arrange for the required pollution insurance and COFR guaranty. Powell Decl., ¶ 2. Navigator's instructed Ropner Insurance Ltd. to broker an insurance policy through Environmental Protection Group, LLC ("EPG"), a United States insurer of marine pollution risks, on behalf of Gargrave. Id. As soon as Marwan was issued vessel pollution insurance No. 04HV123X0005 on or about August 19, 2004, EPG executed a COFR guaranty designating Gargrave as the guarantor. Powell Decl., Ex. A and B. The COFR guaranty stated that the M/V AJMAN 2 was insured by Gargrave against liability for costs and damages that Marwan may be subject to under certain federal environmental and pollution laws. Powell Decl., Ex. B. It also stated that "the Insurer consents to be sued directly with respect to any claim, including any claim by right of subrogation, for costs and damages arising under [certain sections of the Oil Pollution Act of 1990 ("OPA")] or [the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")] against any Assured." Id. The COFR guaranty designated a New York agent for any related service of process on Gargrave. Id.

The M/V AJMAN 2 was subsequently allowed to enter Apra Harbor, Guam. A few days later, the M/V AJMAN 2 dragged anchor and ran aground. Powell Decl., ¶ 2.

The Coast Guard effected removal of the vessel from the beach and, on April 19, 2006, the United States brought suit against Marwan, Five Seas, and Gargrave in the United States District Court of Guam, alleging that the defendants were subject to financial liability pursuant to OPA. Complaint, Docket Item No. 1. Specifically, the United States alleged that Marwan and Five Seas, as owners, operators and charterers of the vessel M/V AJMAN 2, were primarily responsible for costs incurred by the Coast Guard in connection with its removal and pollution abatement operation. Id. The United States further alleged that because Gargrave provided insurance, certain guaranties and evidence of financial responsibility pertaining to marine oil

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323

CAUSE NO. CIV06-00011 - 3

pollution liabilities incurred by the M/V AJMAN 2, it also was liable for certain removal and abatement damages. Id.

Marwan and Five Seas tendered the defense, indemnity, and guaranty obligations to Gargrave pursuant to the terms of the OPA insurance and COFR guaranty. Powell Decl., ¶ 6. Gargrave rejected this tender. Id. On July 12, 2006, Gargrave answered the complaint solely on its own behalf, raised counterclaims against the United States and asserted seven cross-claims against Marwan, including:

- Equitable indemnity, alleging that Marwan is primarily liable to the United States due to its "active and primary fault and breaches of obligations, duties of care and contract…" and that Gargrave is entitled to full indemnification for any judgment obtained against it by the United States.

- Contribution, alleging that Gargrave is entitled to recover from Marwan any amounts in excess of its proper liability for damages due to Marwan's breach of contract and duties to the vessel, the United States, and others.

- Fraud and Misrepresentation, alleging that Marwan issued knowingly false information to Gargrave in connection with its application for a COFR and seeking to rescind and void the COFR guaranty Gargrave ultimately issued.

- Nondisclosure, alleging that Marwan intentionally failed to provide certain information to Gargrave in its application for a COFR and seeking to rescind and void the COFR guaranty Gargrave ultimately issued.

- Negligence, alleging that Marwan negligently filed a false and incomplete COFR application and seeking to rescind the COFR guaranty Gargrave ultimately issued.

- Tort of another, alleging that Gargrave was compelled to litigate this matter because Marwan "made misrepresentations and omissions, acted negligently, willfully and carelessly and breached various contracts and other agreements in connection with the ownership, chartering, crewing, operation and husbanding of the M/V AJMAN 2."

- Declaratory relief, alleging that Gargrave is entitled to a declaration of its rights and obligations under the COFR guaranty and a declaration that it is not obligated to insure and/or indemnify Marwan for any obligations of the AJMAN 2.

Answer to Complaint, Crossclaim against Marwan Shipping and Trading Co., Five Seas Shipping Co., LLC., Counterclaim against USA, Docket Item No. 17. Gargrave asserted that the

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

CAUSE NO. CV06-0011

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

Case 1:06-cv-00011   Document 110   Filed 03/06/2007   Page 4 of 17

Court had pendent and/or ancillary jurisdiction over its cross-claims due to their relation to the underling federal maritime claims of the United States. Id.

