THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724

FILED
DISTRICT COURT OF GUAM
APR 26 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Civil Case No.: 06-00011<br><br>**OBJECTION TO AND MOTION TO REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS**<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

ORIGINAL

COMES NOW Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"), and objects to and moves this Court to remove from the file and not consider the unauthorized and untimely "brief" filed herein by Defendants Marwan Shipping & Trading Co. (hereinafter "Marwan"), Five Seas Shipping Co., LLC (hereinafter "Five Seas") and Al Buhaira National Insurance Company (hereinafter "Al Buhaira"). Although the document is entitled "Supplemental Declaration of John E.D. Powell in Opposition to Gargrave Syndicate 2724's Motion to Dismiss Cross-Claim or Alternatively to Stay the Cross-Claim", in fact the document is an unauthorized 38 page supplemental brief wherein Marwan, Five Seas and Al Buhaira seek to get the last word concerning Gargrave's motion. This sort of flaunting of the rules of procedure should not be tolerated.

## I. INTRODUCTION AND MOTION TO REMOVE FROM FILE

The filing of the brief/supplemental declaration violates this Court's rules. The Local Rules of this Court provide that, with regard to motions, only three briefs shall be filed: an opening brief in support of the motion, an opposition, and a reply. L.R. 7.1(c) and (d). L.R. 7.1(g) makes it clear that, in order to file an additional brief which is not one of those three, a party first needs leave of court. That rule reads as follows:

> Each party may submit briefs or memoranda in support of or in opposition to any pending motion ... without leave of Court ... The moving party may submit a reply brief or memoranda ... without leave of Court.

By specifying the three briefs parties may file without leave of court, the rule makes it clear that any additional briefs require leave of court before they may be filed. Therefore the brief/supplemental declaration is not allowed, and should be stricken. *See, e.g., Harrison v. Perea*, 168 U.S. 311, 318-319 (1897) (matters not properly before the court held to be impertinent and properly stricken on demurrer); *Cobell v. Norton*, 213 F.R.D. 42 (D.D.C. 2003) (improper and untimely filing was stricken because "it is only fair to require all parties ... to comply with the Federal Rules of Civil Procedure and Local Rules."). *Id.*

- 2 -

Gargrave respectfully requests that the Court order the brief/supplemental declaration of Marwan, Five Seas and Al Buhaira removed from the file, and that the Court not consider it for any purpose. If the Court so rules, the Court need not consider Gargrave's substantive rebuttal to the brief/supplemental declaration which is contained below.

## II. THE BROKER ROPNER, AS AGENT FOR MARWAN AND FIVE SEAS, NEGOTIATED WITH GARGRAVE ON BEHALF OF ROPNER'S PRINCIPALS

### A. Ropner Was The Agent Of Marwan And Five Seas

As the brief/supplemental declaration states, Ropner Insurance Services Ltd. in London (hereinafter "Ropner"), acting as the broker for Marwan and Five Seas, placed with Gargrave the insurance coverage which is at issue. Supplemental Declaration, p. 4, ll. 7-8. Mr. Harcombe, a Ropner broker, was responsible for brokering the COFR insurance cover for the vessel owners. *Id.*, at ll. 17-19. Mr. Gargrave confirmed this during his deposition, at p. 109, ll. 16-20 (attached to the brief/supplemental declaration). Of course, insurance brokers when placing policies of marine insurance in the London market are always acting as the agent of the (prospective) insured party (here, Marwan and Five Seas). *Edinburgh Assurance Co. v. R.L. Burns Corp.*, 479 F.Supp. 138, 144-146 (C.D. Cal. 1979), aff'd in relevant part and rev'd in part at 669 F.2d 1259 (9th Cir. 1982):

> The English law is long settled that insurance brokers are agents of the assured for purposes of negotiation and placement of the insurance, including preparation of the broker's slip, and the broker is the agent only of the assured for these purposes ...
>
> Under California law, it is settled that an insurance broker is the agent for the assured in the negotiation and placement of insurance.

