LAW OFFICE
**THOMAS McKEE TARPLEY**
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

**FORREST BOOTH** (Cal. Bar No. 74166) (admitted pro hac vice)
**RYAN C. DONLON** (Cal. Bar No. 229292) (admitted pro hac vice)
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant, Counter-Complainant,
Cross-Complainant, and Third-Party Complainant
S.J. GARGRAVE SYNDICATE 2724
9ZP79

FILED
DISTRICT COURT OF GUAM
APR 26 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>   Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>   Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Civil Case No.: 06-00011<br><br>**MOTION FOR LEAVE TO FILE FACSIMILE DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION TO REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS**<br><br>Complaint Date: April 19, 2006<br>Trial Date: None Set |

Cross-Defendant S.J. Gargrave Syndicate 2724 ("Gargrave") hereby moves the Court pursuant to GR 5.1(a) of the Local Rules of Practice for the District Court of Guam, for leave to file the attached facsimile Declaration of Forrest Booth In Support of Motion to Remove From File And Not Consider Unauthorized Brief of Marwan and Five Seas. Upon receipt of said original signature, the undersigned will immediately file it with Court.

Dated this ___ day of April, 2007.

THOMAS McKEE TARPLEY,
ATTORNEY FOR DEFENDANT,
CROSS-CLAIMANT AND COUNTERCLAIMANT
S.J. GARGRAVE SYNDICATE 2724

## CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on April 26, 2007, I caused to be served a true and correct copy of the **MOTION FOR LEAVE TO FILE FACSIMILE DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION TO REMOVE FROM FILE AND NOT CONSIDER THE UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS,** to the following:

R. Michael Underhill, Esq.
Attorney in Charge
c/o Mike W. Schwab, Esq.
OFFICE OF THE UNITED STATES ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
*Attorneys for Plaintiff and Counterdefendant United States of America*

John E.D. Powell, Esq.
c/o Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co. and Five Seas Shipping Co., LLC*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
*Attorneys for Intervenor Inchcape Shipping Services Guam LLC*

Ellen G. Lauck, Esq.
c/o Thomas C. Sterling, Esq.
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
Suite 1008, Pacific News Bldg.
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
*Attorneys for Navigators Insurance Co., dba Navigators Protection & Indemnity*

Dated this 26 day of April, 2007.

DOROTHEA QUICHOCHO

```
 1  THOMAS M. TARPLEY, JR.
    A Professional Corporation
 2  Bank of Hawaii Building
    134 Soledad Avenue, Suite 402
 3  Hagatna, Guam 96910
    Telephone: (671) 472-1539
 4  Facsimile: (671) 472-4526
    Electronic mail: tarpley@guam.net
 5
    FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
 6  RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
    SEVERSON & WERSON
 7  A Professional Corporation
    One Embarcadero Center, Suite 2600
 8  San Francisco, CA 94111
    Telephone: (415) 398-3344
 9  Facsimile: (415) 956-0439
    Electronic mail: fb@severson.com
10  Electronic mail: rcd@severson.com

11  Attorneys for Defendant, Cross-Claimant and
    Counterclaimant S.J. GARGRAVE SYNDICATE 2724
12
```

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants. | Civil Case No.: 06-00011<br><br>**DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION TO REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS**<br><br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |
| AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | |

I, Forrest Booth, declare:

1. I am an attorney duly licensed to practice law before all courts in the State of California, and am admitted *pro hac vice* herein. I am a member of the law firm of Severson & Werson, counsel of record for Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave").

2. I have personal knowledge of the facts stated in this Declaration, and if called as a witness to testify as to them, I can and will competently do so.

3. Attached hereto and marked as Exhibit A is a true and correct copy of the London U.S. Vessel Pollution Insurance Policy, Form LSW1220. This document bears Bates-stamp numbers GAR0099 through GAR0111. This document, bearing those Bates-stamp numbers, was produced to all counsel herein with Gargrave's Rule 26 Initial Disclosures; these were transmitted by me to all counsel herein on November 9, 2006.

Sworn this 25th day of April, 2007, under penalty of perjury under the laws of the State of California and of the United States at San Francisco, California.

