THOMAS C. STERLING
BLAIR STERLING JOHNSON
    MARTINEZ & LEON GUERRERO
A Professional Corporation
Suite 1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
Telephone: (671) 477-7857
Fax: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 348-6000
Fax: (415) 348-6001

Attorneys for Defendant to
Complaint in Intervention, Navigators Insurance Co.,
dba Navigators Protection & Indemnity

**FILED**
DISTRICT COURT OF GUAM

AUG 3 1 2007

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No.: 06-00011 |
| Plaintiff, | **DEFENDANT NAVIGATORS INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COMPLAINT IN INTERVENTION OF INCHCAPE SHIPPING SERVICES AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam,* | |
| Defendants. | **\*\*\*\*** |
| AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | **NO HEARING REQUESTED** |
| | Judge: Honorable Frances Tydingco-Gatewood |

I.      **INTRODUCTION**

NAVIGATORS INSURANCE COMPANY ("NAVIGATORS") hereby moves the

Court to dismiss the Amended Complaint In Intervention of INCHCAPE SHIPPING

SERVICES GUAM LLC("ISS") pursuant to FRCP 12(b)(6) on the grounds that the complaint

NAVIGATORS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINTI IN INTERVENTIONAGAINST
NAVIGATORS
Civ. Case No. 06-00011; Our File No. 2900.81

1

Case 1:06-cv-00011    Document 136    Filed 08/31/2007    Page 1 of 5

ORIGINAL

fails to state a claim against NAVIGATORS upon which relief can be granted. All of ISS'

claims against NAVIGATORS seek indemnity for the Jose D. Leon Guerrero Commercial

Port's ("PORT") alleged claim(s) against ISS for damage to its pier. The problem is that the

PORT is not even a party to this action and has made no claims against anyone in this action.

Thus, there are no claims against ISS in this action for which is can seek indemnity. Therefore,

ISS' Amended Complaint in Intervention against Navigators should be dismissed.

## II.    ISS' ALLEGATIONS AGAINST NAVIGATORS

On April 19, 2006, the United States of America (USA) filed this action against

defendants Marwan Shipping & Trading ("Marwan"), Five Seas Shipping & Trading LLC

("Five Seas") and S.J. Gargrave Syndicate 2724 ("Gargrave") seeking recovery of costs

allegedly incurred in August and September 2004 for preventing a pollution incident in Guam

waters involving a vessel, the AJMAN 2 (ISS Amended Complaint In Intervention, p. 3, ¶ 15 ;

p.4, ¶17 and 18). ISS was NOT named as a defendant by the USA. Nonetheless, ISS

intervened in the USA's action alleging that it was the *shipping agent* for the AJMAN 2 (ISS

Amended Complaint In Intervention, p. 4, ¶21) and that ISS was being blamed for damage to

PORT property caused by the AJMAN 2. (ISS Amended Complaint In Intervention, p. 4, ¶17).

ISS alleged that the PORT made a written demand against ISS, and *threatened to sue* ISS to

recover for damage to the PORT's wharf . (ISS Amended Complaint In Intervention, p. 6, ¶¶

29 & 32). ISS then alleged that NAVIGATORS was responsible to pay for the wharf damage

caused by the AJMAN 2 and that ISS was entitled to indemnity from NAVIGATORS for any

liability it had to the PORT, including for responding to the PORT's non-existent suit. (ISS

Amended Complaint In Intervention, p. 10-11, ¶¶59, 63, 65-66).

/////

NAVIGATORS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINTI IN INTERVENTIONAGAINST
NAVIGATORS
Civ. Case No. 06-00011; Our File No. 2900.81

2

Case 1:06-cv-00011    Document 136    Filed 08/31/2007    Page 2 of 5

# III. LAW AND ARGUMENT

## A. ISS Is Required to Allege Sufficient Facts Entitling it To Relief as a Matter of Law

The purpose of the motion to dismiss is to test the legal sufficiency of the complaint. See, e.g. Niece v. Sears, Roebuck & Co., 293 F.Supp. 792 (N.D.Okla. 1968) ("function of a motion to dismiss is to test the law of a claim, not the facts which support it"). The Court's inquiry is limited to whether the allegations in the complaint comprise a legally cognizable claim for relief. See Yuba Consol. Gold Fields v. Kilkeary, 206 F.2d 884, 889 (9th Cir. 1953) ("ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law"); Alonzo v. ACF Property Management, Inc., 643 F.2d 578, 579 (9th Cir. 1981) (same). Therefore, if ISS' claims against NAVIGATORS fail as a matter of law, the motion to dismiss should be granted.

In deciding a 12(b)(6) motion, the Court construes the complaint in the light most favorable to the complainant, Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and accepts all allegations of fact as true. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988); see also Pareto v. F.D.I.C., 139 F.3d at 699 ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss"); Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted) (same). "A court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her... we do not think it over burdensome for her to be

NAVIGATORS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINTI IN INTERVENTIONAGAINST
NAVIGATORS
Civ. Case No. 06-00011; Our File No. 2900.81

3

required to allege the factual basis for her claim." Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### B. ISS Has Failed to Allege Any Facts Which Would Require NAVIGATORS to Indemnify ISS in This Action

The USA did not sue ISS. ISS intervened and made claims against NAVIGATORS that relate to non-existent claims against ISS by the PORT in this action. The PORT is not even a party to this action and has made no claims against ISS in this action. Thus, ISS' alleged claims against NAVIGATORS seek indemnity for non-existent claims and should be dismissed.

In a separate action, the PORT has made claims for damage to its wharf, but not against ISS. NAVIGATORS requests the Court take Judicial Notice of the case entitled "JOSE D. LEON GUERRERO COMMERCIAL PORT, et al., v. MARWAN SHIPPING & TRADING COMPANY LLC, SHARJAH, et al.," including the related third party claims, Case no. 07-00010 in the District Court of Guam (hereinafter "PORT Action"). In the PORT Action, the PORT did NOT name ISS as a defendant. ISS injected itself into this case by filing a motion to intervene. As ISS is only seeking indemnification from NAVIGATORS for damages stemming from the PORT's non-existent cause of action against ISS in this action, and there are no facts which would require NAVIGATORS to indemnify ISS against the PORT's hypothetical claim, NAVIGATORS requests that the Court dismiss ISS' complaint against NAVIGATORS.

/////

/////

/////

NAVIGATORS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINTI IN INTERVENTIONAGAINST
NAVIGATORS
Civ. Case No. 06-00011; Our File No. 2900.81

## IV. CONCLUSION

ISS' Amended Complaint In Intervention fails to state a legally cognizable cause of action against NAVIGATORS and NAVIGATORS respectfully requests that it be dismissed.

DATED: August 31, 2007

Respectfully submitted,

Stanley L. Gibson
GIBSON ROBB & LINDH LLP

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO

By_____

Thomas C. Sterling
Attorneys for Defendant
NAVIGATORS INSURANCE CO., d.b.a.
Navigators Protection & Indemnity

E62\52285-01
G:\WORDDOC\PLD\TCS\334-MTN TO DISMISS AMENDED
COMPLAINT RE USA V MARWAN ET AL.DOC

NAVIGATORS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINTI IN INTERVENTIONAGAINST
NAVIGATORS
Civ. Case No. 06-00011; Our File No. 2900.81

5

Case 1:06-cv-00011    Document 136    Filed 08/31/2007    Page 5 of 5