THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724



FILED
DISTRICT COURT OF GUAM
NOV 1 4 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>　　　　Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>　　　　Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Case No.: 1:06-CV-00011<br><br>**MOTION AND MEMORANDUM OF POINTS & AUTHORITIES FOR LEAVE TO FILE THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY [FED.R.CIV.P. 14]**<br><br>[NO ORAL ARGUMENT REQUESTED]<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

S.J. GARGRAVE SYNDICATE 2724,

    Third-Party Plaintiff,

vs.

NAVIGATORS PROTECTION & INDEMNITY,

    Third-Party Defendant.

## I. MOTION

S.J. GARGRAVE SYNDICATE 2724 ("Gargrave") respectfully brings its motion for leave to implead NAVIGATORS PROTECTION & INDEMNITY ("Navigators") as a third-party defendant in this maritime action pursuant to Federal Rules of Civil Procedure, Rule 14(c). Navigators' joinder is necessary for a complete and fair adjudication of this matter due to Navigators' direct and indirect responsibility to the plaintiff and other complainants herein, based upon the following statement of facts, points and authorities.

## II. STATEMENT OF FACTS

The genesis of this action is the grounding of the M/V AJMAN 2 ("AJMAN 2") at Family Beach in Apra Harbor, Guam, after she broke free of her moorings and beached. Plaintiff UNITED STATES OF AMERICA ("United States") allegedly incurred expenses in retaining salvors/wreck-removers TITAN SALVAGE ("Titan") to remove the AJMAN 2 from Family Beach.

The United States then filed suit (the "Pollution Claim") against the owners/operators of the AJMAN 2, MARWAN SHIPPING & TRADING CO., LLC ("Marwan") and FIVE SEAS SHIPPING CO., LLC ("Five Seas"), and against Gargrave as the alleged financial-backer of the Certificate of Financial Responsibility ("COFR") that Marwan and Five Seas procured for the AJMAN 2 to enable the ship to enter United States waters.

On July 24, 2006, Gargrave filed a Third-Party Complaint against Navigators and AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"). (Declaration of Forrest

- 2 -

11620/0002/648051.1      MOTION AND MEMORANDUM OF POINTS & AUTH.
Case 1:06-cv-00011    Document 143    Filed 11/14/2007    Page 2 of 15    Case No. 1:06-CV-00011

Booth ("Booth Decl."), ¶ 3.) Gargrave's Third-Party Complaint alleged that Navigators had misrepresented material facts to Gargrave on Marwan's and Five Seas' behalves, and failed to disclose other material facts, during the application for the COFR and policy of pollution insurance underwritten for the AJMAN 2 by Gargrave. (Booth Decl., ¶ 3.) Navigators is represented in this action by attorney Stanley L. Gibson, Esq. (Booth Decl., ¶¶ 5 & 6, Exs. A & B.) Discovery later disclosed that these were not viable claims against Navigators. (Booth Decl., ¶ 3.) Accordingly, Gargrave dismissed its third-party complaint against Navigators, without prejudice, on or about February 1, 2007. (Booth Decl., ¶ 4.) After another claim was dismissed by the Court, Navigators is no longer a party to this action. (Booth Decl., ¶ 12.)

Meanwhile, a parallel suit is proceeding in this Court arising from the same set of operative facts. (*Jose D. Leon Guerrero Comm'l Port, et al., v. Marwan Shipping & Trading Co., LLC, et al.*, Civil Action No. 07-00010 ("Pier Damage Claim").) Prior to being moored in Apra Harbor, the AJMAN 2 had been tied up at, and caused damage to, F-5 Pier, which is owned by the JOSE D. LEON GUERRERO COMMERCIAL PORT ("Port") and insured by M.J. HARRINGTON SYNDICATE 2000 ("Harrington Syndicate"). The Port and Harrington Syndicate sued Marwan, Five Seas, Al-Buhaira, and Navigators in that lawsuit.

Harrington Syndicate and Gargrave are represented by the same counsel in the respective actions. (Booth Decl., ¶ 7.) After Gargrave dismissed Navigators from the Pollution Claim, it became aware through discovery in the Pier Damage Claim that Titan performed and billed for services in salvaging the vessel, and for wreck removal. (Booth Decl., ¶¶ 8 & 9.) Salvage expenses are typically insured under a vessel's hull and machinery insurance policy, and the insurance that Navigators extended to Marwan specifically included "Liabilities for the Removal of a Wreck." (Booth Decl., ¶¶ 8 & 9, Ex. C.) As such, Navigators is directly liable for some of the costs sought in the Pollution Claim, and should be made a party thereto.

