THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724




FILED
DISTRICT COURT OF GUAM
NOV 1 4 2007
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Case No.: 1:06-CV-00011<br><br>**DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY**<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

| | |
|---|---|
| 1 | S.J. GARGRAVE SYNDICATE 2724, |
| 2 | Third-Party Plaintiff, |
| 3 | vs. |
| 4 | NAVIGATORS PROTECTION & INDEMNITY, |
| 5 | |
| 6 | Third-Party Defendant. |

I, Forrest Booth, declare:

1. I am an attorney duly licensed to practice law before all courts in the State of California, and am admitted *pro hac vice* herein. I am a member of the law firm of Severson & Werson, counsel of record for Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave").

2. I have personal knowledge of the facts stated in this Declaration, and if called as a witness to testify as to them, I can and will competently do so.

3. On July 24, 2006, I filed a Third-Party Complaint herein, on behalf of Gargrave, against NAVIGATORS PROTECTION & INDEMNITY ("Navigators") and AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"). Said Third-Party Complaint alleged that Navigators had misrepresented material facts, and failed to disclose other material facts, during the application for the Certificate of Financial Responsibility ("COFR") and policy of pollution insurance underwritten for the M/V AJMAN 2 by Gargrave. Discovery later disclosed that these were not viable claims against Navigators.

4. Accordingly, a dismissal dated January 31, 2007 was filed on February 1, 2007, dismissing Navigators, without prejudice, from this litigation.

5. Attached hereto and marked as Exhibit A is a true and correct copy of the Petition of Stanley L. Gibson to Appear *Pro Hac Vice* and Consent of Designated Co-Counsel, filed herein on April 3, 2007. Since the filing of this petition, Mr. Gibson has been acting as counsel for Navigators herein, and also in the closely related action entitled *Jose D. Leon Guerrero*

- 2 -

*Commercial Port and M.J. Harrington Syndicate 2000 v. Marwan Shipping & Trading Company, LLC, Sharjah, et al.*, Civil Action Case No. 07-00010 in this Court (hereinafter the "Port's lawsuit").

6. Attached hereto and marked as Exhibit B is a true and correct copy of the Order Granting Petitions of Stanley L. Gibson and Ellen G. Lauck for Admission *Pro Hac Vice*, which was signed and filed herein by Magistrate Judge Manibusan on April 12, 2007.

7. I am counsel for plaintiff M.J. HARRINGTON SYNDICATE 2000 (hereinafter "Harrington") in the Port's lawsuit. As a result, I am familiar with the pleadings and discovery in that matter, as well as the pleadings and discovery herein.

8. Discovery in this action and the Port's lawsuit has disclosed that Titan Industries ("Titan"), the salvage contractor retained by the U.S. Government to deal with the M/V AJMAN 2 disaster, performed and billed for services involved in salvaging the vessel in August of 2004. Salvage expenses are typically insured under a vessel's hull and machinery insurance policy.

9. Discovery in this action and the Port's lawsuit has disclosed that Titan performed services in August of 2004 for the removal of the wreck of the M/V AJMAN 2 from Family Beach in Apra Harbor, Guam. Attached hereto and marked as Exhibit C is a true and correct copy of the cover page, as well as of page 2 of the "Risks Insured" section, of Navigators' Certificate of Protection and Indemnity Insurance No. LN04PN1000169, issued to Marwan Shipping & Trading Co. and insuring the vessel AJMAN 2. Page 2 of the Risks Insured section contains paragraph 5 entitled "Liabilities for the Removal of a Wreck".

10. All parties in the Port's lawsuit have agreed to a mediation of the dispute, to be held in London, England, during the week of December 3, 2007. Counsel are discussing resolving that matter, and it is possible that the case will be settled before the mediation convenes. Navigators, through their San Francisco-based legal counsel (Mr. Gibson), have agreed to participate in that mediation.

11. My clients are syndicates of Underwriters at Lloyds, London. From time to time the lead claims adjuster at the Gargrave Syndicate has had direct conversations about the

- 3 -

AJMAN 2 claims with employees of Navigators in London. The Gargrave Syndicate was told on a number of occasions that Navigators would be willing to engage in a mediation of the AJMAN 2 disputes, but only if the Port's lawsuit and this action were mediated together, as a package. Attached hereto and marked as Exhibit D is a true and correct copy of the relevant portion of an email from Gargrave's Senior Claims Adjuster Myles Sunley to me, dated October 2, 2007, stating that Navigators had represented to him that Navigators wished to "conclude" (settle) both the pollution and pier damage cases "in the same negotiation."

