LAW OFFICE
**THOMAS McKEE TARPLEY**
**A Professional Corporation**
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

**FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)**
**RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)**
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724
9ZP345W

**FILED**
**DISTRICT COURT OF GUAM**
NOV 14 2007 11:20
**JEANNE G. QUINATA**
**Clerk of Court**

**IN THE DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

INCHCAPE SHIPPING SERVICES GUAM, LLC,

Plaintiff in Intervention,

vs.

MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,

Defendants.

AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION

Case No.: 1:06-CV-00011

**EX PARTE APPLICATION FOR ORDER TO SHORTEN TIME ON S. J. GARGRAVE'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST NAVIGATORS PROTECTION & INDEMNITY**

Complaint Date: April 19, 2006
Trial Date: May 12, 2008

S. J. GARGRAVE SYNDICATE 2724,

Third-Party Plaintiff,

vs.

NAVIGATORS PROTECTION & INDEMNITY,

Third-Party Defendant.

## I. APPLICATION FOR ORDER SHORTENING TIME

Pursuant to Local Civil Rule 7.1(k), S. J. GARGRAVE SYNDICATE 2724 ("Gargrave") hereby applies this honorable court for an order shortening the briefing schedule[1] set forth in Local Civil Rule 7.1(d)(2) in regards to Gargrave's motion for leave to file third-party complaint against NAVIGATORS PROTECTION & INDEMNITY ("Navigators"). Gargrave makes this request so that Navigators can be made a party before the scheduled mediation of this action, presently set for December 4 and 5, 2007. Navigators' inclusion in the mediation will serve the interests of justice and greatly facilitate the resolution of this action, as well as the related action, *Jose D. Leon Guerrero Commercial Port, et. al. v. Marwan Shipping & Trading Co., LLC et. al.*, Civil Action No. 07-00010 ("Pier Damage Claim").

Local counsel for opposing parties are:

1. Mike W. Schwab, Esq.
2. Lawrence T. Teker, Esq.
3. David P. Ledger, Esq.
4. Thomas C. Sterling, Esq.
5. Thomas M. Tarpley, Jr., Esq.

On November 13, the undersigned contacted all attorneys of record by email, attaching copies of all documents to be filed on this motion in compliance with L.R. 7.1(j). As of the time

[1] Due to the same time constraints necessitating this application, Gargrave waives oral argument on this application as well as the underlying motion for leave to file the third-party complaint against Navigators.

of filing, only counsel for Marwan has responded by stating Marwan will not oppose these motions.

Gargave respectfully submits the following statement of facts, points, and authorities in support of its application for an order shortening time.

## II. STATEMENT OF FACTS

The genesis of this action is the grounding of the M/V AJMAN 2 ("AJMAN 2") at Family Beach in Apra Harbor, Guam, after she broke free of her moorings and beached. Plaintiff UNITED STATES OF AMERICA ("United States") allegedly incurred expenses in retaining salvors/wreck-removers TITAN SALVAGE ("Titan") to remove the AJMAN 2 from Family Beach.

The United States then filed suit (the "Pollution Claim") against the owners/operators of the AJMAN 2, MARWAN SHIPPING & TRADING CO., LLC ("Marwan") and FIVE SEAS SHIPPING CO., LLC ("Five Seas"), and against Gargrave as the alleged financial-backer of the Certificate of Financial Responsibility ("COFR") that Marwan and Five Seas procured for the AJMAN 2 to enable the ship to enter United States waters.

On July 24, 2006, Gargrave filed a Third-Party Complaint against Navigators and AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"). (Declaration of Forest Booth ("Booth Decl."), ¶ 3.) Gargave's Third-Party Complaint alleged that Navigators had misrepresented material facts to Gargrave on Marwan's and Five Seas' behalves, and failed to disclose other material facts, during the application for the COFR and policy of pollution insurance underwritten for the AJMAN 2 by Gargrave. (Booth Decl., ¶ 3.) Discovery later revealed that these were not viable claims against Navigators. (Booth Decl. ¶ 3.) Accordingly, Gargrave dismissed its third-party complaint against Navigators, without prejudice, on or about February 1, 2007. (Booth Decl. ¶ 4.) After another claim was dismissed by the Court, Navigators is no longer a party to this action. (Booth Decl. ¶ 11.)

Meanwhile, the parallel suit Pier Damage Claim, arising from the same set of operative facts, was proceeding in this Court. Prior to being moored in Apra Harbor, the AJMAN 2 had been tied up at, and caused damage to, F-5 Pier, which is owned by the JOSE D. LEON

GUERRERO COMMERCIAL PORT ("Port") and insured by M. J. HARRINGTON SYNDICATE 2000 ("Harrington Syndicate"). The Port and Harrington Syndicate sued Marwan, Five Seas, Al-Buhaira, and Navigators in that lawsuit.

Harrington Syndicate and Gargrave are represented by the same counsel in the respective actions. (Booth Decl. ¶ 6.) After Gargrave dismissed Navigators from the Pollution Claim, it became aware through discovery in the Pier Damage Claim that Titan performed and billed for services in salvaging the vessel and for wreck removal. (Booth Decl. ¶ ¶ 7 & 8.) Wreck removal is specifically covered by the insurance that Navigators extended to Marwan ((Booth Decl. ¶ ¶ 7 & 8.) As such, Navigators is directly liable for some of the costs sought in the Pollution Claim, and should be made a party thereto.

