

FILED
DISTRICT COURT OF GUAM
NOV 1 4 2007
JEANNE G. QUINATA
Clerk of Court

THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

**FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)**
**RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)**
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Case No.: 1:06-CV-00011<br><br>**CERTIFICATE OF FORREST BOOTH IN SUPPORT OF EX PARTE APPLICATION FOR ORDER TO SHORTEN TIME ON S.J. GARGRAVE'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST NAVIGATORS PROTECTION & INDEMNITY**<br><br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

11620/0002/648205.1

ORIGINAL

CERTIFICATE OF FORREST BOOTH
Case No.: 1:06-CV-00011

| | |
|---|---|
| 1 | S.J. GARGRAVE SYNDICATE 2724, |
| 2 | Third-Party Plaintiff, |
| 3 | vs. |
| 4 | NAVIGATORS PROTECTION & INDEMNITY, |
| 5 | |
| 6 | Third-Party Defendant. |

I, Forrest Booth, certify as follows:

1. I am an attorney duly licensed to practice law before all courts in the State of California, and am admitted *pro hac vice* herein. I am a member of the law firm of Severson & Werson, counsel of record for Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave").

2. I have personal knowledge of the facts stated in this Declaration, and if called as a witness to testify as to them, I can and will competently do so.

3. On July 24, 2006, I filed a Third-Party Complaint herein, on behalf of Gargrave, against NAVIGATORS PROTECTION & INDEMNITY ("Navigators") and AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"). Said Third-Party Complaint alleged that Navigators had misrepresented material facts, and failed to disclose other material facts, during the application for the Certificate of Financial Responsibility ("COFR") and policy of pollution insurance underwritten for the M/V AJMAN 2 by Gargrave. Discovery later disclosed that these were not viable claims against Navigators.

4. Accordingly, a dismissal dated January 31, 2007 was filed on February 1, 2007, dismissing Navigators, without prejudice, from this litigation.

5. Navigators remains a party in the closely related action entitled *Jose D. Leon Guerrero Commercial Port and M.J. Harrington Syndicate 2000 v. Marwan Shipping & Trading Company, LLC, Sharjah, et al.*, Civil Action Case No. 07-00010 in this Court ("Port's lawsuit").

6. I am counsel for plaintiff M.J. HARRINGTON SYNDICATE 2000 (hereinafter "Harrington") in the Port's lawsuit. As a result, I am familiar with the pleadings and discovery in that matter, as well as the pleadings and discovery herein.

7. Discovery in this action and the Port's lawsuit has disclosed that Titan Maritime LLC ("Titan"), the salvage contractor retained by the U.S. Government to deal with the M/V AJMAN 2 disaster, performed and billed for services involved in salvaging the vessel in August of 2004. Salvage expenses are typically insured under a vessel's hull and machinery insurance policy.

8. Discovery in this action and the Port's lawsuit has disclosed that Titan performed services in August of 2004 for the removal of the wreck of the M/V AJMAN 2 from Family Beach in Apra Harbor, Guam. Navigators insured Marwan Shipping & Trading Co., LLC for "Liabilities for the Removal of a Wreck."

9. All parties in the Port's lawsuit have agreed to a mediation of the dispute, to be held in London, England, during the week of December 3, 2007. Counsel are discussing resolving that matter, and it is possible that the case will be settled before the mediation convenes. Navigators, through their San Francisco-based legal counsel, have agreed to participate in that mediation.

10. My clients are syndicates of Underwriters at Lloyds, London. From time to time the lead claims adjuster at the Gargrave Syndicate has had direct conversations about the AJMAN 2 claims with employees of Navigators in London. The Gargrave Syndicate was told on a number of occasions that Navigators would be willing to engage in a mediation of the AJMAN 2 disputes, but only if the Port's lawsuit and this action were mediated together, as a package.

11. On November 2, this Court dismissed without prejudice the Amended Complaint in Intervention filed by Inchcape Shipping Services Guam LLC (hereinafter "Inchcape"). As of that date, Navigators was no longer a party to this lawsuit.

12. On several occasions in late October and November 2007, I have had telephone conversations with Mr. Gibson, counsel for Navigators. During those conversations, Mr. Gibson

- 3 -

11620/0002/648205.1    CERTIFICATE OF FORREST BOOTH
Case 1:06-cv-00011   Document 146   Filed 11/14/2007   Page 3 of 6   Case No.: 1:06-CV-00011

advised me that his client is no longer interested in mediating this action, because Navigators is no longer a party to this lawsuit, and therefore, in his view, is no longer involved.

13. It is my understanding that one of the reasons the parties originally agreed to set aside two days for the London mediation was that one day would be devoted to resolving the Port's lawsuit, and one day to resolving this lawsuit.

14. In my opinion, based on 30 years as a maritime lawyer, this action brought by the United States is readily susceptible of settlement. Counsel for defendants Marwan Shipping & Trading Co., Five Seas Shipping Co., LLC and Al-Buhaira have indicated to me that their clients are desirous of settling this lawsuit.

15. Mr. Gibson, counsel for Navigators, has indicated to me that he is prepared to travel to London to participate in one or two days of mediation during the week of December 3, 2007, the dates currently agreed upon for mediation, although he has not yet agreed to mediate this dispute at the same time as the Port's lawsuit.

16. This application must be determined on an ex parte basis due to the time constraints imposed by the mediation schedule, and because Navigators would not stipulate to shorten the time period for Gargrave to file and the Court to hear its motion.

Sworn this 8th day of November, 2007, under penalty of perjury under the laws of the State of California and of the United States at San Francisco, California.

By: _____
FORREST BOOTH

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on November 14, 2007, I caused to be served a true and correct copy of the **CERTIFICATE OF FORREST BOOTH IN SUPPORT OF EX PARTE APPLICATION FOR ORDER TO SHORTEN TIME ON S.J. GARGRAVE'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST NAVIGATORS PROTECTION & INDEMNITY** to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.; Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
   *Attorneys for Intervenor Inchcape Shipping Services Guam LLC*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ<br>& LEON GUERRERO<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910 | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[courtesy copy] |

*Attorneys for Defendant Navigators Insurance Co., dba*
*Navigators Protection & Indemnity*

Dated this 14 day of November, 2007.

_____
DOROTHEA QUICHOCHO