THOMAS McKEE TARPLEY, JR.
A Professional Corporation
Bank of Hawaii Building
134 Soledad Avenue, Suite 402
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724
9ZP372W

FILED
DISTRICT COURT OF GUAM
NOV 30 2007
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>　　　　Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>　　　　Defendants. | Case No.: 1:06-CV-00011<br><br>**FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY**<br><br>**IN ADMIRALTY**<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |
| AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | |

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE 2724, | |
| Third-Party Plaintiff, | |
| vs. | |
| NAVIGATORS PROTECTION & INDEMNITY, | |
| Third-Party Defendant. | |

S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"), an unincorporated association, for a First Amended Third-Party Complaint against NAVIGATORS PROTECTION & INDEMNITY, a corporation (hereinafter "Navigators"), alleges as follows:

**JURISDICTION**

1. This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears; it is an Admiralty and Maritime claim within the meanings of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333(1). This Court also has ancillary and/or pendent jurisdiction over the matters set forth herein.

**VENUE**

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**PARTIES**

3. Plaintiff Gargrave is an unincorporated association organized and existing under the laws of the United Kingdom, with its principal place of business at London, England. At all relevant times, Gargrave was an insurer in the business of writing marine insurance and issuing Certificates of Financial Responsibility (hereinafter "COFRs").

4. Gargrave is informed and believes that third-party defendant NAVIGATORS PROTECTION & INDEMNITY (hereinafter "Navigators") was and now is an entity duly organized and existing under the laws of the United Kingdom, with its principal place of business at London, England, and is a subsidiary of Navigators Insurance Company of New York.

Navigators is an insurer in the business of underwriting marine insurance, particularly protection & indemnity (hereinafter "P&I") insurance and excess P&I insurance. Gargrave is informed and believes that at all relevant times, Navigators was the P&I insurer for the M/V AJMAN 2.

5. In or about August of 2004, the M/V AJMAN 2 broke free of her mooring and ran aground on Family Beach in Apra Harbor, Guam (hereinafter the "incident"). Plaintiff UNITED STATES OF AMERICA (hereinafter "United States") then retained a salvage contractor to provide salvage and wreck removal services to remove the vessel from the beach, re-secure it at a mooring, and otherwise protect and preserve the owners' property and interest in the vessel. The services provided by the salvage contractor are considered under admiralty law to be in part salvage services and in part wreck removal services. Certain of the expenses are also considered "sue and labor" expenses under admiralty law. The aforesaid salvage and sue and labor expenses incurred by the contractor retained by the United States are insured by the hull and machinery policy issued by Third-Party Defendant AL-BUHAIRA NATIONAL INSURANCE COMPANY ("Al-Buhaira"), and payment for them should be made to the United States by Al-Buhaira, and not by Gargrave.

6. The derelict hull of the M/V AJMAN 2 was removed from Family Beach in Apra Harbor, Guam by a contractor of the United States. The contractor's expenses therefor are considered in part to be wreck removal expenses under admiralty law. Certain of the expenses are also considered sue and labor expenses. The aforesaid wreck removal and sue and labor expenses are insured under the vessel's P&I policy issued by Navigators, and the claims of the United States for reimbursement of said wreck removal and sue and labor expenses should be paid herein by Navigators, and not by Gargrave.

7. At an early point during the vessel's port call at Guam, Navigators appointed a marine surveyor, Paul Thomas, or allowed him to be appointed on Navigators' behalf, to represent the P&I interests (including Navigators) and the vessel's owners and operators. Mr. Thomas traveled to Guam from the Philippines, and on arrival announced to all of the

relevant authorities that he had taken charge of, and had taken financial responsibility for, the incident, on behalf of the P&I interests and the vessel's owners.

8. Gargrave is informed and believes that, after the vessel severely damaged Pier F-5 and then ran aground, Navigators instructed Mr. Thomas to withdraw immediately and return to his office in the Philippines. Mr. Thomas did return to the Philippines, without announcing his departure to any of the state or federal agencies involved, to the Port, or to Gargrave.

9. As a direct result of Mr. Thomas, the P&I and owners' representative, having disappeared from Guam, the U.S. Coast Guard had no representative of the owners and their insurers with whom the Coast Guard could communicate, confer and make decisions regarding the vessel. Accordingly, the Coast Guard "federalized" and took control of the vessel and the incident, which directly resulted in very large costs and expenses being incurred by a wreck removal and salvage contractor for the U.S. Government. These costs were far in excess of the expenses which would have been incurred if Gargrave, through local contractors, had been allowed to handle the incident, which Gargrave was both capable of doing and was prepared to do. Navigators is responsible for these additional and unnecessary costs and expenses.

10. The United States has filed a Verified Complaint of the United States herein (hereinafter the "Verified Complaint"), which is incorporated in this First Amended Third-Party Complaint by reference, naming Gargrave as a defendant, among others, and seeking to recover costs which the United States allegedly has expended in responding to a threat of and preventing pollution at Apra Harbor, Guam, salving the vessel M/V AJMAN 2 and removing the wreck of said vessel, in or about August and September of 2004. Navigators, and not Gargrave, should pay all or most of the sum the United States is seeking herein.

**FIRST CAUSE OF ACTION**

(Equitable Indemnity Against Navigators)

11. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Third-Party Complaint.

