The
**THOMAS McKEE TARPLEY**
Law Firm
A Professional Corporation
GCIC Building
414 West Soledad Avenue, Suite 904
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

**FORREST BOOTH** (Cal. Bar No. 74166) (Admitted *pro hac vice*)
**RYAN C. DONLON** (Cal. Bar No. 229292) (Admitted *pro hac vice*)
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724
9ZP491W

FILED
DISTRICT COURT OF GUAM
FEB 0 5 2008
JEANNE G. QUINATA
Clerk of Court


# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>    Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>    Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIM, AND CLAIM IN INTERVENTION | Case No.: 1:06-CV-00011<br><br>**S.J. GARGRAVE SYNDICATE 2724'S MOTION FOR DEFAULT JUDGMENT AGAINST NAVIGATORS INSURANCE CO., DBA NAVIGATORS PROTECTION & INDEMNITY**<br><br>[NO ORAL ARGUMENT REQUESTED]<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

11620/0002/585335.1    ORIGINAL
Case 1:06-CV-00011    Document 155    Filed 02/05/2008    Page 1 of 6
GARGRAVE'S MOTION FOR DEFAULT JUDGMENT
Case No.: 1:06-CV-00011

Third-party Plaintiff S. J. GARGRAVE SYNDICATE 2724 ("Gargrave") hereby moves this Court for a default judgment in the amount of $800,000 against Third-Party Defendant Navigators Insurance Co. dba Navigators Protection & Indemnity ("Navigators") pursuant to Fed. R. Civ. P. Rule 55(b)(2), and based upon the following facts of record:

1. On April 19, 2006, Plaintiff United States of America sued, *inter alia*, Gargrave in this Court, claiming damages for pollution cleanup and removal costs, as well as attorney's fees, interest and other expenses pertaining to the entry of the Vessel M/V AJMAN 2 into the port of Guam. [Doc. No. 1].

2. On November 30, 2006, Plaintiff in intervention Inchcape Shipping Services Guam LLC ("Inchcape") filed its Amended Complaint In Intervention against, *inter alia*, Navigators. This Court issued its Certificate of Service Re Summons and the Amended Complaint In Intervention as to Navigators on December 6, 2006 and December 7, 2006 pursuant to Fed. R. Civ. P. 4(f)(2)(B).

3. Navigators appeared through Attorney Thomas C. Sterling and the pro hac vice applications of attorneys of Ellen G. Lauck and Stanley L. Gibson. [Doc. Nos. 118 and 119]. Lauck and Gibson were admitted as Navigators attorneys of record by Court order on April 12, 2007. [Doc. No. 126].

4. On November 2, 2007 this Court granted Navigators' motion to dismiss the Amended Complaint in Intervention of Inchcape without prejudice. [Doc. No. 142]. At no time did Navigators request of this Court for entry of a final judgment of dismissal from this lawsuit pursuant to Rule 54(b) Fed. R. Civ. P. Accordingly, under Rule 54(b) Fed. R. Civ. P., the order of dismissal remained interlocutory and did "not terminate the action" against Navigators, who remains a party to this litigation and over whom this Court still retains jurisdiction.

5. On November 28, 2007, this Court granted Gargrave's motion for leave to file a third party complaint against Navigators. [Doc No. 149].

6. Gargrave served its First Amended Third-Party Complaint against Navigators by delivery of same to Thomas C. Sterling on November 30, 2007 and mailing the

same to Stanley Gibson by U.S. mail, postage prepaid on same date. *See Declaration of Thomas M. Tarpley dated January 23, 2008.* [Doc. No. 153].

7. More than twenty (20) days elapsed after service of the First Amended Third-Party Complaint yet Navigators failed to plead or otherwise defend as provided by the Federal Civil Rules. *Id.* On January 29, 2008 the Clerk of Court entered Navigators' default. [Doc. No. 154].

8. In November of 2007, Gargrave entered into a settlement agreement with Plaintiff to settle the claims for $800,000. See Declaration of Forrest Booth of amounts due in support of entry of default judgment, filed contemporaneously herewith.

## ARGUMENT

Gargrave's First Amended Third-Party Complaint alleged, in paragraph 10 thereof, that "Navigators, and not Gargrave, should pay all or most of the sums the United States is seeking herein." [Doc. No. 150]. Gargrave alleged causes of action against Navigators for Equitable Indemnity, Contribution, Tort of Another, and Negligence. *Id.* Gargrave's First Amended Complaint against Navigators prayed for entry of judgment against Navigators "in the event Gargrave makes any settlement with the Plaintiff United States." *Id.*

Gargrave has now settled with Plaintiff for the amount of $800,000, a sum certain amount.

Under Rule 54(b)(2) a party is entitled to a default judgment if there has been an entry of default against the party who has failed to plead or otherwise defend a complaint against it. If the damages are a sum certain, the claimant may file an affidavit of the amount due in lieu of the need of a formal evidentiary hearing. Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).

Because Navigators has previously appeared in this action, Navigators is entitled to three days written notice of the application for judgment pursuant to Rule 55(b)(2) Fed. R. Civ. P. Accordingly, Navigators' attorneys of record is being served with written notice of this application upon the filing of same. Gargrave therefore requests this Court not act on this application until three days have elapsed from the service of this application upon Navigators'

1 local counsel, Thomas C. Sterling. A proposed Order of Default is being electronically filed
2 contemporaneously herewith.
3 Dated this 5th day of February, 2008.

THOMAS McKEE TARPLEY
Attorney for Defendant, Cross-Claimant
and Counterclaimant S. J. GARGRAVE
SYNDICATE 2724

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on February __5__, 2008, I caused to be served a true and correct copy of **S.J. GARGRAVE SYNDICATE 2724'S MOTION FOR DEFAULT JUDGMENT AGAINST NAVIGATORS INSURANCE CO., DBA NAVIGATORS PROTECTION & INDEMNITY [NO ORAL ARGUMENT REQUESTED]**, to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.; Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ &<br>LEON GUERRERO, P.C.<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910-5205<br>*Attorneys for Defendant Navigators Insurance Co., dba Navigators Protection & Indemnity* | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[Courtesy copy] |

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

*Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC*

Dated this \_\_\_5th\_\_\_ day of February, 2008.

_____
DOROTHEA QUICHOCHO