THOMAS C. STERLING
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
A Professional Corporation
Suite 1008 DNA Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
Telephone: (671) 477-7857
Fax: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 348-6000
Fax: (415) 348-6001

Attorneys for Specially-Appearing Defendant
Navigators Insurance Co.,
dba Navigators Protection & Indemnity

FILED
DISTRICT COURT OF GUAM
FEB 06 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | Civil Case No.: 06-00011<br><br>**SPECIALLY-APPEARING DEFENDANT NAVIGATORS INSURANCE COMPANY'S MOTION TO SET ASIDE DEFAULT AND DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE SYNDICATE 2724 AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>NO HEARING REQUESTED<br><br>Judge: Honorable Frances Tydingco-Gatewood |

## I. INTRODUCTION

Pursuant to FRCP 55(c) NAVIGATORS INSURANCE COMPANY ("Navigators") appears specially to request the Court to set aside the Clerk's Default entered herein on January 29, 2008, and to dismiss S.J. GARGRAVE SYNDICATE 2724's ("Gargrave") First

SPECIALLY-APPEARING NAVIGATORS' MOTION TO SET ASIDE DEFAULT
AND DISMISS GARGRAVE'S FIRST AMENDED THIRD-PARTY COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME
Civ. Case No. 06-00011; Our File No. 2900.81

1

ORIGINAL

Case 1:06-cv-00011    Document 158    Filed 02/06/2008    Page 1 of 4

Amended Third-Party Complaint ("Complaint") pursuant to FRCP 12(5) on the grounds that Navigators has not been served with Gargrave's Third-Party Complaint.

## II. FACTUAL BACKGROUND

In his Declaration in Support of Request For Entry of Default ("Default Declaration"), counsel for Gargrave neglected to inform the Court that on November 2, 2007, this Court entered its Order dismissing the only pending complaint against Navigators in the action which was ISS' Complaint in Intervention (See Order of Dismissal). Consequently, as of November 2, 2007, Navigators was no longer a party to this action.

As set forth in para. 3 of Gargrave counsel's Declaration, the Court granted Gargrave's motion to file the amended complaint on November 28, 2007, **after** Navigators had been dismissed and was no longer a party to the action. Indeed, in support of the motion to file the amended complaint against Navigators, Gargrave's San Francisco counsel, Forrest Booth, affirmatively stated in his Declaration that as of November 2, 2007, "Navigators was no longer a party to this lawsuit." (See Booth Decl. in Support, para. and Gibson Decl., ¶4, Exhibit B).

Further, in para. 4 of his Default Declaration, counsel for Gargrave admits that he "served" only Mr. Gibson by mail and Mr. Sterling by hand delivery. Nowhere does counsel for Gargrave state that either person was authorized by Navigators to accept service of a new action against Navigators. The only connection to Navigators Gibson and Sterling have to this action is set forth in para. 2 of the Default Declaration: they were attorneys of record for Navigators before it was dismissed.

Moreover, the attempted service was faulty as the Third-Party Summons was not included in the attempted service.

SPECIALLY-APPEARING NAVIGATORS' MOTION TO SET ASIDE DEFAULT
AND DISMISS GARGRAVE'S FIRST AMENDED THIRD-PARTY COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME
Civ. Case No. 06-00011; Our File No. 2900.81

2

Case 1:06-cv-00011    Document 158    Filed 02/06/2008    Page 2 of 4

## III. LAW AND ARGUMENT

### A. The Issue: After a Party Has Been Dismissed from an Action, Does the Dismissed Party Have to be Personally Served With a New Complaint Brought in the Action From Which it Has Been Dismissed?

Gargrave cites no authority for its illogical proposition that a party does not have to be personally served after it has been dismissed from an action. To the contrary, FRCP 4(h) clearly sets forth the due process requirements for service of a complaint on a corporation. Gargrave fails to cite to the Court any exception to the rule requiring personal service in the case of a party which has been dismissed from the action. Allowing service of a complaint on prior counsel of record after the represented party has been dismissed from the action would violate Rule 4(h) and render counsel the agent for service of process on a non-existent party. Counsel confuses service on a party with service on its prior counsel. They are not the same and the law requires service on the **Party**.

Gargrave's failure to properly serve Navigators deprives the Court of "jurisdiction to adjudicate the matters as to" Navigators. Di Vecchio v. Gimbel Bros., 40 FRD 311, 314 (W.D. PA. 1966). "The court may set aside an entry of default for good cause." FRCP 55(c); Guam LTR 11(c) ("For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default"). Certainly, failure to properly serve is good cause to set aside the default.

### B. The Burden is on Gargrave to Prove Proper Service

A defendant may assert by motion the defense of insufficient service of process. FRCP 12(b)(5). On such a motion, the plaintiff has the burden of establishing that the service of process was valid. Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981). If the court grants the motion, the court may dismiss the action

SPECIALLY-APPEARING NAVIGATORS' MOTION TO SET ASIDE DEFAULT
AND DISMISS GARGRAVE'S FIRST AMENDED THIRD-PARTY COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME
Civ. Case No. 06-00011; Our File No. 2900.81

3

Case 1:06-cv-00011    Document 158    Filed 02/06/2008    Page 3 of 4

or retain the action and quash the service. <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737, 740 (2nd Cir. 1985).

Navigators submits that Gargrave failed to properly serve Navigators in two respects. It served prior counsel with a new action and it did not include a copy of the summons with the service. Navigators therefore respectfully requests that the Court set aside the Default and dismiss Gargrave's complaint pursuant to FRCP 12(b)(5).

## IV. CONCLUSION

Navigators was undisputedly not a party to this action when Gargrave attempted to serve its First Amended Third-Party Complaint on Navigators' counsel. The attempted service of process was invalid. Good cause exists to set aside the default because the summons and third-party complaint have not been served. Therefore, Navigators respectfully requests that the Court set aside the Default. Additionally, Navigators also respectfully requests that the Court dismiss Gargrave's Complaint against Navigators based on the ineffective service of process pursuant to FRCP 12(b)(5).

DATED: February 6, 2008

Respectfully submitted,

Stanley L. Gibson
GIBSON ROBB & LINDH LLP

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO

By _____
Thomas C. Sterling
Attorneys for Defendant
NAVIGATORS INSURANCE CO., d.b.a.
Navigators Protection & Indemnity

SPECIALLY-APPEARING NAVIGATORS' MOTION TO SET ASIDE DEFAULT
AND DISMISS GARGRAVE'S FIRST AMENDED THIRD-PARTY COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME
Civ. Case No. 06-00011; Our File No. 2900.81

4

Case 1:06-cv-00011   Document 158   Filed 02/06/2008   Page 4 of 4