THOMAS C. STERLING
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
A Professional Corporation
Suite 1008 DNA Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
Telephone: (671) 477-7857
Fax: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 348-6000
Fax: (415) 348-6001

Attorneys for Specially-Appearing Defendant
Navigators Insurance Co.,
dba Navigators Protection & Indemnity

**FILED**
DISTRICT COURT OF GUAM

FEB 0 7 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>    Defendants.<br><br>AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | Civil Case No.: 06-00011<br><br>**SPECIALLY-APPEARING DEFENDANT NAVIGATORS INSURANCE COMPANY'S OPPOSITION TO S.J. GARGRAVE SYNDICATE 2724'S MOTION FOR DEFAULT JUDGMENT ON THE GROUNDS THAT IT IS PREMATURE**<br><br>Judge: Honorable Frances Tydingco-Gatewood |

S.J. GARGRAVE SYNDICATE 2724's ("Gargrave") FRCP 55(b)(2) Motion for Default Judgment should be denied because it is premature. Currently pending before the Court is NAVIGATORS INSURANCE COMPANY ("Navigators") Motion to Set Aside the Default on the grounds that Navigators was never served with Gargrave's First Amended Third-Party Complaint. Gargrave's motion is premature because the Court has not determined if it has jurisdiction over Navigators to enter a Default in the first place.

It is axiomatic that before the Court can consider Gargrave's motion for default judgment, it must first resolve the issue of whether Navigators was ever served with the summons and complaint. "A person is not bound by a judgment in litigation to which he or she has not been properly made a party by service of process." Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992) (citing Yniguez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991)). On February 5, 2008, Navigators filed its Motion to Set Aside Default on the grounds that Gargrave's failure to serve Navigators deprives the Court of "jurisdiction to adjudicate the matters as to" Navigators. Di Vecchio v. Gimbel Bros., 40 FRD 311, 314 (W.D. PA 1966). Navigators has appeared specially to contest Gargrave's purported service of process. Until the Court resolves this issue, it is premature to consider Gargrave's Motion for Default Judgment. Therefore, Navigators respectfully requests that the Court first resolve the dispute of whether Navigators was served before considering Gargrave's Motion for Default Judgment.

DATED: February 7, 2008

Respectfully submitted,

Stanley L. Gibson
GIBSON ROBB & LINDH LLP

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO

By _____

Thomas C. Sterling
Attorneys for Defendant
NAVIGATORS INSURANCE CO., d.b.a.
Navigators Protection & Indemnity