The
**THOMAS MCKEE TARPLEY**
Law Firm
A Professional Corporation
GCIC Building
414 West Soledad Avenue, Suite 904
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

**FORREST BOOTH** (Cal. Bar No. 74166) (Admitted *pro hac vice*)
**RYAN C. DONLON** (Cal. Bar No. 229292) (Admitted *pro hac vice*)
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724
9ZP505W

FILED
DISTRICT COURT OF GUAM
FEB 11 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>INCHCAPE SHIPPING SERVICES GUAM, LLC,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*,<br><br>Defendants. | Case No.: 1:06-CV-00011<br><br>**S.J. GARGRAVE SYNDICATE 2724'S OPPOSITION TO NAVIGATORS' MOTION TO SET ASIDE DEFAULT AND DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT AND REPLY BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST NAVIGATORS INSURANCE CO., DBA NAVIGATORS PROTECTION & INDEMNITY**<br><br>Complaint Date: April 19, 2006<br>Trial Date: May 12, 2008 |

AND CROSS-CLAIMS, COUNTERCLAIM,
AND CLAIM IN INTERVENTION

## I. INTRODUCTION

Navigators' Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724 ("Navigators' Motion to Set Aside Default") should be denied, and S.J. Gargrave Syndicate 2724's Motion for Default Judgment Against Navigators Insurance Co., dba Navigators Protection & Indemnity ("Gargrave's Motion for Default") should be granted.

## II. NAVIGATORS HAS GENERALLY, NOT SPECIALLY, APPEARED

Navigators, in its Motion to Set Aside Default, claims to be appearing specially in this Court. It cannot do so, for several reasons. First, there is no such thing as a special appearance in federal court; that practice was abolished with the adoption of the Federal Rules of Civil Procedure in 1937. 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* ("Wright and Miller") 30 and 28-29 fn. 1. Rule 12 of the Federal Rules of Civil Procedure eliminated the distinction between general and special appearances. *Martens v. Winder*, 341 F.2d 197, 200 (9th Cir. 1965). "... [T]echnical distinctions between general and special appearances have been abolished and the rulemakers wisely concluded that no end is accomplished by retaining these terms in federal practice." 5B Wright and Miller, *supra*, at 30. Furthermore, Navigators has generally appeared three times before in this action. On April 3, 2007, Navigators filed two motions herein for the admission of attorneys Stanley Gibson and Ellen G. Lauck *pro hac vice* in this Court, without any reference to special appearance; this Court ordered their admission on April 12, 2007. Also, Navigators, again without any reference to special appearance, filed a Rule 12(b)(6) motion on August 31, 2007 to dismiss the amended complaint in intervention of Inchcape Shipping Services (Guam) LLC ("Inchcape") for failing to state a proper claim for relief.

### III. GARGRAVE PROPERLY SERVED ITS AMENDED THIRD-PARTY COMPLAINT

Inchcape's amended complaint in intervention was dismissed by the Court without prejudice. Gargrave's [original] third-party complaint against Navigators was dismissed without prejudice on February 1, 2007. The litigation brought herein by the United States is ongoing. Inchcape could refile its complaint in intervention, which counsel herein have discussed, (Booth Declaration, ¶ 10), and Gargrave had the right to, and did, refile its third-party complaint (Gargrave's First Amended Third-Party Complaint) against Navigators. Plaintiff United States could sue Navigators, which it has discussed doing. *Id.* Accordingly, it was appropriate for Mr. Gibson to retain his status as attorney *pro hac vice* for Navigators, since it was possible (and perhaps even likely) that an additional claim or claims might be filed against his client. That possibility was discussed by various counsel from time to time. *Id.*

Mr. Gibson has never withdrawn his request to be admitted *pro hac vice* in this action as counsel for Navigators, nor has he asked that the Court's order qualifying him as counsel *pro hac vice* be reversed. Accordingly, the Court's order of April 12, 2007 is still in full force and effect.

