The
THOMAS McKEE TARPLEY
Law Firm
A Professional Corporation
GCIC Building
414 West Soledad Avenue, Suite 904
Hagatna, Guam 96910
Telephone: (671) 472-1539
Facsimile: (671) 472-4526
Electronic mail: tarpley@guam.net

FORREST BOOTH (Cal. Bar No. 74166) (Admitted *pro hac vice*)
RYAN C. DONLON (Cal. Bar No. 229292) (Admitted *pro hac vice*)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Electronic mail: fb@severson.com
Electronic mail: rcd@severson.com

Attorneys for Defendant, Cross-Claimant and
Counterclaimant S.J. GARGRAVE SYNDICATE 2724

FILED
DISTRICT COURT OF GUAM
FEB 12 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No.: 06-00011 |
| Plaintiff, | **DECLARATION OF FORREST BOOTH IN OPPOSITION TO NAVIGATORS INSURANCE CO.'S MOTION TO SET ASIDE DEFAULT** |
| and | |
| INCHCAPE SHIPPING SERVICES GUAM, LLC, | |
| Plaintiff in Intervention, | |
| | Complaint Date: April 19, 2006 |
| vs. | Trial Date: May 12, 2008 |
| MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, | |
| Defendants. | |

AND CROSS-CLAIMS, COUNTERCLAIM,
AND CLAIM IN INTERVENTION

I, Forrest Booth, declare:

1. I am an attorney duly licensed to practice law before all courts in the State of California. I am a member of the law firm of Severson & Werson, counsel of record for Defendant, Cross-Claimant and Counterclaimant S.J. GARGRAVE SYNDICATE 2724 (hereinafter "Gargrave"). I am admitted *pro hac vice* in this court as counsel for Gargrave.

2. I have personal knowledge of the facts stated in this Declaration, and if called as a witness to testify as to them, I can and will competently do so.

3. Attached hereto and marked as Exhibit A is a true and correct copy of an email from Stanley Gibson, attorney for NAVIGATORS INSURANCE CO., DBA NAVIGATORS PROTECTION AND INDEMNITY ("Navigators") to my associate Ryan Donlon, dated November 9, 2007. Exhibit A also contains a true and correct copy of an email from Ryan Donlon to Mr. Gibson, dated November 8, 2007.

4. Attached hereto and marked as Exhibit B is a true and correct copy of an email dated November 21, 2007, from me to Mr. Gibson. Exhibit B also contains a true and correct copy of an email from Mr. Gibson to me, dated November 21, 2007, and an email from me to Mr. Gibson, also dated November 21, 2007.

5. Attached hereto and marked as Exhibit C is a true and correct copy of an email from me to Mr. Gibson, dated January 25, 2008. Exhibit C also contains a true and correct copy of an email dated January 24, 2008, from Mr. Gibson to me, as well as a true and correct copy of an email dated January 23, 2008 from Mr. Gibson to me.

6. Attached hereto and marked as Exhibit D is a true and correct copy of an email from me to Mr. Gibson, dated January 29, 2008. Exhibit D also contains a true and correct copy of an email dated January 26, 2008, from Mr. Gibson to me.

7.      On or about December 11, 2007, I received the letter from attorney Shaul Serban, Mr. Gibson's associate, which is attached as Exhibit C to the Declaration of Stanley L. Gibson in Support of Specially-Appearing Defendant Navigators Insurance Company's Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724, filed in connection with Navigators' Motion to Set Aside Default. Included in the envelope with the letter were the service copies of Gargrave's First Amended Third-Party Complaint, Gargrave's Motion for Leave to File Third-Party Complaint, and Declaration of Forrest Booth in Support of Motion for Leave to File Third-Party Complaint.

8.      On December 27, 2007, I had a luncheon meeting with Mr. Gibson at which we discussed both Gargrave's amended third-party complaint against Navigators in this action, and also Navigators' involvement in the related case then pending in this Court, entitled *Jose D. Leon Guerrero Commercial Port and M.J. Syndicate 2000 v. Marwan Shipping & Trading Company LLC, Sharjah, et al.*, Case No. 07-00010 (the "Port's case").

