THOMAS C. STERLING
BLAIR STERLING JOHNSON
  MARTINEZ & LEON GUERRERO
A Professional Corporation
Suite 1008 DNA Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205
Telephone: (671) 477-7857
Fax: (671) 472-4290

STANLEY L. GIBSON (Cal. Bar No. 047882)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 348-6000
Fax: (415) 348-6001

*Attorneys for Specially-Appearing Defendant
Navigators Insurance Co.,
dba Navigators Protection & Indemnity*

FILED
DISTRICT COURT OF GUAM
FEB 19 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> MARWAN SHIPPING & TRADING CO., FIVE SEAS SHIPPING CO., LLC, and S.J. GARGRAVE SYNDICATE 2724, *in personam*, <br><br> Defendants. <br><br> AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION | Civil Case No.: 06-00011 <br><br> **SPECIALLY-APPEARING DEFENDANT NAVIGATORS INSURANCE COMPANY'S REPLY TO GARGRAVE'S OPPOSITION TO NAVIGATORS' MOTION TO SET ASIDE DEFAULT AND DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT** <br><br> Judge: Honorable Frances Tydingco-Gatewood |

- Gargrave does not dispute that it has the burden to establish that its attempted service on Navigators was valid.

- Gargrave admits that Navigators was dismissed from this action on Nov. 2, 2007 and "As of that date, Navigators was no longer a party to this lawsuit." Booth Declaration ¶ 12

SPECIALLY-APPEARING NAVIGATORS REPLY
TO GARGRAVE'S OPPOSITION TO NAVIGATORS'
MOTION TO SET ASIDE DEFAULT
Civ. Case No. 06-00011; Our File No. 2900.81
1
Case 1:06-cv-00011   Document 167   Filed 02/19/2008   Page 1 of 8
ORIGINAL

found in Exh. B to Gibson Declaration in Support of Motion to Set Aside Default previously filed herein.

- Gargrave admits that it did not file its motion for leave to file a third-party complaint until Nov. 14, 2007 less than two weeks after Navigators was dismissed from the action on Nov. 2, 2007 and no longer a party.

- Gargrave admits that **the only** basis for claiming it served Navigators, a non-party to the action, by serving Sterling and Gibson is that Gibson had been admitted *pro had vice* as counsel for Navigators when Navigators was a party to the action and that Sterling was Navigators' local counsel when Navigators was a party to the action.

- Gargrave cites no case law or procedural rule allowing for service of a new third party complaint on a dismissed party by service on counsel who has been admitted *pro hac vice* to represent the now dismissed party.

- Gargrave admits that it did not serve a summons for the third party complaint on either Sterling (See Tarpley Supplemental Declaration filed herein Feb. 13, 2007) or Gibson (See Booth declaration filed herein on Feb. 12, 2007 which does not mention a summons).

**Gargrave Has Failed to Sustain its Burden of Proving Valid Service**

The proper manner for service of a new complaint on a previously-dismissed party can be a complicated issue. The law places the burden on Gargrave to prove proper service on Navigators and if there is any doubt, that doubt should be resolved against Gargrave and FRCP 4 service required. Wright & Miller set forth the correct rule: "[T]he constitutional standards for personal jurisdiction must be met with regard to each claim; Rule 5 cannot be used as a means to circumvent the Due Process Clause." Wright & Miller, Federal Practice and Procedure: Civil 3d

SPECIALLY-APPEARING NAVIGATORS REPLY
TO GARGRAVE'SOPPOSITION TO NAVIGATORS'
MOTION TO SET ASIDE DEFAULT
Civ. Case No. 06-00011; Our File No. 2900.81

2

Case 1:06-cv-00011   Document 167   Filed 02/19/2008   Page 2 of 8

§1146, p.440. Guam local rules are consistent. LR 4.1 states that service of a summons and complaint are governed by Rule 4 of the FRCP. LR 5.1 requires that all documents **after the** complaint be served pursuant to rule 5, FRCP. Here, Gargrave improperly used LR 5.1 to serve the complaint itself.

Gargrave waited until Navigators was dismissed and then within 12 days brought its motion to amend to file a new third-party complaint against Navigators. Why? Gargrave has not shown why it could not have filed the motion to amend while Navigators was still a party. The only possible reason is that once it was dismissed, Navigators had no standing to oppose anything a remaining party to the action was filing, including Gargrave's motion to amend to bring Navigators back into the action. Now, after making it clear to the Court that Navigators was no longer a party when Gargrave wanted to file an amended third-party complaint against Navigators, Gargrave would have the Court treat Navigators as a party for the purpose of serving the new complaint so it can ignore the due process requirements of Rule 4 of the FRCP.