Marwan brought three cross-claims of its own against Gargrave on January 24, 2007, alleging that Gargrave improperly refused to honor the COFR Guaranty and underlying OPA insurance contract . Crossclaim against S.J. Gargrave Syndicate, Docket Item No. 95. By the motion now before this Court, Gargrave moves to dismiss these cross-claims, alleging that they are precluded by an English jurisdiction clause in the Cover Note of the parties' insurance agreement, which states: "This Insurance shall be governed by and construed in accordance with the laws of England and the exclusive jurisdiction of the English courts. The seat of arbitration shall be London[.]" Motion to Dismiss, Docket Item No. 103; Declaration of Myles Sunley ("Sunley Decl."), Docket Item No. 107, Ex. D. The Cover Note also states, however, as a "condition," that it is subject to the terms of London Vessel Pollution Insurance Policy LSW 1220 (3/99)(the "Policy"), which contains the following provision:

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Powell Decl., Ex. A. Pursuant to the Policy, Gargrave also consented to service of any such suit and agreed to be bound by any resulting decision of a United States court:

> It is further agreed that the Assured may serve process upon Underwriters' representatives as provided in Item 7 of the Declarations and that in any suit instituted against any of them upon this contract the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

Id. The agreement further granted Gargrave similar authority to bring suit against Marwan in the United States, as well as the right to seek to remove any such case from state to federal court, to remand it from federal to state court, or to transfer venue among state or federal courts. Id. Tellingly, it is these provisions of the Policy—reserving to the insured the right to sue Gargrave in the courts of the United States if it refuses to pay Marwan's claims under the Policy—that Gargrave fails to reveal to this Court.

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
**Law Offices**
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323

CAUSE NO. C06-0011

## III. EVIDENCE RELIED UPON

This opposition is based upon the declarations of John E.D. Powell and the pleadings, records, and files herein.

## IV. ARGUMENT AND AUTHORITY

The full factual and procedural record of this case, and not simply the partial picture presented by Gargrave, demonstrates that the Marwan Cross-claims must be resolved by this Court. Gargrave, by its own actions and its own contract terms, has elected to commence suit on OPA insurance issues in Guam; Gargrave seeks affirmative relief from this Court that is premised on assertions regarding the validity of its contracts with Marwan, and it should not be able to prevent Marwan from bringing what are essentially compulsory counterclaims in response. Such a result would undermine judicial policy, prevent Marwan from fully and fairly defending, and result in an inefficient use of judicial resources that could lead to inconsistent results. Gargrave's motion should be denied.

Gargrave asserts that the Cover Note to the OPA insurance policy contains an enforceable forum selection clause requiring arbitration in England and that as a result, this Court lacks subject matter jurisdiction and venue over the Marwan Cross-claims. The Ninth Circuit has stated that it will analyze a contract-based forum dispute as a venue challenge pursuant to FRCP 12(b)(3); it has not recognized the application of FRCP 12(b)(1) to the issue. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party..." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). "As a result, at least until facts are resolved, in many cases the non-moving party will survive the 12(b)(3) motion."[1] Id. at 1139. In the present case, there is a heated dispute regarding the acts

---

[1] An arbitration clause should also be analyzed under 12(b)(3) and not 12(b)(1), as parties cannot create or divest subject matter jurisdiction by agreement. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326 (1986); Brown v. Philadelphia Housing Authority, 350

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

CAUSE NO. CV06-00011

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

Case 1:06-cv-00011   Document 110   Filed 03/06/2007   Page 6 of 17

and intentions surrounding the OPA insurance policy and COFR guaranty, as well as the parties' representations regarding the condition and operation of the M/V AJMAN 2 in Apra Harbor in August 2004. Powell Decl., ¶ 8. (Gargrave itself challenges the validity and enforceability of the insurance policy that contains the English jurisdiction clause it now relies upon.[2]) For purposes of this motion, any factual disputes must be resolved in Marwan's favor.