479 F.Supp. at 151. *See* California Ins. Code Sections 33, 1623 (broker does not act on behalf of the insurer, only the insured). *Accord*, 2 Barry R. Ostrager and Thomas A. Newman, *Handbook on Insurance Coverage Disputes* § 18.02[b] (13th ed. 2006).

### B. Ropner Specified What It Wanted To Purchase

Ropner, as agents for Marwan and Five Seas, came to Gargrave and asked him to underwrite pollution insurance coverage for the vessel AJMAN 2, on a recognized London market form called LSW1220. Ropner knew exactly what Mr. Gargrave had to sell (the

- 3 -

11620/0002/624458.1
Case 1:06-cv-00011    Document 127    Filed 04/20/2007    Page 3 of 7
OBJECTION TO AND MT REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF [Civil Case No.: 06-00011]

LSW1220 form of coverage), and that is what Ropner wanted to purchase on behalf of its clients, Marwan and Five Seas. In other words, Ropner knew that Gargrave was selling a blue Honda Civic, and Ropner wished to purchase a blue Honda Civic. Ropner and Mr. Gargrave negotiated together, as his deposition clearly shows, and they reached a meeting of the minds. This was a negotiation, even if all the broker said was "Do you agree to insure this ship?" and Mr. Gargrave said "Yes". As the brief/supplemental declaration states at p. 5, ll. 16-17, "... Mr. Harcombe [a broker] arranged for Gargrave to issue the COFR guarantee and related OPA coverage." Even counsel for Marwan and Five Seas' own questions describe the process as "negotiation": "... when the contract of insurance was being negotiated ..." Gargrave Deposition, p. 125, ll. 18-19. The contract which resulted from that negotiation should be enforced, including its arbitration clause.

C. **There Was Never Any Question About The Form Of The Insurance**

Ropner, as agent for Marwan and Five Seas, prepared the cover note evidencing the contract of insurance. Gargrave Deposition, p. 112, l. 25 to p. 113, l. 13. It clearly provided that the LSW1220 policy form would be used. Gargrave is surprised that the brief/supplemental declaration claims that counsel for Marwan and Five Seas "only recently" obtained a copy of the LSW1220 form "from a third party source". Declaration at p. 8, l. 26 to p. 9, l. 1. Even if Marwan and Five Seas did not get a copy of the LSW1220 form from their broker Ropner in 2004, it was produced to all counsel, including counsel for Marwan and Five Seas, on November 9, 2006, as part of Gargrave's Initial Disclosures herein. *See* the Declaration of Forrest Booth In Support Of Motion To Remove From File And Not Consider Unauthorized Brief Of Marwan And Five Seas and Exhibit A thereto (document bearing Bates-stamp numbers GAR0099 to GAR0111). Marwan and Five Seas have had the LSW1220 form at least for over six months, if not for two-plus years.

D. **Any Mistake Ropner Made In The Documentation Was Trivial And Of No Significance**

The brief/supplemental declaration makes much, at p. 6, of the fact that Mr. Gargrave testified that there was a mistake in the arbitration clause in the Ropner cover note. While

- 4 -

11620/0002/624458.1    OBJECTION TO AND MT REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF [Civil Case No.: 06-00011]
Case 1:06-cv-00011    Document 127    Filed 04/26/2007    Page 4 of 7

Mr. Gargrave freely acknowledged that there was a mistake, he went on to explain that the mistake was simply that the heading and first part of a standard arbitration clause was missing.

> Q: You know what I mean, though, when I ask you to show me an arbitration clause, don't you?
>
> A: I am aware that arbitration clauses normally have a heading "Arbitration Clause", yes.
>
> Q: Thanks. And there is not such a thing here, is there?
>
> A: No. There isn't.

Gargrave Deposition, p. 124, ll. 18-24.