By: _____
FORREST BOOTH

- 2 -
11620/0002/624445.1
DECL OF BOOTH ISO MT REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF [Civil Case No.: 06-00011]

Case 1:06-cv-00011   Document 128   Filed 04/26/2007   Page 5 of 20

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on April 26, 2007, I caused to be served a true and correct copy of the **DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION TO REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF OF MARWAN AND FIVE SEAS,** to the following:

R. Michael Underhill, Esq.
Attorney in Charge
c/o Mike W. Schwab, Esq.
OFFICE OF THE UNITED STATES ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
*Attorneys for Plaintiff and Counterdefendant United States of America*

John E.D. Powell, Esq.
c/o Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam
*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co. and Five Seas Shipping Co., LLC*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
*Attorneys for Intervenor Inchcape Shipping Services Guam LLC*

Ellen G. Lauck, Esq.
c/o Thomas C. Sterling, Esq.
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
Suite 1008, Pacific News Bldg.
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
*Attorneys for Navigators Insurance Co., dba Navigators Protection & Indemnity*

Dated this 26 day of April, 2007.

_____
DOROTHEA QUICHOCHO

- 3 -
11620/0002/624445.1
DECL OF BOOTH ISO MT REMOVE FROM FILE AND NOT CONSIDER UNAUTHORIZED BRIEF
[Civil Case No.: 06-00011]
Case 1:06-cv-00011  Document 128  Filed 04/26/2007  Page 6 of 20

**EXHIBIT A**

# LONDON U.S. VESSEL POLLUTION INSURANCE POLICY

This Insurance (the "Insurance Policy") does not constitute evidence of financial responsibility under the Oil Pollution Act of 1990 (Pub.L.No. 101-380, 104 Stat 484 (1990)), as amended (the "Act") or any similar Federal or State Law, and it is a condition of this Insurance Policy that it shall not be submitted to the United States Coast Guard or any other Federal or State Agency as evidence of financial responsibility. The Underwriters do not consent to be Guarantors.

I. INSURING AGREEMENT

In consideration of the premium stated herein and subject to all of the terms, conditions and limitations contained herein, the Underwriters do hereby agree to indemnify the Assured for such amounts in excess of the deductible shown on Item 3 of the Declarations or the underlying limits shown on Item 3 of the Declarations (the "Underlying Limits") as the Assured shall, as owner or operator of the vessel(s) named in Item 10 of the Declarations, have become liable to pay, and shall pay, by reason of or with respect to:

FIRST: Liability under Section 1002 of the Act for a discharge of oil as defined in Section 1001 (23) of the Act, or the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States for the following specified removal costs or damages:

1. Removal Costs:

    (a) removal costs incurred by the United States of America, a State, or an Indian tribe under subsection (c), (d), (e), or (i) of Section 1321 of the Federal Water Pollution Control Act (33 U.S.C. § 1251 et seq.), as amended (the "FWPCA"), under the Intervention on the High Seas Act (33 U.S.C. § 1471 et seq.) (the "IHSA"), or under State law, insofar as such removal costs are recoverable under the Act;

    and

    (b) removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan (as defined in Section 1001 (19) of the Act);

2. Damages as specified in Section 1002(b)2 of the Act;

3. Liability of the Assured for contribution under an action brought pursuant to Section 1009 of the Act;

4. Advertising costs incurred in accordance with Section 1014(b) of the Act;

SECOND: Liability under Section 1005(a) of the Act to a claimant for interest on an amount paid in satisfaction of a claim under Section 1002 of the Act;

THIRD: Liability of the Assured as owner or operator pursuant to Section 9607(a) (1) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 U.S.C. § 9607 et seq.) ("CERCLA"), for the release or threatened release of a hazardous substance into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America, as well as liability of the Assured for contribution brought pursuant to CERCLA Section 9613(f)1.