All parties in the Pier Damage Claim have agreed to a mediation of the dispute, to be held in London, England, the week of December 3, 2007. (Booth Decl., ¶ 10.) Counsel are discussing resolving that matter, and it is possible that the case will be settled before the mediation convenes.

(Booth Decl., ¶ 10.) Navigators, through their San Francisco-based legal counsel (Mr. Gibson), have agreed to participate in that mediation. (Booth Decl., ¶ 10.)

Gargrave and Harrington Syndicate are syndicates of Underwriters at Lloyds, London. (Booth Decl., ¶ 11.) From time to time the lead claims adjuster at Gargrave has had direct conversations about the AJMAN 2 claims with employees of Navigators in London. (Booth Decl., ¶ 11.) Gargrave was told on a number of occasions that Navigators would be willing to engage in a mediation of the AJMAN 2 disputes, but only if the Port's lawsuit and this action were mediated together, as a package. (Booth Decl., ¶ 11.) Gargrave's understanding is evidenced by a contemporaneous e-mail from it to its counsel, dated October 2, 2007, wherein it writes "Navigators ... wish to conclude both claims in the same negotiation." (Booth Decl., ¶ 11, Ex. D.) Indeed, it was the understanding of Gargrave and Harrington Syndicate that one of the reasons the parties agreed to set aside two days for the London mediation was that one day would be devoted to resolving the Pier Damage Claim, and the other the Pollution Claim. (Booth Decl., ¶ 14.) However, in late October and November 2007, Navigators' counsel suddenly informed counsel for Gargrave and Harrington Syndicate that Navigators, even though it can attend both mediations, is no longer interested in mediating the Pollution Claim because Navigators is no longer a party to this lawsuit. (Booth Decl., ¶¶ 13 & 16.)

These actions are ripe for settlement, provided that Navigators comes to the table. (Booth Decl., ¶ 15.)

## III. POINTS & AUTHORITIES

Rule 14 of the Federal Rules of Civil Procedure authorizes Gargrave to implead Navigators in this admiralty action for its liability to Gargrave and to the United States. It provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." (Fed.R.Civ.P., Rule 14(a).) In admiralty actions, such as this one, Rule 14(c) creates a direct relationship between the original plaintiff and the third-party

defendant. (*Royal Ins. Co. of America v. Southwest Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999).)

Courts have construed Rule 14 liberally in order to effectuate Congress' purpose of accomplishing in a single proceeding adjudication of the rights of all persons concerned with a controversy. (*FDIC v. Otero*, 598 F.2d 627, 632, fn. 4 (1st Cir. 1979); *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954); *Deutsche Bank Nat'l Trust Co. v. Tyner*, 233 FRD 460, 462 (D.C.S.C. 2006).) It is not necessary for Gargrave to show that Navigators is automatically liable should the complainants prevail. (*Andrulonis v. United States*, 26 F.3d 1224, 1233 (2nd Cir. 1994) ("*Andrulonis*"); *Banks v. City of Emeryville*, 109 FRD 535, 540 (N.D. Cal. 1985) ("*Banks*").) Instead, it is sufficient that there is some possible scenario under which the third-party defendant may be liable for some or all of the third-party complainant's liability, if any. (*Andrulonis*, 26 F.3d at 1233; *Banks*, 109 FRD at 540.)

Factors that may assist the court in determining the propriety of impleader include balancing the benefits of including the third-party defendant against the prejudice to it, the complication of issues at trial, the merits of the third-party complaint, and costs incidental to the third-party practice. (*Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000).)

First, the benefit of joining Navigators is undeniably obvious. It has a direct responsibility for the costs incurred in removing the wreck of the ship. Navigators' prejudice, on the other hand, is nil. It has previously been a party to the suit, and thus has a firm understanding of it, and it remains a party to the closely-related Pier Damage Claim in this Court. Second, its involvement would not complicate matters. Rather, impleading Navigators would most likely simplify matters and encourage a universal settlement of not one, but two actions before this Court. Third, Gargrave's third-party complaint states a viable and meritorious claim against Navigators. Fourth, there are no prohibitive costs that will be incurred by joining Navigators to this action. As mentioned, it is already a party to the Pier Damage Claim, it has retained both Guam and San Francisco counsel, and discovery in the two actions is substantially similar, if not the same. Further, many of the parties and upcoming events (e.g., the mediation) are located in London, where Navigators' offices are located.