12. On November 2, this Court dismissed without prejudice the Amended Complaint in Intervention filed by Inchcape Shipping Services Guam LLC (hereinafter "Inchcape"). As of that date, Navigators was no longer a party to this lawsuit.

13. On several occasions in late October and November 2007, I have had telephone conversations with Mr. Gibson, counsel for Navigators. During those conversations, Mr. Gibson advised me that his client is no longer interested in mediating this action, because Navigators is no longer a party to this lawsuit, and therefore, in his view, is no longer involved.

14. It is my understanding that one of the reasons the parties originally agreed to set aside two days for the London mediation was that one day would be devoted to resolving the Port's lawsuit, and one day to resolving this lawsuit.

15. In my opinion, based on 30 years as a maritime lawyer, this action brought by the United States is readily susceptible of settlement. Counsel for defendants Marwan Shipping & Trading Co., Five Seas Shipping Co., LLC and Al-Buhaira have indicated to me that their clients are desirous of settling this lawsuit.

16. Mr. Gibson, counsel for Navigators, has indicated to me that he is prepared to travel to London to participate in one or two days of mediation during the week of December 3, 2007, the dates currently agreed upon for mediation, although he has not yet agreed to mediate this dispute at the same time as the Port's lawsuit.

Sworn this 8th day of November, 2007, under penalty of perjury under the laws of the State of California and of the United States at San Francisco, California.

By: _____
FORREST BOOTH

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on November 14, 2007, I caused to be served a true and correct copy of the DECLARATION OF FORREST BOOTH IN SUPPORT OF MOTION FOR LEAVE TO THIRD-PARTY COMPLAINT OF S. J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY, to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.; Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ &<br>LEON GUERRERO, P.C.<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910-5205 | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[Courtesy copy] |

*Attorneys for Defendant Navigators Insurance Co., dba Navigators Protection & Indemnity*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
*Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC*

Dated this 14 day of November, 2007.

_____
DOROTHEA QUICHOCHO

# Exhibit A

THOMAS C. STERLING
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
A Professional Corporation
Suite 1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
Telephone: (671) 477-7857
Fax: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882) (pro hac vice petition pending)
ELLEN G. LAUCK (Cal. Bar No. 246030) (pro hac vice petition pending)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 348-6000
Fax: (415) 348-6001

Attorneys for Specially-Appearing Defendant to
Complaint in Intervention, Navigators Insurance Co.,
dba Navigators Protection & Indemnity

**FILED**
DISTRICT COURT OF GUAM
APR - 3 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No.: 06-00011 |
| Plaintiff, | PETITION OF STANLEY L. GIBSON TO APPEAR *PRO HAC VICE* AND CONSENT OF DESIGNATED CO-COUNSEL |
| vs. | |
| MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, | |
| Defendants. | |
| AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | Complaint Date: April 19, 2006<br>Trial Date: None Set |

## PETITION OF STANLEY L. GIBSON TO APPEAR *PRO HAC VICE*

COMES NOW STANLEY L. GIBSON, and moves pursuant to GR17.1(d), Local Rules of the District Court of Guam, for admission to practice *pro hac vice* in the above-captioned matter before the District Court of Guam, District of Guam, and submits the following information required the Court and its Local Rules:

APPLICATION OF STANLEY L. GIBSON FOR ADMISSION PRO HAC VICE
Civ Case No. 06-00011, Our File No. 2900.81

ORIGINAL

1. I do not reside in Guam;

2. I am not regularly employed in Guam; and,

3. I am not regularly employed in business, professional or other activities in Guam.

4. My residence is 70 La Salle Avenue, Piedmont, California, 94611.

5. My office address is: 100 First Street, Suite 2700, San Francisco, California, 94105.

6. I have been admitted to practice law in the following courts on the following dates: State of California (1971); United States District Court for the Northern District of California, (1971); United States Court of Appeals for the Ninth Circuit, (1971); Supreme Court of the United States of America (1998).

7. I am a partner in the law firm of Gibson Robb & Lindh LLP, which has been retained to be counsel for Specially-Appearing Defendant to Inchcape's Amended Complaint-In-Intervention, Navigators Insurance Company, dba Navigators Protection & Indemnity in the above-captioned matter.