All parties in the Pier Damage Claim have agreed to a mediation of the dispute, to be held in London, England, the week of December 3, 2007. (Booth Decl. ¶ 9.) Counsel are discussing resolving that matter, and it is possible that the case will be settled before the mediation convenes. (Booth Decl. ¶ 9.) Navigators, through their San Francisco-based counsel, have agreed to participate in that mediation. (Booth Decl. ¶ 9.)

Gargrave and Harrington Syndicate are syndicates of Underwriters at Lloyds, London. (Booth Decl. ¶ 10.) From time to time the lead claims adjuster at Gargrave has had direct conversations about the AJMAN 2 claims with employees of Navigators in London. (Booth Decl. ¶ 10.) Gargrave was told on a number of occasions that Navigators would be willing to engage in a mediation together, as a package. (Booth Decl. ¶ 10.) Indeed, it was the understanding of Gargrave and Harrington Syndicate that one of the reasons the parties agreed to set aside two days for the London mediation was that one day would be devoted to resolving the Pier Damage Claim, and the other the Pollution Claim. (Booth Decl. ¶ 13.) However, in late October and November 2007, Navigators' counsel suddenly informed counsel for Gargrave and Harrington Syndicate that Navigators, even though it can attend both mediations, is no longer interested in mediating the Pollution Claim because Navigators is no longer a party this lawsuit. (Booth Decl. ¶ ¶ 12 & 15.)

These actions are ripe for settlement, provided that Navigators comes to the table. (Booth Decl. ¶ 14.)

### III. POINTS & AUTHORITIES

Gargrave has filed concurrently a motion for leave to implead Navigators as a third-party defendant in this admiralty action pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. Gargrave's third-party action against Navigators is meritorious, and an accelerated adjudication of that motion is necessary in order to bring Navigators to the negotiating table on December 4 in London so that the parties may reach an informal, universal settlement of this action and the Pier Damage Claim.

Ordinarily, upon the filing of a motion not set for oral argument, "the opposing party shall have fourteen (14) days from the date of the filing of the Motion to serve and file an Opposition…" and the moving party seven days thereafter to reply (Local Civil Rule, 7.1(d)(2)(A) & (B).) However, departures from the normal briefing schedule are appropriate on a showing of mere good cause, and may be determined on an ex parte basis. (Local Civil Rule, 7.1(k).) Applications for orders shortening time permitted or required by these Local Rules or the Federal Rules of Civil Procedure for the filing of any paper or pleading or the doing of any act shall be supported by a certificate stating the reasons therefore." (Local Civil Rule, 7.1(k).)

Good cause is easily demonstrated in the facts discussed above. Gargrave has a meritorious claim against Navigators. But this matter is rapidly moving towards an informal resolution. Navigators' involvement at the upcoming mediation will greatly facilitate the likelihood of a universal settlement. Therefore, it is in the interest of all parties that this honorable court review the papers in support and opposition of Gargrave's motion on a shortened time. Gargrave seeks a resolution well in advance of the December 4, 2007 mediation.

Setting the parties' briefing schedule is a matter inherently within the sound discretion of the court. In order that this court may reach a determination on Gargrave's motion for leave to file its third-party complaint as to Navigators in sufficient time for the December 4 mediation in London, especially in light of the intervening court holidays, Gargrave is willing to waive oral argument. Gargrave also ask that Navigators' date to file an opposition be shortened from 14

Case 1:06-cv-00011 Document 145 Filed 11/14/2007 Page 5 of 8

days to 9 calendar days. Gargrave, in turn, will stipulation to file its reply brief within 4 court days of Navigators' service of its opposition.

## IV. CONCLUSION

Gargrave respectfully requests the court to set a shortening briefing schedule so that an adjudication of its motion for leave to implead Navigators as a third-party defendant may be determined on shortened time.

Dated this 14th day of November, 2007.

THOMAS McKEE TARPLEY,
Attorney for Defendant, Cross-Claimant and Counterclaimant S. J. GARGRAVE SYNDICATE 2724

**CERTIFICATE OF SERVICE**

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on November 14 2007, I caused to be served a true and correct copy of the EX PARTE APPLICATION FOR ORDER TO SHORTEN TIME ON S. J. GARGRAVE'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST NAVIGATORS PROTECTION & INDEMNITY, to the following:

Mike W. Schwab, Esq.
OFFICE OF THE U.S. ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910

R. Michael Underhill
Attorney in Charge, West Coast Office
MIMI MOON
Trial Attorney
Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102-3463
[Courtesy copy]

*Attorneys for Plaintiff and Counterdefendant United States of America*

Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

John E.D. Powell, Esq.
CAIRNCROSS & HEMPELMANN, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
[Courtesy copy]

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.; Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

Thomas C. Sterling, Esq.
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO, P.C.
Suite 1008, DNA Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205

Stanley L. Gibson, Esq.
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
[Courtesy copy]

*Attorneys for Defendant Navigators Insurance Co., dba Navigators Protection & Indemnity*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

*Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC*

Dated this 14th day of November, 2007.

DOROTHEA QUICHOCHO