12. Gargrave denies any liability for the allegations set forth in the Verified Complaint, and instead alleges that all events and happenings referred to therein were caused and

- 4 -

created by the active negligence and/or intentional willful misconduct and failure to perform duties and contractual obligations by Navigators and others. Gargrave further asserts that Navigators should have responded, in the first instance, to the demands of the United States for pollution response and abatement and for wreck removal, as the P&I insurer. In the event Gargrave is adjudged liable to the United States under the Verified Complaint, any fault or liability of Gargrave, all of which is vigorously denied, would be passive in nature and secondary, as opposed to the active and primary fault and breaches of duties and of contract by Navigators, as the P&I insurer.

13. If any judgment should be rendered in favor of the United States or others against Gargrave, or if a settlement is made by Gargrave, Gargrave will be entitled to full indemnification from Navigators, and Gargrave is entitled to recover in equitable indemnity for wreck removal and sue and labor expenses from Navigators in the full amount of any said judgment or settlement, in addition to attorneys' fees and costs.

## SECOND CAUSE OF ACTION
(Contribution Against Navigators)

14. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Third-Party Complaint.

15. As a direct and proximate result of Navigators' breaches of contract and of its respective duties to its insureds, and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

16. As a result of Gargrave's potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution for wreck removal and sue and labor expenses from Navigators for some or all of Gargrave's respective liabilities, if any there are.

## THIRD CAUSE OF ACTION
(Tort of Another Against Navigators)

17. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Third-Party Complaint.

- 5 -

18. Gargrave is informed and believes that Navigators breached its duties under its policy of P&I insurance, and breached other non-contractual duties and obligations. As a direct and proximate result of these breaches of duty and of contract by Navigators, Gargrave has been compelled to litigate with the United States.

19. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until the issues involved herein are resolved. Gargrave is entitled to recover these fees and costs from Navigators, plus full indemnity for any liability of or settlement by Gargrave herein, under the doctrine of wrongful act / tort of another.

## FOURTH CAUSE OF ACTION

(Negligence Against Navigators)

20. Gargrave refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Third-Party Complaint.

21. Navigators was negligent in appointing surveyor Paul Thomas, in directing and supervising his activities, and in neglecting and failing to properly direct and supervise his activities on Guam. Mr. Thomas was negligent in his activities as representative of the P&I interests and vessel owners during the incident at Guam. Navigators is responsible for Mr. Thomas' activities, since he was Navigators' agent.

22. Navigators was further negligent in prematurely withdrawing Mr. Thomas from Guam, without notice to anyone, thereby leaving no representative of the P&I interests and owners with whom the Coast Guard could have communicated. The negligence of Navigators led to the Coast Guard federalizing the incident, and directly led to the incurring of costs and expenses greatly in excess of what was needed to resolve the incident, and greatly in excess of what private contractors would have charged if Gargrave had been allowed to control the incident, which Gargrave was both equipped and prepared to do.

23. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until the issues involved herein are resolved. Gargrave is being sued by the United States for inflated fees and costs which were incurred solely due to the negligence of Navigators and its agent, Mr. Thomas. Gargrave is entitled to indemnity or

- 6 -

contribution from Navigators for Navigators' negligence, tortious conduct and breaches of contract.

### DEMAND FOR JUDGMENT IN FAVOR OF PLAINTIFF

24. Pursuant to F.R.C.P. 14(c), Gargrave hereby demands judgment against Navigators, in favor of plaintiff United States and in favor of the cross-complainants against Gargrave, and further demands that Navigators answer and make any defenses to the claims of the United States, as set forth in the Verified Complaint, and to the cross-complaints of the cross-complainants against Gargrave, directly, as well as to the claims of Gargrave.

### PRAYER

WHEREFORE, Third-Party Plaintiff Gargrave prays for judgment as follows:

1. For full and complete indemnification from Navigators in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States and/or any other party herein;

2. For contribution from Navigators in the event Gargrave is held liable in the principal action herein, or in the event Gargrave makes any settlement with the plaintiff United States and/or any other party herein;

3. For a judgment pursuant to the provisions of F.R.C.P. 14(c) directly against Navigators in favor of the plaintiff United States and in favor of the cross-complaints against Gargrave, and for Navigators to make its defenses and answers directly to the claims of the United States and to the cross-complaints against Gargrave, as well as to the claims herein of Third-Party Plaintiff Gargrave;

4. For judgment against Navigators for Gargrave's costs, expenses and reasonable attorneys' fees incurred in defense of the United States' Verified Complaint, of the cross-complaints against Gargrave, and other pleadings; and

///

///

///

- 7 -

5. For such other and further relief as this Court may deem just and proper.

Dated this __30th__ day of November, 2007.

_____
THOMAS McKEE TARPLEY,
Attorney for Defendant, Cross-Claimant
and Counterclaimant S.J. GARGRAVE
SYNDICATE 2724

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on November **30th**, 2007, I caused to be served a true and correct copy of the **FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AGAINST NAVIGATORS PROTECTION & INDEMNITY** to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.; Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ &<br>LEON GUERRERO, P.C.<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910-5205 | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[Courtesy copy] |

*Attorneys for Defendant Navigators Insurance Co., dba Navigators Protection & Indemnity*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building. Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

*Attorneys for Intervenor Inchcape Shipping Services Guam LLC*

Dated this 30TH day of November, 2007.

_____
DOROTHEA QUICHOCHO