The two dismissals of Navigators without prejudice are both interlocutory orders of the Court. No judgment in favor of Navigators has ever been issued with regard to any claims against Navigators, pursuant to Fed.R.Civ.Pro. 54, or otherwise. Those dismissals were not appealable because they were not final (they did not dispose of the entire litigation). 15A Wright and Miller at 487. Fed.R.Civ.Pro. 54(b) makes it clear that an order or dismissal "… which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties <u>shall not terminate the action</u> as to **any of the claims or parties**, and the order or other form of decision is <u>subject to revision at any time</u> before the entry of judgment …" (emphasis added). Accordingly, the interlocutory orders of dismissal herein were not final, could be modified by the Court at any time, and the claimants could refile against Navigators. *Borelli v. City of Reading*, 532 F.2d 950, 951-2 (3d Cir. 1976) (dismissal without prejudice is neither final nor appealable; plaintiff can refile). When Gargrave filed its First Amended Third-Party Complaint, Navigators had not been finally dismissed, and it and its lawyers were (and still are) before this Court.

- 3 -

Messrs. Sterling and Gibson under the Court's rules were, and still are, counsel of record for Navigators in this very lawsuit. Guam Local Rule 17.1(e) says that any document required or authorized to be served on counsel shall be served on associated local counsel (in this case, Thomas Sterling). Mr. Sterling was served with all documents which Gargrave filed with regard to its amended third-party complaint. In addition, courtesy copies were also served on Mr. Gibson in San Francisco (although he simply mailed them all back to counsel for Gargrave).[1] This service on Mr. Gibson was pursuant to Federal Rule of Civil Procedure 5(b)(1) which states that service shall be made on the attorney for a party, when a party is represented by an attorney. Gargrave was aware that Messrs. Sterling and Gibson represent Navigators, because of Mr. Sterling's two motions for the court to admit Mr. Gibson and his associate *pro hac vice*, his motion to dismiss Inchcape's Complaint in Intervention, and innumerable conversations between counsel and exchanges of emails. Booth Declaration, ¶¶ 3-9 and Exs. A-D. Therefore Rule 5(b)(1) **required** Gargrave to serve Mr. Gibson as counsel for Navigators.

Guam Local Rule 19.1(c) provides a method whereby an attorney can withdraw from a case; neither Mr. Gibson nor Mr. Sterling has filed such a motion in this matter. Furthermore, withdrawal requires leave of Court, which has not been given. Therefore these attorneys are still Navigators' lawyers in this case.

Navigators' assertion that Mr. Gibson was "not authorized to accept service of lawsuits on behalf of Navigators ...", Gibson Declaration, Ex. C, is a total red herring, as well as being incorrect. Status as an attorney for a party is conferred by appearing in a lawsuit, filing motions, pleadings, and so forth. Once an attorney makes such a general appearance, the mandatory service procedures of Federal Rule of Civil Procedure 5(b) are triggered, along with those of Guam Local Rule 17.1(e). Even if Navigators had specifically instructed Messrs. Gibson and Sterling that they were not authorized to accept service of process (which Gargrave sincerely

---

[1] *See* Declaration of Stanley L. Gibson in Support of Specially-Appearing Defendant Navigators Insurance Company's Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724 ("Gibson Declaration"), Ex. C (letter from Mr. Gibson's associate mailing back to counsel for Gargrave all service copies of pleadings and supporting documents).

- 4 -

doubts), such instructions from the client would be trumped by the Federal Rules and Local Rules of this Court.

Navigators would have it both ways. Navigators kept its local counsel Mr. Sterling, and its mainland counsel Mr. Gibson, in place in the Guam action, since the two dismissals of claims against Navigators had both been without prejudice, and were interlocutory. Since there were ongoing discussions by other parties of suing Navigators, and of the filing of new claims against Navigators by parties which had previously sued it, Navigators wisely did not either attempt to reduce the interlocutory dismissals to final judgments, or ask that the admissions of its attorneys be reversed. Now, however, when exactly that contemplated action has occurred (Gargrave has again sued Navigators), Navigators attempts to distance itself from its Guam and San Francisco lawyers. The Court should not countenance this chicanery.

### IV. NAVIGATORS HAS FAILED TO SHOW THE REQUISITE "GOOD CAUSE" TO SET ASIDE THE ENTRY OF DEFAULT.

Navigators must show "good cause" for the Court to set aide the entry of default. FRCP 55(c); *Franchise Holding II, LLC v. Huntington Restaurants Group*, 375 F. $3^d$ 922, 925 (9th Cir. 2004). Because FRCP 55(c) does not define "good cause," the courts generally rely on the same factors they use to evaluate a motion to vacate a default judgment. *Id.*; Annotation, *What Constitutes "Good Cause"…Under Rule 55(c)…29 ALR Fed. 7, 14 (1976 & Supp. 2006) (most courts recognize that the "good cause" standard exclusively governs relief from default entries).*

In deciding whether a defendant has shown "good cause" for setting aside a default, the court should consider whether the defendant has prima facie meritorious defense. *Franchise Holding, supra,* @ 926. Here, Navigators asserts no defense on the merits. The sole grounds asserted by Navigators to set aside the default is the alleged (and incorrect) lack of proper service, a procedural defense. As discussed above, this defense lacks merit.