9.      On several occasions since the filing of Gargrave's first amended third-party complaint against Navigators and service of same on Mr. Gibson, I have discussed it and Gargrave's manner of service with Mr. Gibson. Some of these discussions occurred by telephone, and some were in the context of conference calls involving other counsel in this case, or conference calls involving counsel in the Port's case, wherein Mr. Gibson also represented Navigators. One brief discussion with Mr. Gibson occurred in London, during the successful mediation of the Port's case. On a number of occasions, Mr. Gibson expressed the view, contained herein in Navigators' Motion to Set Aside Default, that Gargrave's manner of service of the amended third-party complaint on Navigators' attorneys was improper. On each of those occasions, I advised Mr. Gibson that I believed that he was still counsel for Navigators in this matter, admitted *pro hac vice*, and that Mr. Sterling was also still Guam counsel for Navigators. Accordingly, I believed that Gargrave's method of service was appropriate, and indeed was required by the federal, local and bar ethics rules.

10.     From time to time in discussions I have had with counsel for Plaintiff United States, the attorney for the United States has mentioned that he was considering filing claims

- 3 -

herein against Navigators, after Gargrave sued Navigators in late 2007. Counsel for Gargrave's co-defendants have mentioned at various times that they too were considering doing so.

Sworn this 8th day of February, 2008, under penalty of perjury under the laws of the State of California and of the United States at San Francisco, California.

By: _____
FORREST BOOTH

# CERTIFICATE OF SERVICE

I, Dorothea Quichocho, hereby certify pursuant to Rule 5(d) Fed. R. Civ. P. that on February  12 , 2008, I caused to be served a true and correct copy of the

**DECLARATION OF FORREST BOOTH IN OPPOSITION TO NAVIGATORS INSURANCE CO.'S MOTION TO SET ASIDE DEFAULT,** to the following:

| | |
|---|---|
| Mike W. Schwab, Esq.<br>OFFICE OF THE U.S. ATTORNEY<br>108 Hernan Cortez Avenue, Suite 500<br>Hagatna, Guam 96910 | R. Michael Underhill<br>Attorney in Charge, West Coast Office<br>MIMI MOON<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Avenue, Room 7-5395<br>P.O. Box 36028<br>San Francisco, CA 94102-3463<br>[Courtesy copy] |

*Attorneys for Plaintiff and Counterdefendant United States of America*

| | |
|---|---|
| Lawrence J. Teker, Esq.<br>TEKER TORRES & TEKER, P.C.<br>Suite 2-A, 130 Aspinall Avenue<br>Hagatna 96910-5018, Guam | John E.D. Powell, Esq.<br>CAIRNCROSS & HEMPELMANN, P.S.<br>524 Second Avenue, Suite 500<br>Seattle, WA 98104-2323<br>[Courtesy copy] |

*Attorneys for Defendants and Cross-Defendants Marwan Shipping & Trading Co.;*
*Five Seas Shipping Co., LLC; and Al-Buhaira National Insurance Company*

| | |
|---|---|
| Thomas C. Sterling, Esq.<br>BLAIR STERLING JOHNSON MARTINEZ &<br>LEON GUERRERO, P.C.<br>Suite 1008, DNA Building<br>238 Archbishop F.C. Flores Street<br>Hagatna, Guam 96910-5205 | Stanley L. Gibson, Esq.<br>GIBSON ROBB & LINDH LLP<br>100 First Street, 27th Floor<br>San Francisco, CA 94105<br>[Courtesy copy] |

*Attorneys for Defendant Navigators Insurance Co., dba*
*Navigators Protection & Indemnity*

David P. Ledger, Esq.
Elyze J. McDonald, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910
*Attorneys for Third Party Defendant Inchcape Shipping Services Guam LLC*

Dated this 12th day of February, 2008.