Gargrave is also erroneous in claiming that Navigators is still a party because the Court did not issue a final judgment as to Navigators' dismissal pursuant to FRCP 54. FRCP 54 is inapposite to the current issue. Navigators does not contest that the Court's dismissals of Navigators were not appeallable orders. Finality for purposes of appeal is not the issue. Who would appeal a voluntary dismissal without prejudice? To use the "finality" argument, without support of any case authority, to conclude that Navigators was a party to the action for purposes of service of a new complaint makes no sense. Such "reasoning" ignores the reality that at the time of the order dismissing Navigators from the action on Nov. 2, 2007, no other parties had any claims pending against Navigators. Thus, there was no reason for those remaining parties to seek a demand for Judgment under FRCP 54 allowing them to immediately appeal the dismissal.

SPECIALLY-APPEARING NAVIGATORS REPLY
TO GARGRAVE'SOPPOSITION TO NAVIGATORS'
MOTION TO SET ASIDE DEFAULT
Civ. Case No. 06-00011; Our File No. 2900.81

3

Case 1:06-cv-00011   Document 167   Filed 02/19/2008   Page 3 of 8

Similarly, why would Navigators seek an order allowing it to immediately appeal the order dismissing it from this action? The fact other parties were "thinking about" bringing an action against Navigators does not relieve Gargrave of its obligation to serve Navigators personally as required by Rule 4.

Moreover, it is admitted that no summons was served on either counsel. That by itself is sufficient grounds to set aside the default.

In light of the due process implications, Navigators respectfully requests that the Court quash the current attempted service and require that service of process be made directly on Navigators as required by FRCP 4. Alternatively, if the Court is concerned regarding the application of FRCP 5, the Court should exercise its discretion under 5 (b)(1) and order service directly on Navigators. "If a party is represented by an attorney, service under this rule must be made on the attorney <u>unless the court orders service on the party</u>." (Emphasis added))

**Good Cause Exists to Set Aside The Default**

Even assuming the Court agrees that Gargrave properly served process on Navigators by serving its counsel, "[t]he court may set aside an entry of default for good cause." FRCP 55(c); Guam LTR 11(c) ("For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default"). A "standard of liberality should be applied in considering a motion to set aside a default" with a preference that cases "be decided on their merits." <u>Medunic v. Lederer</u>, 533 F.2d 891, 893-894 (3d Cir. 1976)(citation omitted); see also <u>Johnson v. Barlow</u>, 2007 U.S. Dist. LEXIS 5325 (E.D. Cal. 2007). "Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so." <u>Charity v. Carroll</u>, 2006 U.S. Dist. LEXIS 66759, 10 (E.D. Cal. 2006). A strong factor in favor of setting aside the default is if the moving party acts quickly to set aside the default. <u>Johnson</u>, <u>supra</u>, 2007

U.S. Dist. LEXIS at 8. Navigators acted promptly. Gargrave filed its motion for entry of default on January 23, 2008 and Navigators filed its motion to set aside the default on February 6, 2008.

Good cause "is demonstrated by: 1) a sufficient excuse for not meeting the filing deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the other party." Johnson, supra, 2007 U.S. Dist. LEXIS at 4 (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986)(other citations omitted)) Any of the three factors alone is sufficient to set aside a default. Johnson, supra, 2007 U.S. Dist. LEXIS at 5 (citing Franchise Holding H, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004)).

Navigators' objection to the sufficiency of service is certainly good cause because, if successful, no answer at all would be required until proper service was made. As discussed above, no summons was included with the purported service. Also, there is no dispute that Navigators was no longer a party to this action. Navigators did not idly sit back until a mischievous opportunity presented itself to raise the issue of service. As Gargrave's counsel admits in its opposition, Gargrave was immediately and repeatedly made aware that Navigators did not believe it had been properly served. At a minimum, Navigators' objection is reasonable and understandable under the circumstances and a sufficient excuse even if the Court ultimately does not uphold Navigators' position. Certainly, Navigators "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).

To establish the meritorious defense, a moving party's burden is merely "producing competent evidence that establishes a factual or legal basis for the tendered defense." Johnson v.

Barlow, 2007 U.S. Dist. LEXIS 5325 at 9 (citing Tri-Continental Leasing Corp. v. Zimmerman, 485 F.Supp. 495 (N.D. Cal. 1980); Falk v. Allen, 739 F.2d 461, 464 (9th Cir. 1984) ("On a Rule 60(b) motion, this court will accept the allegations of the movant's factual statement."). "The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious. The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits." In re Stone, 588 F.2d 1316, 1319-1320 (10th Cir. 1978); see also Girlsongs & Warner Bros. v. Starkey, 108 F.R.D. 275, 278 (N.D. Cal. 1984).