**A. The rules of contract interpretation do not support Gargrave's analysis.**

The Cover Note provision on which Gargrave bases its Motion to Dismiss is not as clear or complete as Gargrave would lead this Court to believe. Rather, a careful examination of the Cover Note provision and the underlying insurance Policy, viewed together, demonstrate that the language is ambiguous. First, the clause that Gargrave cites is internally unclear. It states that "this insurance" shall be subject to the jurisdiction of the English courts, but does not make any reference to the parties or their disputes, leaving the scope of the provision undefined. The provision also purports to grant exclusive jurisdiction to the English courts while at the same time making reference to arbitration. Second, the insurance Policy, which Gargrave wholly failed to reveal or address in its motion, contains a service of suit clause that expressly provides for litigation in the United States. Paragraph 14 of the Policy states that "in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder," Gargrave will submit to suit in the United States at Marwan's request. It also provides that in any such suit instituted against Gargrave "upon this contract," it will "abide by the final decision of the Court

---

F.3d 338, 345 (3rd Cir. 2003). A motion to dismiss cannot be maintained under FRCP 12(b)(1) because although that defense cannot be waived, the right to arbitrate can be. See, e.g., Hoffman Const. of Oregon v. Active Erectors and Installers, Inc., 969 F.2d 796 (9th Cir. 1992); Frye v. Paine Webber, Jackson & Curtis, Inc., 877 F.2d 396 (5th Cir. 1989).

[2] In this regard, Gargrave's position is inconsistent. If it truly believes that the COFR guaranty and underlying insurance contract are void or subject to rescission, it cannot also seek to selectively enforce a provisions contained within these agreements. See, e.g. Evolution Online Systems, Inc. v. Koninklijke PTT Netherland N.V., 145 F.3d 505 (2nd Cir. 1998) ("Thus, if no contract exists, the language of the forum-selection clause cannot logically deprive Evolution of its significant right of access to the courts of the United States.").

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323

or of any Appellate Court in the event of an appeal." Further, Gargrave consents to accept service of process and agrees to enter a general appearance "in the event any such suit shall be instituted." Although the federal courts and most state courts have done away with the distinction between general and special appearances, this provision indicates that Gargrave has agreed to appear without objection in the event it is sued in the United States, subject to its right to seek removal, remand, or transfer of venue to another federal or state court in the United States.

The ambiguity created by these provisions should be resolved in favor of allowing the Marwan Cross-claims to proceed before this Court. Although the Cover Note contains language that Gargrave construes as a choice of law provision that requires the application of English law, its scope is ill-defined and Marwan does not concede its applicability. However, regardless of whether United States or English law is applied, the result is the same: the Marwan Cross-claims should not be dismissed or stayed.

**1. Applying United States canons of contract interpretation, Gargrave's motion must fail.**

It is a long-settled rule of insurance law that when ambiguities exist in the language of an insurance policy, they must be liberally construed in favor of the insured. Stroehmann v. Mutual Life Ins., Co. of New York, 300 U.S. 435, 439, 57 S.Ct. 607 (1937) ("The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured."). "[A]ny ambiguity or uncertainty in an insurance policy is to be resolved against the insurer.'" Reserve Insurance Co. v. Pisciotta, 640 P.2d 746, 768 (Cal. 1982) (citations omitted). "Words used in an insurance policy are to be interpreted according to the plain meaning that a layperson would attach to them. A policy is ambiguous if it is capable of two or more reasonable constructions." Blue Ridge Ins. Co. v. Stanewich,, 142 F.3d 1145, 1147 (9th Cir.1998). The purpose of this rule is to protect the insured's reasonable expectations when the insurer controls the language of the policy. Reserve Ins., 640 P.2d at 768. Although

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

CAUSE NO. CV06-0011    Case 2:06-cv-00011    Document 110    Filed 03/06/2007    Page 8 of 17

deference is generally given to arbitration provisions, they are contracts nonetheless and are subject to the rules of contract interpretation.

Despite Gargrave's judicious use of ellipsis and excerpts, as well as its complete failure to address the service of suit provision contained in the body of the insurance Policy, it cannot escape the fact that the relevant provisions, when viewed in context, are ambiguous and must be reconciled. Discovery is ongoing with regard to the parties' negotiation and execution of the Cover Note, the OPA insurance policy, and the COFR guaranty; however, absent such relevant information, the cannons of contract law can still guide this Court's interpretation of the contract. Under these principles, Gargrave's motion must be denied.