Perhaps the arbitration clause in the Ropner cover note should have said "All disputes shall be subject to arbitration" before the phrase (which does appear), "The seat of arbitration shall be London." Nevertheless, there clearly was a meeting of the minds between the broker and the Underwriter: disputes should be arbitrated, and they should be arbitrated in London. If one argues otherwise, the phrase "the seat of arbitration shall be London" is rendered meaningless, and all portions of a written contract should be enforced whenever possible. Marwan and Five Seas have submitted no contrary evidence of any other intention of the parties to the contract.

### E. This Court Can Transfer This Matter

Given that the parties agreed that disputes would be arbitrated, the only involvement of **any** court should be to issue appropriate orders compelling the parties to arbitrate, in the event they refuse. The provisions of the Service of Suit clause in the contract are not to the contrary. While in the first part of the service of suit clause, Underwriters' right to commence a declaratory judgment action is limited to courts of competent jurisdiction "in the United States of America", the second part of the clause is not so limited. Supplemental Declaration, p. 7, ll. 13-17. Underwriters are given the right to seek transfer of any suit to **any other court of competent jurisdiction**; it specifically does **not** limit the right of transfer to courts in the United States. Marwan and Five Seas seek to inject a limitation into the clause which simply is not there.

### III. CONCLUSION

The Court must bear in mind that Gargrave entered into two separate written contracts with Ropner Insurance Services, Ltd., as agents for Marwan and Five Seas. The first was an

- 5 -

insurance policy, called vessel pollution insurance or "OPA insurance". The second was a financial guarantee called a "COFR guarantee". The later, while a financial instrument, is not an insurance policy.

The Plaintiff herein, United States of America, as a third party beneficiary, sued Gargrave on the COFR guarantee only. Gargrave then sued Marwan and Five Seas for indemnity or contribution for the Government's claim under the COFR guarantee. Up until that point, the policy of pollution insurance was not involved in this lawsuit in any way. It was not until the cross-claim of Marwan and Five Seas was filed that insurance (as opposed to the COFR guarantee) was introduced into the action. Gargrave's right to demand arbitration is contained in the insurance agreement, and therefore Gargrave had no right to demand arbitration in London until a claim involving his insurance policy was presented. Now that Marwan and Five Seas have done so, the London arbitration provision should be enforced. This action in Guam will be greatly simplified and shortened if it is confined only to the issues of the COFR guarantee which were initially raised by Plaintiff United States of America. The insurance issues can be arbitrated more swiftly and efficiently in London under English law, as the parties specifically agreed to do by the insurance policy terms. Gargrave's motion to dismiss the cross-claim should be granted, and the arbitration clause enforced

Dated this 25th day of April, 2007.

THOMAS McKEE TARPLEY, JR.
A Professional Corporation

By: _____
THOMAS McKEE TARPLEY, JR.,
Attorney for Defendant, Cross-Claimant
and Counterclaimant S.J. GARGRAVE
SYNDICATE 2724

- 6 -
11620/0002/624458.1
OBJECTION TO AND MT REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF [Civil Case No.: 06-00011]
Case 1:06-cv-00011   Document 127   Filed 04/26/2007   Page 6 of 7

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on April 26, 2007, I caused to be served a true and correct copy of the **OBJECTION TO AND MOTION TO REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS,** to the following:

R. Michael Underhill, Esq.
Attorney in Charge
c/o Mike W. Schwab, Esq.
OFFICE OF THE UNITED STATES ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
*Attorneys for Plaintiff and Counterdefendant United States of America*

John E.D. Powell, Esq.
c/o Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co. and Five Seas Shipping Co., LLC*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
*Attorneys for Intervenor Inchcape Shipping Services Guam LLC*

Ellen G. Lauck, Esq.
c/o Thomas C. Sterling, Esq.
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
Suite 1008, Pacific News Bldg.
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
*Attorneys for Navigators Insurance Co., dba Navigators Protection & Indemnity*

Dated this 26 day of April, 2007.

_____
DOROTHEA QUICHOCHO