FOURTH: Liability under the statute(s) or regulation(s) of the United States of America or any State or political subdivision thereof or under an action brought pursuant to common law that is consistent with and equivalent in nature or scope to liabilities imposed under the Act or CERCLA for removal costs or damages resulting from a discharge or substantial threat of discharge of oil or release or threatened release of hazardous substances into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America, but only if such removal costs or

**GAR 0099**

damages would be recoverable under the Act or CERCLA for the same incident. In no event shall the coverage afforded under this Section FOURTH be broader in nature or scope than coverage provided under Section FIRST, Section SECOND or Section THIRD above;

FIFTH: Liability for the discharge of any other substance other than oil (as defined under the Act) or hazardous substances (as defined under CERCLA) into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America for which indemnity is neither specifically covered nor specifically excluded elsewhere in this Insurance Policy. This section FIFTH shall not cover costs, charges and expenses incurred for removal or for mitigation of costs unless done with the prior written consent of Underwriters. This Section FIFTH shall always be subject to the nuclear incident exclusion as specified in Section II.4 below.

SIXTH: Costs, charges and expenses incurred, with the prior written consent of Underwriters, in defending against or investigating or adjusting any liabilities insured against under Sections FIRST through FIFTH above, subject to all of the terms, conditions and limitations of this Insurance Policy.

PROVIDED ALWAYS THAT the Assured establishes that the discharge, substantial threat of discharge, or release, or threatened release giving rise to liability under Sections FIRST to SIXTH above meets all of the following conditions:

1. it was sudden and was unintended and unexpected by the Assured;

2. it first commenced at a specific time and date during the policy period;

3. it became known to the Assured within seventy-two (72) hours of its commencement;

   and

4. it was reported to Underwriters immediately in accordance with notice requirements set out in Section IV.10 below, and reported in writing not later than thirty (30) days after having become known to the Assured.

PROVIDED FURTHER ALWAYS THAT the Insurance provided herein and the stated Limits of Liability herein shall be subject to any deductible or excess of any Underlying Limits shown on Item 3 of the Declarations, and Underwriters' obligations hereunder shall not be affected by whether the Assured has obtained insurance for all or part of the exposure of the amount shown on Item 3 of the Declarations or whether any such insurance obtained is collectible.

LIMITS OF LIABILITY: The Limit of Liability of the Underwriters under this Insurance Policy with respect to each incident shall, in no event, exceed the amount shown on Item 2 of the Declarations.

Where Joint Assured(s) or Additional Assured(s) are included in this Insurance Policy, the Limits of Liability of the Underwriters under this Insurance Policy shall apply to all Assured(s), Joint Assured(s) and Additional Assured(s) collectively, and not separately, for all claims related to each Incident.

LIMITATION OF LIABILITY:

The Assured shall, at the option of the Underwriters hereon, permit Underwriters to conduct, with an attorney of Underwriters' selection at Underwriters' cost and expense and under their exclusive control, a proceeding in the Assured's name to limit the Assured's liability to the extent, and in the manner provided by the present and any future statutes relative to the limitation of a shipowner's liability, and it is specifically understood and agreed that in the event the Assured is entitled to limit its liability, Underwriters' liability shall not exceed the amount of such limitation.

GAR 0100

## II. EXCLUSIONS

THIS INSURANCE DOES NOT APPLY:

1. To any liability which would otherwise be covered if the incident giving rise to the liability is the result of the wilful misconduct of the Assured as owner or operator of vessel(s) listed in Item 10 of the Declarations if within the privity or knowledge of the Assured.

2. To any liability greater than that for which the Assured would have been liable had the Assured not failed or refused:

    (a) to report the incident as required by law if the Responsible Party (as defined by the Act) knows or has reason to know of the incident;

    (b) to provide all reasonable cooperation and assistance requested by a responsible public official in connection with removal activities or response activities under the National Contingency Plan;

    or

    (c) without sufficient cause, to comply with an order issued under Subsection (c) or (e) of Section 1321 of the FWCPA or the IHSA.

3. To any fine or penalty of any kind or nature whatsoever, any punitive damages, exemplary damages, or any additional damages resulting from the multiplication of compensatory damages, or any costs arising from or related to the criminal prosecution of the Assured.

4. To any liability arising out of a nuclear incident in accordance with exclusion CL356, a copy of which is attached to this Insurance Policy.