- 5 -

11620/0002/648051.1     MOTION AND MEMORANDUM OF POINTS & AUTH.
Case 1:06-cv-00011    Document 143    Filed 11/14/2007    Page 5 of 15    Case No. 1:06-CV-00011

## IV. CONCLUSION

Gargrave respectfully requests leave to file a third-party complaint against Navigators in the form attached hereto as Exhibit A, in order to facilitate the fair and just adjudication of this matter and the related one.

Dated this 13th day of November, 2007.

> THOMAS McKEE TARPLEY, JR.
> A Professional Corporation
>
> By: _____
> THOMAS McKEE TARPLEY, JR.
> Attorney for Defendant, Cross-Claimant
> and Counterclaimant S.J. GARGRAVE
> SYNDICATE 2724

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on November 14, 2007, I caused to be served a true and correct copy of the MOTION AND MEMORANDUM OF POINTS & AUTHORITIES FOR LEAVE TO FILE THIRD-PARTY COMPLAINT OF S. J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY [FED.R.CIV.P.14], to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.;*
*Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ &<br>LEON GUERRERO, P.C.<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910-5205<br>   *Attorneys for Defendant Navigators Insurance Co., dba*<br>   *Navigators Protection & Indemnity* | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[Courtesy copy] |

| | |
|---|---|
| 1 | David P. Ledger, Esq. |
| 2 | Elyze J. McDonald, Esq. |
|   | CARLSMITH BALL LLP |
| 3 | Bank of Hawaii Building, Suite 401 |
|   | 134 West Soledad Avenue |
| 4 | Hagatna, Guam 96910 |
| 5 | *Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC* |

Dated this 14 day of November, 2007.

_____
DOROTHEA QUICHOCHO

# Exhibit A

THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Case No.: 1:06-CV-00011<br><br>THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

| S.J. GARGRAVE SYNDICATE 2724, |
|---|
| Third-Party Plaintiff, |
| vs. |
| NAVIGATORS PROTECTION & INDEMNITY, |
| Third-Party Defendant. |

S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"), an unincorporated association, for a Third-Party Complaint against NAVIGATORS PROTECTION & INDEMNITY, a corporation (hereinafter "Navigators"), alleges as follows:

## JURISDICTION

1. This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears; it is an Admiralty and Maritime claim within the meanings of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333(1). This Court also has ancillary and/or pendent jurisdiction over the matters set forth herein.

## VENUE

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

3. Plaintiff Gargrave is an unincorporated association organized and existing under the laws of the United Kingdom, with its principal place of business at London, England. At all relevant times, Gargrave was an insurer in the business of writing marine insurance, including issuing Certificates of Financial Responsibility (hereinafter "COFRs").

4. Gargrave is informed and believes that third-party defendant NAVIGATORS PROTECTION & INDEMNITY (hereinafter "Navigators") was and now is a corporation duly organized and existing under the laws of the United Kingdom, with its principal place of business

at London, England, and is a subsidiary of Navigators Insurance Company of New York. Navigators is an insurer in the business of underwriting marine insurance, particularly protection & indemnity (hereinafter "P&I") insurance and excess P&I insurance. Gargrave is informed and believes that at all relevant times, Navigators was the P&I insurer for the M/V AJMAN 2.

5. In or about August of 2004, the M/V AJMAN 2 broke free of her mooring and ran aground on Family Beach in Apra Harbor, Guam. Plaintiff UNITED STATES OF AMERICA (hereinafter "United States") then retained a salvage contractor to provide salvage services to remove the vessel from the beach, re-secure it at a mooring, and otherwise protect and preserve the owners' property and interest in the vessel. The services provided by the salvage contractor are considered under admiralty law to be in part salvage services. Certain of the expenses are also considered "sue and labor" expenses under admiralty law. The aforesaid salvage and sue and labor expenses incurred by the contractor retained by the United States are insured by the hull and machinery policy issued by Third-Party Defendant AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"), and payment for them should be made to the United States by Al-Buhaira, and not by Gargrave.