8. I am in good standing and eligible to practice in each of the above listed courts.

9. I am not currently suspended or disbarred in any other court.

10. I have not within the last one year applied for admission pro hac vice to this Court.

11. I designate the following attorney as co-counsel in this matter:

> THOMAS C. STERLING
> BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
> A Professional Corporation
> Suite 1008 Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagatna, Guam 96910-5205
> Telephone: (671) 477-7857
> Fax: (671) 472-4290

12. I solemnly swear that I will support the Constitution of the United States, the Organic Act of Guam, the applicable statutes of the United States and the laws of the territory of Guam; that I will maintain the respect due to the Courts of Justice and Judicial Officers and that I will demean myself uprightly as an attorney at law; and to abide by the Code of Professional Responsibility of the American Bar Association.

APPLICATION OF STANLEY L. GIBSON FOR ADMISSION PRO HAC VICE
Civ Case No. 06-00011, Our File No. 2900.31

- 2 -

13. I hereby declare under penalty of perjury under the laws of Guam and the United States of America that the foregoing statements are true and correct.

Executed this 26th day of Feb., 2007, at San Francisco, California.

STANLEY L. GIBSON

Attorneys for Specially-Appearing
Defendant to Complaint in Intervention,
Navigators Insurance Co., dba
Navigators Protection & Indemnity

## CONSENT OF DESIGNATED LOCAL CO-COUNSEL

I, Thomas C. Sterling, an attorney and active member in good standing of the Bar of Guam who resides in and has an office in this District, am co-counsel for Specially-Appearing Defendant to Inchcape's Amended Complaint-In-Intervention, Navigators Insurance Company, dba Navigators Protection & Indemnity, hereby consent to the foregoing petition of Ellen G. Lauck for pro hac vice admission, and the designation contained therein, pursuant to GR 17.1(e), Local Rules of the District Court of Guam.

DATED this 30th day of March, 2007.

Respectfully Submitted,

THOMAS C. STERLING

APPLICATION OF STANLEY L. GIBSON FOR ADMISSION PRO HAC VICE
Civ Case No. 06-00011; Our File No. 2900.81

- 3 -

# Exhibit B

THOMAS C. STERLING
BLAIR STERLING JOHNSON
 MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TEL: (671) 477-7857
FAX: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882)
 (*pro hac vice* petition pending)
ELLEN G. LAUCK (Cal. Bar No. 246030)
 (*pro hac vice* petition pending)
GIBSON ROBB & LINDH LLP
100 FIRST STREET, 27TH FLOOR
SAN FRANCISCO, CA  94105
TELEPHONE: (415) 348-6000
FAX: (415) 348-6001

*Attorneys for Specially-Appearing Defendant to Complaint in Intervention, Navigators Insurance Co., dba Navigators Protection & Indemnity*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>　　　　　Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | CIVIL CASE NO. 06-00011<br><br>**ORDER GRANTING PETITIONS OF STANLEY L. GIBSON AND ELLEN G. LAUCK FOR ADMISSION *PRO HAC VICE*** |

**WHEREAS**, the petitions of Stanley L. Gibson and Ellen G. Lauck to appear *pro hac vice* in District Court of Guam, District of Guam in the above-captioned matter, have come regularly before the Court for its review pursuant to GR 17.1(d), Local Rules of the District Court of Guam;

1  **WHEREAS,** the Petitions are supported by the necessary designation and consent of local co-counsel as required by GR 17.1(e), Local Rules of the District Court of Guam;

**WHEREAS,** it appears to the satisfaction of the Court that the Petitions are meritorious, that Mr. Gibson and Ms. Lauck are attorneys admitted to and in good standing with the State Bar of California and various District Courts and Court of Appeals of the United States, that said Petitioners have each paid the prescribed fee for admission, that said Petitioners have each signed the prescribed oath; and that good cause otherwise appears thereon;

**IT IS HEREBY ORDERED** that the Petitions of Stanley L. Gibson and Ellen G. Lauck for admission to practice *pro hac vice* before the District Court of Guam are GRANTED and that the said petitioners be admitted upon signing the roll of attorneys.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Apr 12, 2007

E62\52285-01
G:\WORDDOC\PLD\TCS\313-PROPOSED ORDER
GRANTING PETITIONS RE USA V MARWAN ET AL.DOC

- 2 -

# Exhibit C



**Protection & Indemnity**

ORIGINAL

THIS CERTIFICATE IS NOT ASSIGNABLE OR OTHERWISE TRANSFERABLE
WITHOUT THE EXPRESS AGREEMENT OF THE INSURER

# CERTIFICATE OF PROTECTION & INDEMNITY INSURANCE NO. LN04PNI000169

THIS IS TO CERTIFY THAT *Navigators Protection and Indemnity* is authorised by Navigators Insurance Company to sign and issue this Certificate on their behalf.