Another factor the courts will consider in deciding whether there is "good cause" to set aside a default is whether the default was willful. *Franchise Holding, supra* @ 926. A default should not be set aside if it was willful. *Brien v. Kullman Industries*, 71 F. 3d 1073, 1078 (2nd Cir. 1995). As demonstrated herein, Navigators sat silently by, wide eyed and notified, with full

- 5 -

knowledge of Gargrave's actions against it and willfully chose to do nothing, ostensibly because it misunderstood Rule 54(b). Such willful neglect is not "good cause" to set aside a default taken right under Navigators' nose.

## V. NAVIGATORS' TACTICS CONSTITUTE WAIVERS AND FORFEITURES

Navigators' Motion to Set Aside Default should be denied because Navigators has waived its objections to Gargrave's amended third-party complaint and forfeited any rights it might have had. On November 14, 2007, Gargrave filed a motion for leave to file its amended third-party complaint against Navigators. A copy of the draft third-party complaint was sent by counsel for Gargrave Ryan Donlon to counsel for Navigators. *See* the Declaration of Forrest Booth in Opposition to Navigators Insurance Co.'s Motion to Set Aside Default (hereinafter the "Booth Declaration"), ¶ 3 and Ex. A. Counsel for Navigators responded by email, arguing Navigators' case and stating that he was not authorized to accept service (although he did not claim he was not counsel of record for Navigators). Booth Declaration, Ex. A. Mr. Gibson repeated that assertion and made those same arguments for Navigators on November 21, 2007. Booth Declaration, Ex. B. On the same date, by return email, counsel for Gargrave specifically advised Mr. Gibson of the last date for Navigators to oppose Gargrave's motion. *Id.* Navigators, despite having counsel in both Guam and San Francisco, who were admitted and had previously appeared in this lawsuit, failed to appear in Court or object to Gargrave's motion. Accordingly, the motion was granted and the third party complaint was filed.

Gargrave served its first amended third-party complaint on Navigators on November 30, 2007, by personally serving Navigators' Guam attorney Thomas Sterling, pursuant to and as required by Guam L.R. 17.1(e), and by mail service on attorney Stanley Gibson in San Francisco. Again, Navigators filed nothing with the Court objecting to either the filing of the first amended third-party complaint, or the nature and manner of service. Mr. Gibson did object by email and reargued Navigators' legal position, however. Booth Declaration, ¶ C.

After Navigators' time to answer had expired and an additional three weeks had passed, Gargrave filed a request for the clerk's entry of default on January 23, 2008. Again, both Thomas

- 6 -

11620/0002/658119.1
Case 1:06-cv-00011    Document 164    Filed 02/11/2008    Page 6 of 10
GARGRAVE'S BRIEF I/S/O MOTION AND AGAINST NAVIGATORS' MOTIONS Case No.: 1:06-CV-00011

Sterling and Stanley Gibson were duly notified and yet again neither Navigators' Guam counsel nor its San Francisco counsel filed any objection to the request (although another emailed protest, statement of Navigators' legal position and threat of Rule 11 sanctions was received by Gargrave's counsel on January 26, 2008. Booth Declaration, Ex. D). Accordingly, with no objection or answer filed, the clerk entered Navigators' default on January 29, 2008.

On numerous occasions, counsel for Gargrave has discussed Gargrave's claims against Navigators, various related legal issues and service of the amended third-party complaint, with Mr. Gibson. Booth Declaration, ¶ 9. These conversations occurred in one-to-one telephone calls, conference calls, in person and over lunch. *Id.*, ¶¶ 8-9.

Waiver is the intentional relinquishment of a known right or privilege. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Through its attorneys of record, Navigators was aware of and knew it had the legal right to oppose Gargrave's motion for leave to file the amended third-party complaint; it was aware of and knew the service of the amended third-party complaint on its two sets of lawyers; it was aware of Gargrave's request for the entry of a clerk's default; and it was aware of and knew it had the legal right to either object to the entry of the clerk's default or file an answer or other response. Neither set of lawyers for Navigators filed *anything* on any of those four occasions, thereby knowingly and intentionally waiving Navigators' rights. At this late date, Navigators has forfeited any objections and should not be heard to complain, after the Court has properly approved valid requests which Gargrave placed before it. *U.S. v. Olano*, 507 U.S. 725, 733 (1993) (right forfeited if not timely asserted).