_____
DOROTHEA QUICHOCHO

# EXHIBIT A

**From:** Stan Gibson [mailto:sgibson@gibsonrobb.com]
**Sent:** Friday, November 09, 2007 4:48 PM
**To:** Ryan C. Donlon
**Cc:** Forrest Booth; 'Shaul Serban'
**Subject:** RE: US v. Marwan; Gargrave 3rd Prty Cmplt against Navigators

Dear Mr. Donlon:

Thank you for providing a copy of the proposed complaint. I must point out that Navigators is not a party to the USA's action against Gargrave, et al. If Gargrave wants to bring Navigators into the action, it will need to formally serve Navigators as it would any other entity not a party to the litigation. I am not authorized to accept service of process on behalf of Navigators. I trust you understand our position.

Best regards,
Stanley L. Gibson
Gibson Robb & Lindh LLP
100 First St., Suite 2700
San Francisco, CA 94105
415-348-6000
Fax 415-348-6001

---

**From:** Ryan C. Donlon [mailto:rcd@severson.com]
**Sent:** Thursday, November 08, 2007 5:56 PM
**To:** sgibson@gibsonrobb.com
**Subject:** US v. Marwan; Gargrave 3rd Prty Cmplt against Navigators

Good evening, Mr. Gibson,

Thanks again for your prompt response to my voice mail.

Attached, please find Gargrave's draft 3rd Party Complaint to implead Navigators in the "pollution case." We intend to file our motion for leave very soon, and due to the constraints of time, will ask the court to grant the motion on shortened time.

Should you have any questions or concerns, please do not hesitate to contact me at your convenience.

Very truly yours,

Ryan Donlon

Ryan C. Donlon
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
(415) 398-3344
www.severson.com

This transmission is intended only for the addressee, and may contain privileged and/or confidential information. If you are not the intended recipient, please do not use, disseminate, or copy this material. If you have received this transmission in error, please notify us immediately by telephone (415) 398-3344, return this transmission, and delete or destroy any copies (digital or paper). Thank you.

# EXHIBIT B

## Forrest Booth

**From:** Forrest Booth
**Sent:** Wednesday, November 21, 2007 5:17 PM
**To:** 'Stan Gibson'
**Subject:** RE: AJMAN 2

Stan:

I understand, but disagree with, your position, but in any case the court gave Navigators until Wed. (today) Guam time to oppose our motion to amend. I take it from your email that you did not file anything in opposition, but please correct me if I am wrong.

Thanks, Happy Thanksgiving, and best regards.

Forrest.


-----Original Message-----
**From:** Stan Gibson [mailto:sgibson@gibsonrobb.com]
**Sent:** Wednesday, November 21, 2007 3:49 PM
**To:** Forrest Booth
**Subject:** RE: AJMAN 2

Forrest:

As I stated in an earlier Email, Navigators was fully dismissed from the case prior to your filings to amend Gargrave's cross complaint. Navigators is not a party. We are not authorized to accept service of a complaint or any other pleadings at this point.


Best regards,
Stanley L. Gibson
Gibson Robb & Lindh LLP
100 First St., Suite 2700
San Francisco, CA 94105
415-348-6000
Fax 415-348-6001


**From:** Forrest Booth [mailto:fb@severson.com]
**Sent:** Wednesday, November 21, 2007 2:44 PM
**To:** sgibson@gibsonrobb.com
**Subject:** AJMAN 2

Stan:

Did you file a brief yesterday/today in the pollution case? If so, could you send me a copy of it? There is nothing on PACER, and I have received nothing from Guam.

Many thanks.

Forrest.