Gargrave's Complaint prays for judgment against Navigators in favor of the United States. However, Gargrave admits that in November 2007, Gargrave settled that claim with the United States and "has now paid the $800,000...." (see Declaration of Forrest Booth Of Amounts Due and In Support of Entry of Default Judgment, ¶ ¶5,6). Gargrave's cause of action disappeared when Gargrave settled its claim before serving Navigators with the Complaint. Gargrave attempted to serve the Complaint on November 30, 2007. (See Declaration of Thomas M. Tarpley in Support of Request For Entry of Default, ¶4).

Moreover, Navigators has more than sufficient law and facts to refute all of Gargrave's claims, including, but not limited to, the failure to state a cause of action for recovery of any insurance proceeds from Navigators based on alleged breach of the policy because nowhere does Gargrave claim to be an insured under the policy; the fact the policy is one of indemnity only; the fact that defendant Marwan herein has made no claim against Navigators for indemnity for wreck removal under the policy arising out of the events alleged by the USA in this action; the legal position that there was no wreck removal as matter of law compensable under the P&I policy and many others. Many of the legal arguments and facts are set forth in Navigators

motion to dismiss or stay, filed on July 17, 2007 with this court in Action 07-00010. Navigators requests that the Court take judicial notice of that motion and its supporting declarations.

Finally, Gargrave's allegations of Navigators' liability arising out of the alleged appointment and recall of surveyor Paul Thomas can be shown to be false from official U.S. Coast Guard records. Navigators disputes that it appointed Paul Thomas. Contrary to Gargrave's allegations, Navigators can establish that verbal notice of federalization was given to vessel owners on Aug. 23, before the Ajman 2 went aground. The USCG was in direct contact with owners at that time, not Thomas. The vessel went aground at 2250 on Aug. 23 and written confirmation that the project was federalized was provided at 1800 on Aug. 24, before Thomas was appointed or even on Guam. Therefore, it was not possible as Gargrave alleges in ¶ 9 of its Amended Third Party Complaint that "as a direct result of Mr. Thomas .... having disappeared from Guam, ..... the Coast Guard "federalized" and took control of the vessel and the incident..." Gargrave has been informed of these facts and is well aware of them.

**Conclusion**

The Court should proceed with caution in considering whether or not Rule 5 service of a new complaint on a dismissed party is valid. Gargrave has the burden of proving Rule 5 service valid under the circumstances. It is admitted that Navigators was not a party to this action when Gargrave attempted to serve its First Amended Third-Party Complaint on Navigators' counsel. In attempting to sustain its burden that service was proper given this fact, the best Gargrave can come up with is that Navigators' counsel was admitted *pro hac vice* before successfully having Navigators dismissed from the action. Given the due process implications of not requiring service under Rule 4, Navigators respectfully requests that the Court quash Gargrave's attempted service of process and order that Gargrave serve Navigators personally pursuant to Rule 4 of the

SPECIALLY-APPEARING NAVIGATORS REPLY
TO GARGRAVE'S OPPOSITION TO NAVIGATORS'
MOTION TO SET ASIDE DEFAULT
Civ. Case No. 06-00011; Our File No. 2900.81

7

Case 1:06-cv-00011   Document 167   Filed 02/19/2008   Page 7 of 8

FRCP. If the Court does not agree with Navigators regarding the insufficiency of service, Navigators submits that it has shown more that sufficient good cause for not responding timely to the questionable service and that the default should be set aside on those grounds and sufficient time allowed for Navigators to respond to the Complaint. At a minimum, that will allow the issues and claims made by Gargrave to be addressed on their merits.

DATED: February 19, 2008

Respectfully submitted,

Stanley L. Gibson
GIBSON ROBB & LINDH LLP

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO

By _____/s/ Thomas C. Sterling_____
Thomas C. Sterling
Attorneys for Defendant
NAVIGATORS INSURANCE CO., d.b.a.
Navigators Protection & Indemnity

SPECIALLY-APPEARING NAVIGATORS REPLY
TO GARGRAVE'S OPPOSITION TO NAVIGATORS'
MOTION TO SET ASIDE DEFAULT
Civ. Case No. 06-00011; Our File No. 2900.81

8

Case 1:06-cv-00011   Document 167   Filed 02/19/2008   Page 8 of 8