"A written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations." <u>Klamath Water Users Protective Ass'n v. Patterson</u>, 204 F.3d 1206, 1210 (9th Cir. 1999). Under this rule, a contract must not be construed so as to render any part superfluous. Looking first to the Cover Note provision, the plain language refers to both judicial resolution and arbitration. It states "This insurance shall be governed by and construed in accordance with the laws of England and the exclusive jurisdiction of the English courts. The seat of arbitration shall be London." Under Gargrave's preferred construction, the provision would require all disputes to be resolved by arbitration, thereby ignoring the reference to the English courts. This construction is not reasonable, as it fails to give effect to the entire provision. Construing the provision as a whole in a manner that gives effect to each portion, it is evident that the Cover Note intends to give "exclusive jurisdiction" over "this insurance" to the English courts, and that only disputes falling outside the scope of that express grant of jurisdiction may be arbitrated.

Looking next to the service of suit clause contained in the OPA Policy, it cannot be construed as immaterial or irrelevant. The only way it too can be given effect is to construe it as a "carve-out" from the general English jurisdiction provision, one that becomes available when the underwriters fail to pay any amount claimed to be due under the policy. This understanding

MARWAN AND FIVE SEAS' MEMORANDUM  
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*  
*Law Offices*  
*524 Second Avenue, Suite 500*  
*Seattle, Washington 98104-2323*

CAUSE NO. C06-0011

is reasonable in light of the risk for which the insurance Policy was issued—the Policy provides coverage for OPA liability. OPA liability can arise only in U.S. waters, and thus any litigation involving such liability will be brought by the United States government in federal court. As an OPA guarantor, Gargrave acknowledged that it was insuring against risks that could occur only in U.S. waters, and for that reason, it expressly consented to be sued directly in the United States in the event of an OPA incident. It was based on these unvarying assumptions that the parties to the insurance contract intended for claims arising out of a denial of OPA coverage to be joined with any U.S. litigation brought by the United States government regarding OPA liability. Under this reasonable interpretation, which gives effect to every provision of the contract, the Marwan Cross-claims are properly before this Court.

Additionally, Gargrave has affirmatively waived any contract-based right to challenge the forum of the Marwan Cross-claims. "[I]t is well settled that a contracting party may unilaterally waive a provision of the contract, including, as a general rule, any condition precedent, which has been placed in the contract for his or her benefit." 13 Williston on Contracts § 39:24. The English jurisdiction provision in the Cover Note was solely for Gargrave's benefit, as only Gargrave resides in London. The insured vessel, the coverage area, and the situs with regard to any litigation involving a claim of OPA liability were all in the United States. By opting to raise insurance-based claims against Marwan in connection with the instant action, however, Gargrave has waived its ability to assert that the parties' insurance-related disputes must be resolved in London.

Under well-established contract interpretation rules, Gargrave's analysis is without merit. The Marwan Cross-claims must proceed to trial before this Court.

**2. Under English contract law, Gargrave's motion also fails.**

Under English law, the English jurisdiction provision cited by Gargrave is also rendered ambiguous by the service of suit clause contained in the OPA policy. As there is no direct authority of the English court that reconciles a service of suit clause with an exclusive English

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323

CAUSE NO. CV06-0011

Case 1:06-cv-00011    Document 110    Filed 03/06/2007    Page 10 of 17

jurisdiction clause, general principles of English contract law apply. The overarching rule of contract interpretation in England is that the court must endeavor to give effect and a sensible commercial meaning to the contract as a whole, while seeking to reconcile competing or inconsistent terms. In <u>Antaios Naviera SA v. Salen Rederierna AB</u>, AC 191, 201 (1985), Lord Diplcok stated that "If detailed semantic and syntactical analysis of words in a commercial contract is going to lead to a conclusion that flouts business commonsense, it must be made to yield to business commonsense." Additionally, in the case of <u>Jumbo King Ltd. v Faithful Properties Ltd.</u>, 2 HKCFAR 279 (1999), the court noted that the overriding objective was to give effect to what the parties intended to mean, rather than the meaning ascribed to the words by a "pedantic lawyer."