5. To any liability assumed by the Assured under any contract or agreement unless:

    (a) prior agreement has been given by the Underwriters and the premium hereon adjusted as may be required by them,

    or

    (b) such liability would have attached to the Assured even in the absence of such contract or agreement.

6. To any liability for loss of life, bodily injury or illness of any person howsoever arising.

7. To any liability for loss of or damage to cargo, equipment, or other property owned, leased or hired by the Assured.

8. To incineration vessels as defined in Section 9601 (38) of CERCLA.

9. To any liability arising out of the carriage of Polychlorinated Biphenyl's (PCBs)

## III. CERCLA WARRANTY

The Assured hereby warrants that the Assured does not select, within the meaning of CERCLA Section 9607(a)4, the site of disposal of any substance transported on the vessel(s) listed in Item 10 of the Declarations.

**GAR 0101**

IV. **CONDITIONS**

This Insurance Policy is subject to the following conditions:

1. Appeals

   In the event the Assured elects not to appeal a judgement in excess of the Underlying Limits, Underwriters may elect to make such appeal at their own cost and expense and shall be liable for the taxable costs and disbursements or any additional interest incidental to such appeal; but in no event shall the liability of Underwriters exceed the relevant Limits of Liability set out in Item 2 of the Declarations plus the cost and expense of such Appeal plus any additional interest on the Underwriters' portion of the judgement only.

2. Application of Recoveries

   All recoveries or payments recovered or received subsequent to a loss settlement under this Insurance Policy, after deduction of all recovery expenses, shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Assured and Underwriters.

3. Assignment

   Assignment of interest under this Insurance Policy shall not bind Underwriters unless and until their consent is endorsed hereon.

4. Attachment of Liability

   Liability to pay under this Insurance Policy shall not attach unless and until the Assured has paid or has had paid on its behalf any sum set forth in Sections FIRST to SIXTH above in an amount which exceeds the Assured's Underlying Limits as set out in Item 3 of the Declarations.

5. Cancellation

   This Insurance Policy may be cancelled by the Assured or by the Underwriters or their representatives as provided in Item 8 of the Declarations (the "Underwriters' Representatives" or "Representatives") by sending by registered mail, or facsimile, notice of cancellation to the other party stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing, or faxing of notice as aforesaid by Underwriters or their Representatives to the Assured at the address shown in Item 1 of the Declarations shall be sufficient proof of notice, and the coverage under this Insurance Policy with respect to the Assured shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice, or fax either by the Assured or by the Underwriters or their Representatives shall be equivalent to the sending of such notice by registered mail or facsimile

   If this Insurance Policy shall be cancelled by the Assured, the Underwriters shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Insurance Policy shall be cancelled by Underwriters, the Underwriters shall retain the pro-rata proportion of the premium for the period this Insurance Policy has been in force. Notice of cancellation by the Underwriters shall be effective whether or not the Underwriters have returned or tendered the return of any premium with such notice.

6. Defense

   Underwriters shall not be called upon to assume the handling or control of the defense or settlement of any claim made against the Assured, but Underwriters shall have the right, but not the duty, to participate with the Assured in the defense and control of any claim which may be indemnifiable in whole or in part by the Insurance Policy.

**GAR 0102**

7. Insolvency

   The insolvency, bankruptcy, receivership or any refusal or inability to pay of the Assured or any of its Insurers shall not operate to increase Underwriters' liability under this Insurance Policy.

   In no event shall the Underwriters of this Insurance Policy assume any of the responsibilities or obligations of the Assured except as provided for in this Insurance Policy, or any of the responsibilities or obligations of any other insurer.

8. Inspection and Investigation

   Underwriters shall be permitted but are not obliged to inspect the Assured's property and operations at any time.

   Neither Underwriters' right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Assured or others, to determine or warrant that such property or operations are adequate or safe.

   Underwriters shall be permitted to investigate any discharge, release or threatened release reported to Underwriters or any claim made against the Assured. The Assured must advise the Underwriters or Underwriters' Representatives prior to incurring any sum set forth in Paragraph 13 of this Section.

   Underwriters may examine and audit the Assured's books and records at any time as far as they relate to the subject matter of this Insurance Policy.