6. The derelict hull of the M/V AJMAN 2 was removed from Family Beach in Apra Harbor, Guam by a contractor of the United States. The contractor's expenses therefor are considered in part to be wreck removal expenses under admiralty law. Certain of the expenses are also considered sue and labor expenses. The aforesaid wreck removal and sue and labor expenses are insured under the vessel's P&I policy issued by Navigators, and the claims of the United States for reimbursement of said wreck removal and sue and labor expenses should be paid herein by Navigators, and not by Gargrave.

7. The United States has filed a Verified Complaint of the United States herein (hereinafter the "Verified Complaint"), which is incorporated in this Third-Party Complaint by reference, naming Gargrave as a defendant, among others, and seeking to recover costs which the United States allegedly has expended in responding to a threat of and preventing pollution at Apra

Harbor, Guam, salving the vessel M/V AJMAN 2 and removing the wreck of said vessel, in or about August and September of 2004.

### FIRST CAUSE OF ACTION

(Equitable Indemnity Against Navigators)

8. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

9. Gargrave denies any liability for the allegations set forth in the Verified Complaint, and instead alleges that all events and happenings referred to therein were caused and created by the active negligence and/or intentional willful misconduct and failure to perform duties and contractual obligations by Navigators and others. Gargrave further asserts that Navigators should have responded, in the first instance, to the demands of the United States for pollution response and abatement and for wreck removal, as the P&I insurer. In the event Gargrave is adjudged liable to the United States under the Verified Complaint, any fault or liability of Gargrave, all of which is vigorously denied, would be passive in nature and secondary, as opposed to the active and primary fault and breaches of contract by Navigators, as the P&I insurer.

10. If any judgment should be rendered in favor of the United States or others against Gargrave, Gargrave will be entitled to full indemnification from Navigators, and Gargrave is entitled to recover in equitable indemnity for wreck removal and sue and labor expenses from Navigators in the full amount of any said judgment, in addition to attorneys' fees and costs.

### SECOND CAUSE OF ACTION

(Contribution Against Navigators)

11. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

12. As a direct and proximate result of Navigators' breaches of contract and of its respective duties to its insureds, and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

13. As a result of Gargrave's potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution for wreck removal and sue and labor expenses from Navigators for some or all of Gargrave's respective liabilities.

### THIRD CAUSE OF ACTION

(Tort of Another Against Navigators)

14. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Third-Party Complaint.

15. Gargrave is informed and believes that Navigators breached its duties under its policy of P&I insurance. As a direct and proximate result of these breaches of duty and of contract by Navigators, Gargrave has been compelled to litigate with the United States.

16. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until the issues involved herein are resolved. Gargrave is entitled to recover these fees and costs from Navigators, plus full indemnity for any liability of Gargrave herein, under the doctrine of wrongful act / tort of another.

### DEMAND FOR JUDGMENT IN FAVOR OF PLAINTIFF

17. Pursuant to F.R.C.P. 14(c), Gargrave hereby demands judgment against Navigators, in favor of plaintiff United States and in favor of the cross-complainants against Gargrave, and further demands that Navigators answer and make any defenses to the claims of the United States, as set forth in the Verified Complaint, and to the cross-complaints of the cross-complainants against Gargrave, directly, as well as to the claims of Gargrave.

### PRAYER

WHEREFORE, Third-Party Plaintiff Gargrave prays for judgment as follows:

1. For full and complete indemnification from Navigators in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

- 5 -

2. For contribution from Navigators in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States herein;

3. For a judgment pursuant to the provisions of F.R.C.P. 14(c) directly against Navigators in favor of the plaintiff United States and in favor of the cross-complaints against Gargrave, and for Navigators to make its defenses and answers directly to the claims of the United States and to the cross-complaints against Gargrave, as well as to the claims herein of Third-Party Plaintiff Gargrave;

4. For judgment against Navigators for Gargrave's costs, expenses and reasonable attorneys' fees incurred in defense of the United States' Verified Complaint, the cross-complaints against Gargrave, and other pleadings; and

5. For such other and further relief as this Court may deem just and proper.

Dated this _____ day of November, 2007.

THOMAS McKEE TARPLEY, JR.
A Professional Corporation


By: _____
THOMAS McKEE TARPLEY, JR.
Attorney for Defendant, Cross-Claimant
and Counterclaimant S.J. GARGRAVE
SYNDICATE 2724