We hereby declare under the authority of Navigators Insurance Company that Insurance has been effected for

ASSURED:     Marwan Shipping & Trading Co

VESSEL:      'AJMAN 2'

PERIOD:      11th June 2004 to 10th June 2005 LST

Place of Issue     LONDON

Date  16th June 2004            Signed

                                Authorised Signatory
                                Navigators Protection and Indemnity

This Certificate is not valid unless signed by
NAVIGATORS PROTECTION AND INDEMNITY

In the event of any loss or damage or occurrence which may result in a claim under this insurance immediate notice must be given to Navigators Protection and Indemnity.

## NAVIGATORS INSURANCE COMPANY

### 2) Liabilities for Persons other than Crew

Liability to pay damages or compensation for personal injury, illness or death of any person, other than the persons specified in Section A1) and hospital, medical or funeral expenses incurred in relation to such injury, illness or death, provided always that Cover under this Section is limited to liabilities arising out of a negligent act or omission on board or in relation to a vessel named herein or in relation to the handling of her cargo from the time of receipt of that cargo from the shipper or pre-carrier at the port of shipment until delivery of that cargo to the consignee or onward carrier at the port of discharge.

### 3) Liabilities for Damage caused to other Vessels

I. Liability for loss of or damage to any other vessel, craft, cargo or other property on such other vessel or craft, caused by collision with the vessel named herein, only insofar as such liability exceeds the Agreed Insured Hull Value of the vessel and its appurtenances immediately prior to such collision; or for such other proportion as may have been agreed in writing in advance by the Insurer.

   a. Claims under this clause shall be settled on the principle of cross-liabilities.

   b. Notwithstanding the foregoing, if any one or more of the various liabilities arising from such collision has been compromised, settled or adjusted without the written consent of the Insurer, the Insurer will be relieved of liability for any and all claims hereunder.

II. Liability for loss of or damage to any other vessel, craft or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the Insured.

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Insured, the Insurer will be liable as if such damaged property belonged to another but only to the extent of the excess over any amount recoverable under any other insurance relating to such property.

### 4) Liabilities for Loss or Damage to the Property of Third Parties

Liability to third parties for damage to any dock, pier, harbour, jetty, buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Insured, the Insurer will be liable as if such damaged property belonged to another, but only to the extent of the excess over the amount recoverable under such other insurance(s) which may be in place.

### 5) Liabilities for the Removal of a Wreck

Liability for the costs or expenses of, or incidental to, the removal of the wreck of a vessel named herein when such removal is compulsory by law, provided that:

   I. There shall be deducted from such claim for costs or expenses, the value of any salvage from or which might have been recovered from the wreck, inuring, or which might have inured, to the benefit of the Insured.

   II. The Insurer shall not be liable for such costs or expenses which would be covered by the Insured's Hull & Machinery policy as outlined in Section C clause (1) of this Policy or claims arising out of hostilities or warlike operations, whether before or after any declaration of war.

# Exhibit D

# Forrest Booth

**From:** Myles Sunley [Myles.Sunley@limit.co.uk]
**Sent:** Tuesday, October 02, 2007 9:46 AM
**To:** Forrest Booth
**Cc:** Chris Zavos; neil.hawkins@xchanging.com
**Subject:** "Ajman II"

Forrest

Thank you for advising us of the US Government's decision. We now have half of the 'target' figure in place.

I note your comments in respect of the pier damage claim. However, I do not recall these issues being raised in our telephone call. As you are aware, Navigators have wish to conclude both the claims in the same negotiation (our interest will, of course, be only for pollution).



Regards

Myles

Myles A Sunley BSc (Hons) ACII
Chartered Insurer
Senior Claims Adjuster
O'Farrell Syndicate 1036 at Lloyd's
LIMIT