## VI. THE COURT SHOULD NOT DISMISS THE AMENDED THIRD-PARTY COMPLAINT ON ACCOUNT OF SERVICE ISSUES

In its prayer for relief, Navigators has requested that the Court dismiss Gargrave's "Complaint [sic]" against Navigators because of "ineffective service of process". Navigators' Motion to Set Aside Default, p. 4, ll. 15-17. Navigators gives no authority for this request, and none exists. A complaint (or third-party complaint) cannot be dismissed on the merits because of problems with service of process, even if there were any (which Gargrave denies).

- 7 -

11620/0002/658119.1　　GARGRAVE'S BRIEF I/S/O MOTION AND AGAINST NAVIGATORS' MOTIONS Case No.: 1:06-CV-00011

Case 1:06-cv-00011    Document 164    Filed 02/11/2008    Page 7 of 10

## VII. CONCLUSION

Navigators (1) chose to ignore Gargrave's request for leave to file an amended third-party complaint; (2) chose to ignore the filing of the amended third-party complaint; (3) chose to ignore the time provided to answer the amended third-party complaint; (4) chose to ignore the request for a clerk's default; and (5) did all of these things voluntarily and knowingly. Navigators' local attorneys in Guam, and *pro hac vice* counsel in San Francisco, were properly served with all relevant papers, at each step of the process. Also, counsel for Gargrave repeatedly discussed the matter with Mr. Gibson. Navigators was content to allow a default to be taken; these acts and decisions were waivers or forfeitures by a large, sophisticated New York insurance company, represented by experienced and capable lawyers. Navigators knew and expected that when it did nothing, a default would result. Navigators' belated and baseless motion to now set aside the default must be denied. This gamesmanship should not be allowed. Gargrave respectfully requests that its Motion for Default Judgment should be granted.

Dated this 11th day of February, 2008.

_____
THOMAS McKEE TARPLEY
Attorney for Defendant, Cross-Claimant
and Counterclaimant S. J. GARGRAVE
SYNDICATE 2724

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on February 11, 2008, I caused to be served a true and correct copy of the **S.J. GARGRAVE SYNDICATE 2724'S OPPOSITION TO NAVIGATORS' MOTION TO SET ASIDE DEFAULT AND DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT AND REPLY BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST NAVIGATORS INSURANCE CO., DBA NAVIGATORS PROTECTION & INDEMNITY** to the following:

Mike W. Schwab, Esq.
OFFICE OF THE U.S. ATTORNEY
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910

R. Michael Underhill
Attorney in Charge, West Coast Office
MIMI MOON
Trial Attorney
Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102-3463
[Courtesy copy]

*Attorneys for Plaintiff and Counterdefendant United States of America*

Lawrence J. Teker, Esq.
TEKER TORRES & TEKER, P.C.
Suite 2-A, 130 Aspinall Avenue
Hagatna 96910-5018, Guam

John E.D. Powell, Esq.
CAIRNCROSS & HEMPELMANN, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
[Courtesy copy]

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.;*
*Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

Thomas C. Sterling, Esq.
BLAIR STERLING JOHNSON MARTINEZ &
  LEON GUERRERO, P.C.
Suite 1008, DNA Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205

Stanley L. Gibson, Esq.
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
[Courtesy copy]

*Attorneys for Defendant Navigators Insurance Co., dba*
*Navigators Protection & Indemnity*

11629/0002/658119-1
CERTIFICATE OF SERVICE
Case No.: 1:06-CV-00011

Case 1:06-cv-00011  Document 164  Filed 02/11/2008  Page 9 of 10

| | |
|---|---|
| 1 | David P. Ledger, Esq. |
| 2 | Elyze J. McDonald, Esq. |
|   | CARLSMITH BALL LLP |
| 3 | Bank of Hawaii Building, Suite 401 |
|   | 134 West Soledad Avenue |
| 4 | Hagatna, Guam 96910 |
| 5 | *Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC* |

Dated this **11th** day of February, 2008.

_____
DOROTHEA QUICHOCHO