**Forrest Booth**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
(415) 398-3344

# EXHIBIT C

## Forrest Booth

**From:** Forrest Booth
**Sent:** Friday, January 25, 2008 4:38 PM
**To:** 'Stan Gibson'
**Subject:** RE: USA v. Gargrave

Dear Stan:

I replied to your last email, but I wanted to add that of course I do not agree that Rule 11 (or any other Rule) has been violated. The court in Guam issued a written order that you be admitted pro hac vice in the government's case, pursuant to Tom Sterling's motion. Neither that motion nor the order has never been withdrawn or countermanded. Accordingly, it seems to me that you are still counsel pro hac vice for Navigators in that case, and Tom is local counsel.

Tom appeared in the case and filed a motion for Navigators, constituting a general appearance. Guam local rule 17.1(e) says that any document required or authorized to be served on counsel shall be served on associated local counsel (i.e., on Tom Sterling, which we did).

FRCP Rule 5(b)(1) says service shall be on the attorney for a party, when a party is represented by an attorney. We know that you represent Navigators, because of the pro hac vice, and Tom does, because of the motions he filed; for that reason, and also out of professional courtesy, we served him, and you as well.

Neither you nor Tom has withdrawn from the case, as provided for by Guam LR 19.1(c), which requires leave of court upon written notice.

These are some of the reasons we believe that our service was good. As for our not advising the court of what appears in its own docket and file, I hardly think that constitutes concealing anything. One cannot conceal what is clearly in the public record, in my view.

Best regards.

Forrest.


-----Original Message-----
**From:** Stan Gibson [mailto:sgibson@gibsonrobb.com]
**Sent:** Thursday, January 24, 2008 7:24 PM
**To:** Forrest Booth
**Cc:** 'Jennifer Sanchez'; 'Shaul Serban'; 'THOMAS TARPLEY'; 'Thomas C. Sterling'
**Subject:** FW: USA v. Gargrave

Forrest — I have not received a response to my Email of yesterday and would very much appreciate one. Now that I have had a chance to review Mr. Tarpley's Jan. 23, 2008 declaration, I also ask that the request be withdrawn as being in violation of Rule 11. Tom declares under penalty of perjury that Sterling and I are "... attorneys of record for Navigators..." Navigators was dismissed as a party per Judge Gatewood's order of Nov. 2, which I attach. We cannot be attorneys of record for a non party. Further, I believe Tom had an obligation under Rule 11 to inform the Court that Navigators had been dismissed from the action before Gargrave's third-party complaint was filed. At least that would appropriately apprise the Court of the issue rather than concealing it. As I have asked you before, if you have any authority that counsel of record for a dismissed party

remains counsel for the purpose of serving a complaint on counsel instead of the party, I will be happy to review it.


Best regards,
Stanley L. Gibson
Gibson Robb & Lindh LLP
100 First St., Suite 2700
San Francisco, CA 94105
415-979-2320 (direct)
Fax 415-348-6001
www.gibsonrobb.com <<http://www.gibsonrobb.com/>>
This message contains information which is protected by attorney-client privilege and/or the attorney work-product privilege. It is intended for the exclusive use of the addressee and the privileges are not waived because the message and any information, including attachments, are being sent by electronic mail. Unless you are the addressee (or authorized to receive this message for the addressee), you may not use, copy, forward or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise GIBSON ROBB & LINDH by reply E-mail to
generalmailbox@gibsonrobb.com <<mailto:generalmailbox@gibsonrobb.com>>.

---

**From:** Stan Gibson [mailto:sgibson@gibsonrobb.com]
**Sent:** Wednesday, January 23, 2008 5:24 PM
**To:** 'Forrest Booth'
**Cc:** 'jsanchez@gibsonrobb.com'; 'Shaul Serban'
**Subject:** USA v. Gargrave

Forrest -- I have been informed that your Mr. Tarpley filed a request to enter Navigators' default on Jan. 23 in Guam. I received no word from you that you were proceeding to request entry of Navigators' default and I highly doubt that Mr. Tarpley would proceed with the request on his own. I thought we had an agreement that neither of us, or our local counsel, would take any action in the Guam case until our respective clients had attempted to resolve the matter via direct contact with each other in London and we were instructed that those attempts were unsuccessful. I have received no such instruction and was under the impression that Gargrave had the matter under consideration. Under these circumstances, I ask that you instruct Mr. Tarpley to withdraw the request.