The English jurisdiction clause in the Cover Note expressly refers to the exclusive jurisdiction of the English <u>courts</u>. It then refers to the <u>seat</u> of the arbitration as London. An English court will construe the provision as a grant of jurisdiction to the court, not as a requirement that any disputes be resolved by arbitration because the clause's reference to arbitration arises only in relation to location (i.e. its seat) and not in relation to any substantive jurisdiction. The English court would likely conclude that the reference to arbitration was simply a drafting error when examined in the context of the clause as a whole. Additionally, when the English jurisdiction clause is analyzed in conjunction with the service of suit provision in the OPA policy, it is likely that the English court will adopt the analysis explained above—that the service of suit clause operates as a "carve out" from the exclusive jurisdiction clause, which, if exercised, will override the more general provision contained within the Cover Note.

Additionally, under English law, Gargrave has waived any application of the English jurisdiction clause by bringing cross-claims against Marwan in the United States. In <u>Akai Pty Ltd. v. People's Insurance Co. Ltd.</u>, Lloyds Rep. 90 (1998), an English court considered the operation of Section 32 and 33 of the Civil Jurisdiction and Judgments Act 1982, which sets out relevant principles for the enforcement in England of overseas judgments obtained in breach of a

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

CAUSE NO. C1V06-00-00011    Document 110    Filed 03/06/2007    Page 11 of 17

party's forum selection agreement. Section 32 does not require English courts to recognize a foreign judgment obtained against a party in violation of a forum selection provision; provided, however, that the party has not engaged in actions constituting a voluntarily submission to the foreign court's authority. According to the judgment in Akai,

> [T]he question for the Court, in determining whether the steps taken by a party in an overseas Court amounts to a submission for the purposes of S.32 or S.33, is whether the step was only necessary or useful if the party was not objecting to the jurisdiction. A step that is not consistent with or relevant to the challenge to the jurisdiction or obtaining a stay will usually be a submission to that jurisdiction.

Id. at 97. Gargrave was in no way obligated to assert claims for affirmative relief against Marwan in connection with its defense against the underlying action, as cross-claims are always permissive. Gargrave's voluntary attempt to obtain a substantive declaration from this Court regarding the extent and nature of its obligations under the COFR guaranty and underlying insurance contract is inconsistent with a challenge to this Court's jurisdiction to resolve the Marwan Cross-claims. The substantive nature of Gargrave's own cross-claims against Marwan constitutes a waiver under English law of any rights it may have had to enforce the English jurisdiction clause contained in the Cover Note.

### B. A stay or dismissal of the Marwan Cross-claims will preclude Marwan from fully defending against Gargrave's cross-claims, decrease judicial efficiency, and increase the risk of inconsistent results.

A forum selection clause may be set aside if enforcement would be unreasonable and unjust, or if the clause is invalid for fraud or overreaching. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907 (1972). A court may also refuse to uphold a clause that effectively denies a party his day in court. Id. at 18. Here, due to the nature of the underlying litigation, as well as the procedural ramifications that a dismissal or stay would have on Marwan's ability to defend in this litigation, Gargrave's motion should be denied.

"Forum selection clauses can be unreasonable where there is a possibility of prejudice to the parties through conflicting judgments by the concurrent litigation in two courts, or when

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*phone: 206-287-7700 fax: 206-587-2308*

CAUSE NO. CIV06-0010
Case 1:06-cv-00041   Document 110   Filed 03/06/2007   Page 12 of 17

forcing them to re-file subordinate claims in a separate court would be a gross waste of the parties' and the court's resources." Mylan Pharmaceuticals, Inc. v. American Safety Razor Co., 265 F. Supp.2d 635 (D.W.Va. 2002) (citing Taylor Investment Corp. v. Weil, 169 F.Supp.2d 1046, 1061 (D.Minn.2001) and Ace Novelty, Inc. v. Vijuk Equip., Inc., 1991 WL 150191, at *7 (N.D.Ill. July 31, 1991)). In Mylan Pharmaceuticals, a court found that such circumstances existed, and as a result, it did not enforce an otherwise unambiguous forum selection clause negotiated by the parties. A buyer of allegedly defective cotton balls sued both the seller and the supplier in West Virginia. When the supplier cross-claimed against the seller, the seller moved to dismiss the cross-claims on venue grounds pursuant to a forum selection clause contained in an agreement between the parties. The court concluded that the nature of the litigation justified setting aside the forum selection clause:

> Dismissing the cross claim and forcing the parties to refile in New York would not only increase their own costs, but also force the Southern District of New York to expend its resources in handling the case, by either letting it remain on its docket until this action is resolved, or... transferring it back to this Court. Such an exercise would be a gross waste of the parties' and the Court's resources. Enforcement of the forum selection clause is therefore unreasonable.

265 F. Supp.2d at 640.

Similarly, in Taylor Inv. Co. v. Weil, a court refused to dismiss one party's cross-claims pursuant to a forum selection clause when doing so would force another court to address essentially the same issues as the original action. At issue in that case was Taylor's purchase of software from CMAC (a value-added reseller offering a product originally manufactured by Geac) and its president Weil. When the software failed to perform as promised, Taylor sued CMAC, Weil, and Geac in Minnesota. Geac cross-claimed against Weil and CMAC, prompting Weil and CMAC to cross-claim against Geac. Geac then moved to dismiss Weil and CMAC's cross-claims pursuant to a Texas forum selection clause in an agreement between the parties. The court noted the intertwined nature of the litigation and refused to give effect to the provision.

> Currently, all claims relating to the StarBuilder license agreement are joined before this Court. Ultimate resolution of this case will dispose of all claims among the parties with respect to StarBuilder. Geac essentially requests that the Court

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

dismiss a portion of the lawsuit and force Weil and CMAC to re-file those claims in Texas. Under these circumstances, that decision could result in either preclusion of Weil's and CMAC's claims in the Texas courts or in the potential for conflicting judgments. In addition, a decision requiring Weil and CMAC to re-file certain claims in Texas would be an inefficient use of judicial resources as well as an unnecessary waste of the litigants' resources….Retaining jurisdiction over the cross-claims of Weil and CMAC will allow this Court to fully and finally resolve all claims stemming from the StarBuilder license agreement. Enforcement of the forum selection clause in this case would be both unreasonable and potentially unjust.

For the same reasons that the <u>Taylor</u> and <u>Mylan</u> courts refused to give effect to a forum selection clause, this Court should deny Gargrave's motion and resolve the Marwan Cross-Claims in the instant suit. The Marwan Cross-claims are based on the same underlying facts as Gargrave's cross-claims and the United States' original claims, all of which turn on a series of events involving the M/V AJMAN 2's permission to enter and remain in Apra Harbor in August 2004. Indeed, the M/V AJMAN 2 could not have even entered Apra Harbor if Gargrave had not issued the Policy and executed a COFR guaranty. The parties' claims involve the same witnesses and documentary evidence, as well as the resolution of the same material facts and issues of law.

Granting Gargrave's motion would also effectively deny Marwan the ability to fully and fairly defend against Gargrave's cross-claims. The Marwan Cross-claims are compulsory counterclaims to Gargrave's allegations, because they "arise out of the transaction or occurrence that is the subject mater of the opposing party's claim…" FRCP 13(a). Thus, if Marwan is precluded from raising them in this action, it may be collaterally estopped from obtaining the same relief at a later date or in a different forum. Additionally, both Gargrave and Marwan's cross-claims center on duties and obligations that arise out of OPA, a statute that is unique to the United States and best analyzed by a United States court. If the Marwan Cross-claims were litigated in England, the English court would be required to interpret and apply U.S. law and would compel the parties to submit expert evidence from U.S. lawyers in the form of testimony. This would not only increase the risk of an inconsistent interpretation of OPA, it would increase

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

CAUSE NO. CIV06-00010004

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

Case 1:06-cv-00011   Document 110   Filed 03/06/2007   Page 14 of 17

the parties' costs and duplicate their efforts in the U.S. litigation. If Marwan is not permitted to raise its cross-claims claims in this action, it will be substantively and procedurally prejudiced.