9. Loss Payee

   Any amount for which Underwriters are liable under this Insurance Policy shall be due and payable to the Assured as set out in Item 1 of the Declarations.

10. Notice to Underwriters

    In the event of any incident which may result in a claim under this Insurance Policy the Assured shall immediately notify Underwriters and shall forward all information, communications, prices, pleadings or legal papers relating to such incident to Underwriters. Such notice must be reported to Underwriters in writing thirty (30) days after having become known to the Assured. All such notices, and all reports of discharge or substantial threat of discharge, release, or threatened release made to Underwriters, shall be by registered mail or facsimile to Underwriters' Representatives and shall state the date of receipt of such notices and reports by the Assured. A discharge, threat of discharge, release, or threatened release is deemed to be reported and a claim is deemed to be reported as of the date of receipt of such report or notice by said Representatives.

11. Other Insurance

    In the event that there is other insurance which inures to the benefit of the Assured covering any loss, liability, cost or expense set forth in Sections FIRST to SIXTH, this Insurance Policy shall not respond until such other insurance is exhausted.

    Nothing contained in this Insurance Policy shall be construed to make this Insurance Policy subject to the terms, conditions and limitations of any other insurance.

12. Premium

    The premiums and losses under this Insurance Policy are payable in the currency stated in Item 5 of the Declarations. Payment of premium shall be made as stated in Item 6 of the Declarations.

GAR 0103

13. Prevention of Claims

   As soon as the Assured becomes aware of a discharge, or substantial threat of discharge, or release, or threatened release or receives a claim, the Assured shall promptly take all reasonable steps to prevent liability for any sum set forth in Sections FIRST through SIXTH. Underwriters agree to indemnify the Assured for all reasonable expenses incurred and agreed by Underwriters or Underwriters Representatives which are otherwise recoverable under this Policy.

14. Service of Suit (U.S.A.)

   It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

   Notwithstanding any provision elsewhere in this Insurance Policy relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of Underwriters' rights to seek removal remand or transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

   It is further agreed that the Assured may serve process upon Underwriters' representatives as provided in Item 7 of the Declarations and that in any suit instituted against any one of them upon this contract the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

   The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided, the word "Assured" includes any mortgagee under a ship mortgage and any person succeeding to the rights of any such mortgagee.

   The Underwriters' representative listed in Item 7 of the Declarations are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that subject to the right to seek removal remand or transfer of such suit to any other court of competent jurisdiction, they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

   Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom said Officer is authorized to mail such process or a true copy thereof.

15. Subrogation

   Where an amount is paid under this Insurance Policy, the Assured's rights of recovery against any other person or entity in respect of such amount, including but not limited to the Assured's rights under Sections 1008 and 1013 of the Act to recover from the Oil Spill Liability Trust Fund as defined in Section 1001(11) of the Act, shall be exclusively subrogated to Underwriters. Underwriters shall be relieved of liability under this Insurance Policy to the extent that this right of subrogation is impaired by any act of the Assured, unless such act is agreed to by Underwriters. In the event that the Assured commits any such act, Underwriters right to retain or collect any premium paid or due under this Insurance Policy shall not be affected.

   Underwriters shall have full rights of subrogation against the Assured to the extent that liability is imposed on the Assured as a result of any act (of omission or commission) committed in it's capacity as owner or operator of any vessel not listed in Item 10 of the Declarations.

**GAR 0104**

Case 1:06-cv-00011   Document 128   Filed 04/26/2007   Page 13 of 20

At Underwriters request the Assured will assist and cooperate in the exercise of Underwriters' rights for subrogation. Expenses necessary to the recovery of such amounts shall be apportioned between the interests concerned (including the Assured) in the ratio of their respective recoveries as finally settled.

## V. DEFINITIONS

1. Where the words "the act" are used in this Insurance Policy they shall mean the Oil Pollution Act of 1990, (Pub.L.No. 101-380, 104 Stat.484 (1990)) as amended, and all other terms and phrases used herein shall, unless otherwise stated, have the meaning given to them in the Act.

2. Where the word "CERCLA" is used in this Insurance Policy it shall mean the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 U.S.C. § 9601 et seq.).