Best regards,
Stanley L. Gibson
Gibson Robb & Lindh LLP
100 First St., Suite 2700
San Francisco, CA 94105
415-348-6000
Fax 415-348-6001

# EXHIBIT D

## Forrest Booth

**From:** Forrest Booth
**Sent:** Tuesday, January 29, 2008 12:14 PM
**To:** 'Stan Gibson'
**Cc:** 'Jennifer Sanchez'; 'Shaul Serban'; 'Thomas C. Sterling'; 'THOMAS TARPLEY'
**Subject:** RE: USA v. Gargrave

Stan, Jennifer and Shaul:

There really does not seem to be much more to say. There have been numerous discussions between the Navigators and Gargrave sides over the past six months or so, both between us as counsel and between the principals in London. Both sides have their positions; Gargrave will not just give up, as your client has requested, and Navigators will not discuss settlement or ADR.

We formally sought leave of the court in Guam to file a third party complaint; no opposition was filed. The court granted our motion. We served you and Tom Sterling, as we believe the rules require. Again, no opposition was filed (although you did object by email to me), and the time to respond expired six weeks ago. Despite the lack of a responsive pleading, we agreed to, and did, take no action until the principals met again in London. However, no progress was made at that meeting. We then moved the clerk for a default to be entered. So far, I am informed that no opposition or request to set aside has been filed in Guam. There seems to be a pattern here. Navigators is a big New York insurance company, so I assume it has chosen a strategy and is pursuing it for its own reasons.

I respectfully disagree with you that our method of service of our third party complaint was not proper, for all the reasons that I have previously stated. I understand your point of view, and that it is different. I can only add that the dismissals of Inchcape's and our third party complaints were without prejudice, and that the possibility of Navigators being brought back into the case was a good reason to keep Navigators' appointment of counsel and your pro hac vice admission in place until the ultimate conclusion of the case. Indeed, since we originally asserted a Rule 14(c) claim against Navigators, to which no response was filed, a court may find that Navigators is currently in default with regard to the Government's complaint, and thus is still a not-fully-dismissed party to the case on account of that. This too would make our service on counsel of record both appropriate and required under the Local, Federal and Ethics Rules.

Best regards,

Forrest.

-----Original Message-----
**From:** Stan Gibson [mailto:sgibson@gibsonrobb.com]
**Sent:** Saturday, January 26, 2008 9:12 AM
**To:** Forrest Booth
**Cc:** 'Jennifer Sanchez'; 'Shaul Serban'; 'Thomas C. Sterling'; 'THOMAS TARPLEY'
**Subject:** RE: USA v. Gargrave

Forrest - I am currently out of the office, but wanted to reply. Please include Jennifer and Shaul in any response.

First, as a matter of professional courtesy, I expected that you would have informed me that in Gargrave's view the London negotiations had been concluded and that you should proceed with the default, before you actually filed your request to enter default. That did not happen.

Second, you confuse party with attorney. I assume you agree that as of Nov. 2, 2007, Navigators was no longer a party to the litigation. I also believe you will agree that neither Sterling or I was ever a party to the litigation. It is the party who must be served, not the attorney. As of the time of attempted service on counsel, Navigators was no longer a party to the litigation and swearing under penalty of perjury that you served an attorney for a party that is no longer in the case is, in my view, a violation of Rule 11. I believe you and Tarpley have violated Rule 11 and we will do what is necessary to protect our client's rights in this regard. You and Tarpley are on very shaky ground here and I implore you to withdraw your request for entry of Navigator's default.

Best regards,
Stanley L. Gibson
Gibson Robb & Lindh LLP
100 First St., Suite 2700
San Francisco, CA 94105
415-348-6000
Fax 415-348-6001