Likewise, Gargrave is not entitled to a stay of the Marwan Cross-claims. As discussed above, the Marwan Cross-claims do not fall within the scope of the Cover Note's arbitration provision. Even if they did, however, a stay would not be warranted. In directing this Court's attention to Section 9 of the English Arbitration Act, Gargrave neglects to cite subsection (3), which precludes a party from applying for a stay of judicial proceedings "after he has taken any step in the proceedings to answer the substantive claim." Here, Gargrave has taken a much more procedurally significant step. Gargrave brought its own substantive claims against Marwan, challenging the scope and validity of the COFR guaranty and insurance contract, as well as Marwan's performance of its contractual obligations. Consequently, under the English Arbitration Act, Gargrave can not maintain that the responsive Marwan Cross-claims must be stayed.

There is no equitable basis for permitting Gargrave's claims against Marwan to proceed but requiring Marwan's claims against Gargrave to be stayed or dismissed. Gargrave's motion is unreasonable in light of its assertion of cross-claims seeking affirmative relief.

## V. CONCLUSION

Gargrave has provided this Court with an incomplete picture of the parties' agreement and, as a result, it has provided this Court with incomplete analysis. The Policy terms that Gargrave hides from the Court are fundamental to the sole reason that Marwan obtained OPA insurance in the first place—to acquire a COFR guaranty and OPA insurance at the insistence of the United States government as a precondition to allowing the M/V AJMAN 2 to shelter in Apra Harbor. And it is those terms, which provide for venue in the United States courts in the event Gargrave denies coverage, that determine this motion. Moreover, by asserting positive claims of non-coverage in its own cross-claims against Marwan, Gargrave has also waived its claim of improper venue. Deciding the claims of all parties—of the United States, Gargrave, and

MARWAN AND FIVE SEAS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

CAUSE NO. CIV06-00011 - 15

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

Case 1:06-cv-00011   Document 110   Filed 03/06/2007   Page 15 of 17

Marwan—in this lawsuit was the parties' intention under the Policy and it is the only fair and judicially efficient result. Gargrave's motion should be denied.

DATED this 6th day of March, 2007.

                                    **CAIRNCROSS & HEMPELMANN, PS**

                                    **TEKER TORRES & TEKER, P.C.**

By _/s/ Lawrence J. Teker_
LAWRENCE J. TEKER, ESQ.,
Attorneys for Defendants, Marwan Shipping & Trading Co., Sharjah, Five Seas Shipping Co., LLC, Sharjah, and Al-Buhaira National Insurance Co.

MARWAN AND FIVE SEAS' MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

CAUSE NO. CIV06-00011
Case 1:06-cv-00011  Document 110  Filed 03/06/2007  Page 16 of 17

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GARGRAVE SYNDICATE 2724'S MOTION TO DISMISS CROSS-CLAIM OR ALTERNATIVELY TO STAY THE CROSS-CLAIM** on the following individuals:

| | |
|---|---|
| R. Michael Underhill, Mimi Moon Torts Branch, Civil Division US Department of Justice 450 Golden Gate Avenue, Room 7-5395 PO Box 36028 San Francisco, CA 94102-3463 | Forrest Booth Ryan Donlon Severson & Werson One Embarcadero Center, 26th Floor San Francisco, CA 94111 |
| David Ledger Carlsmith Ball LLP Bank of Hawaii Building, Suite 401 134 West Soledad Avenue PO Box BF Hagåtña, Guam 96932-5027 | Thomas M. Tarpley Jr. Tarpley & Moroni LLP Bank of Hawaii Building 134 West Soledad Ave., Suite 402 Hagåtña, Guam 96910 |
| Office of the United States Attorney 108 Hernan Cortez Avenue, Suite 500 Hagåtña, Guam 96910 | |

[ ] Via First Class Mail
[X] Via Messenger
[X] Via E-mail

DATED this 6th day of March, 2007, at Hagåtña, Guam.

_____
LAWRENCE J. TEKER

MARWAN AND FIVE SEAS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*

CAUSE NO. CIV06-00011

Case 1:06-cv-00011  Document 110  Filed 03/06/2007  Page 17 of 17