3. Each of the following is an Assured under this Insurance Policy to the extent set forth below:

   (a) if the named Assured is designated in the Declarations as an individual, the person so designated;

   (b) if the named Assured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

   (c) if the named Assured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

4. The word "claim(s)" shall mean that part of any written demand received by the Assured for payment pursuant to Sections FIRST to FIFTH above.

03/99
LSW1220

## INSTITUTE RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith**

1. In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from

    1.1 ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

    1.2 the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

    1.3 any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

1/10/90
CL356 © Copyright The Institute of London Underwriters

## ENDORSEMENT NO. 1 TO THE LONDON U.S. VESSEL POLLUTION INSURANCE POLICY

Notwithstanding Section II of the Insurance Policy, for and in consideration of premium charged it is understood and agreed that with effect from inception, this Insurance Policy is amended to provide indemnity for:

Administrative Penalties arising under Section 1321(b)(6)(A)(i) of the FWPCA, imposed pursuant to Section 1321(b)(6)(B) of the FWPCA ("Administrative Penalty" or "Administrative Penalties"). Penalties imposed under any other Section of FWPCA, any other Federal Statute, or the laws of any state or subdivision thereof remain specifically excluded. Indemnification for defense costs incurred with the prior written consent of Underwriters in connection with this endorsement is also included hereunder, subject to the limits provided below.

Coverage is limited to 80% of any Administrative Penalties levied against the Assured. Underwriters maximum liability shall be $150,000 each and every incident or series of incidents arising out of one event, provided that in no event shall Underwriters indemnify the Assured for more than $150,000 during the term of this Insurance Policy, and provided further that each Administrative Penalty is subject always to the Assured's deductible or the Underlying Limits shown in Item 3 of the Declarations in respect of each incident, and the limitation that in the event that there is any other insurance which inures to the benefit of the Assured covering any Administrative Penalty as described above, this Insurance Policy shall not respond until such other insurance is exhausted.

03/99
LSW1220A

**GAR 0107**

## ENDORSEMENT NO. 2 TO THE LONDON U.S. VESSEL POLLUTION INSURANCE POLICY

In consideration of premium charged, coverage under Sections THIRD through SIXTH of the policy is hereby extended to a discharge or substantial threat of discharge or release or threatened release into or upon waters other than U.S. waters.

All other terms, conditions, and limits of the policy remain in full force and effect and apply to the coverage provided by this endorsement.

03/99
LSW1220B

GAR 0108

## ENDORSEMENT NO. 3 TO THE LONDON U.S. VESSEL POLLUTION INSURANCE POLICY

For and in consideration of additional premium charged, the Underwriters do hereby agree to indemnify the Assured for such amounts as the Assured shall (as owner or operator of the vessel(s) named in Item 10 of the Declarations) have become legally liable to pay and shall pay, by reason of or with respect to loss of life of, or bodily injury to, or illness of, any person other than the Assured or an employee of the Assured, provided such loss, injury, illness, damage or expense results directly from a discharge of oil or hazardous substance for which indemnification of liability is provided under the policy to which this endorsement is attached, or under any other endorsement thereto.

The limit of liability of the Underwriters under all insurances afforded by the policy, shall not be increased by this endorsement.

Except as expressly modified by the terms and conditions of this endorsement, all terms, conditions, and limits of the policy remain in full force and effect and apply to the coverage provided by this endorsement.

03/99
LSW1220C

GAR 0109

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY
## DECLARATIONS

Item 1.  Name and Address of Assured:

    {Response}

Item 2.  Limits of Liability:

    Limit in respect of each incident:

    {Response}

Item 3.  (a) Deductible:

    in respect of each incident:

    {Response}

    or

    (b) Underlying Limits:

    {Response}

Item 4.  Policy Period:

    {Response}

Item 5.  Currency:

    {Response}

Item 6.  Premium:

    {Response}

Item 7.  Service of Suit upon:

    {Response}

Item 8.  Notice of Loss to:

    {Response}

Item 9.  Operations:

    {Response}

GAR 0110

Item 10. Vessels:

(Response)

GAR 0111