DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

MARWAN SHIPPING & TRADING, FIVE SEAS SHIPPING CO., LLC AND S.J. GARGRAVE SYNDICATE 2724, *in personam*,

 Defendants.

AND CROSS-CLAIMS, COUNTERCLAIMS, AND CLAIM IN INTERVENTION.

Civil Case No. 06-00011

**ORDER RE MOTION TO SET ASIDE DEFAULT AND DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT OF S.J. GARGRAVE AND MOTION FOR DEFAULT JUDGMENT**

 This case is before the court on the Defendant Navigators Insurance Co. LLC's ("Navigators") Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724 and Cross-Claimant and Counterclaimant S.J. Gargrave Syndicate 2724's ("Gargrave") Motion for Default Judgment. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the court **GRANTS**

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Navigators Motion to Set Aside Default, **DENIES** the Motion to Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724, **DENIES** the Motion for Default Judgment and issues the following decision.

## BACKGROUND

In August 2004, the foreign flagged vessel AJMAN 2 was navigating near Guam on its way to another destination. The vessel was not scheduled to make a port call at Guam. However, when threatened by an approaching typhoon, the vessel requested permission to enter the Port of Guam, a United States port. Authorities initially denied the request, but later reconsidered and approved entry subject to the following conditions: (1) that the vessel owner provide a Certificate of Financial Responsibility ("COFR") to respond to any threats to the environment (such as an oil spill), and (2) that the vessel appoint an agent for service of process in the United States. After the vessel was granted permission to enter Guam's waters, the vessel grounded at Family Beach, adjacent to Hotel Wharf, in Apra Harbor.

Consequently, on April 19, 2006, the United States filed this lawsuit on behalf of the Oil Spill Liability Trust Fund, pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*, against the Defendants Marwan Shipping and Trading Co., ("Marwan"), Five Seas Shipping Co., LLC ("Five Seas") and S.J. Gargrave Syndicate 2724 ("Gargrave"). *See* Compl., ¶ 4. The complaint's underlying factual basis revolves around the grounding of the vessel M/V AJMAN 2 on or around August 2004. *Id.*, ¶ 21. The United States claims that the AJMAN 2 posed a substantial threat of pollution to the navigable waters of the United States, and in order to alleviate the substantial threat of pollution, the United States incurred removal costs and damages within the meaning of the Oil Pollution Act. *Id.,* at ¶s 21, 23-24. The United States alleges that it incurred costs and damages in excess of $829,051. *Id.*

Thereafter, a complaint in intervention, cross-claims and counterclaims were filed. On August 18, 2006, Inchcape Shipping Services Guam LLC ("Inchcape") filed a complaint in intervention naming Navigators Insurance Company as one of the Defendants. *See* Docket No. 40. On September 20, 2006, S.J. Gargrave filed a First Amended Third-Party Complaint naming Navigators Insurance Company as a Defendant. *See* Docket No. 63. On February 1,

2007, Gargrave voluntarily dismissed its third party complaint against Navigators, without prejudice. *See* Docket No. 100. Thereafter on November 2, 2007, with no opposition filed, the court granted Navigator's motion to dismiss Inchcape's complaint in intervention against it. *See* Docket No. 142.

On November 14, 2007, S.J. Gargrave filed a Motion for Leave to File Third-Party Complaint Against Navigators. *See* Docket No. 143. On November 28, 2007 the motion was granted. *See* Docket No. 149. Accordingly, on November 30, 2007 Gargrave filed its First Amended Third-Party Complaint and served counsel of record (Messrs. Thomas C. Sterling and Stanley L. Gibson) with the complaint. *See* Docket No. 150. Because Navigators did not file an answer, Gargrave then moved for entry of default. *See* Docket No. 152. On January 29, 2008, the Clerk of Court entered the default of Navigators. *See* Docket No. 154. On February 5, 2008, Gargrave moved for Default Judgment as to Navigators. *See* Docket No. 155. The next day on February 6, 2008, Navigators "specially appeared" and filed a Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint.[2] Gargrave's Motion for Default Judgment and Navigator's Motion to Set Aside Default and Dismiss First Amended Third-Party Complaint is now before this court.

## DISCUSSION

Pursuant to Fed.R.Civ.P. Rule 55(c), Navigators requests the court to set aside the Clerk's Default entered on January 29, 2008 and to dismiss Gargrave's First Amended Third-Party Complaint ("Third-Party Complaint") pursuant to Fed.R.Civ.P. Rule 12(b)(5) on the grounds that Navigators was not properly served with the complaint. The Motion to Set Aside and Motion to Dismiss are very much intertwined. Navigators submits that Gargrave failed to properly serve Navigators in two respects. First, Navigators claims that by the time the Third-

---

[2] Navigators makes a "special appearance" to file its motion. However, this is improper. "Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him." *Hamilton v. Willms*, 2007 WL 2904286, *3 (E.D. Cal. 2007). It should be noted that when Navigators filed an earlier 12(b)(6) motion to dismiss the amended complaint in intervention of Inchcape it did so without making any special appearance.

Page -3-

Party Complaint was filed, it had already been dismissed from the case. Therefore this "new" complaint should have been personally filed upon it in conformance of Fed.R.Civ.P. 4(h), instead of upon counsel of record.[3] Second, it contends that any attempt of service upon counsel was faulty because the Third-Party Summons was not included with the complaint. The court has the power to set aside a default for good cause. Fed.R.Civ.P. 55(c). A district court's discretion to set aside a default is "especially broad" when "it is entry of default that is being set aside rather than default judgment." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). "Good cause" exists in the case of "fraud . . ., misrepresentation, or other misconduct of an adverse party" or "other grounds justifying relief." Fed.R.Civ.P. 55(c).

The "good cause" analysis requires the court to consider three factors: (1) whether there is a sufficient excuse for not meeting the filing deadline; (2) whether the moving party has a meritorious defense; or (3) whether re-opening the default would prejudice the non-moving party. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). These factors are disjunctive, and the court may vacate entry of default if any of the three factors is true. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

In general, motions to set aside default should be liberally granted and are left to the

---

[3] Rule 4 of the Federal Rules of Civil Procedure states in relevant part:

**(h) Serving a Corporation, Partnership, or Association.**

Unless otherwise provided by federal law, service upon a domestic or foreign corporation, or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or

. . .

discretion of the court. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* Any doubt should be resolved in favor of setting aside the default in order to decide a case on its merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment.

Navigators has offered a good faith explanation for its failure to respond to the Third Party Complaint. It argues that there were concerns over the sufficiency of service and that counsel communicated those concerns to opposing counsel. *See* Docket No. 165 (Decl. of Forrest Booth, at ¶ 9). The method of service provided for in Rule 4 requires that a plaintiff serve a summons together with a copy of the complaint. As previously noted, Navigators claims that it neither received personal service nor was counsel properly served because counsel did not receive a summons with the complaint. In fact, Gargrave's counsel admits that he is unsure whether a summons was served upon local counsel Mr. Thomas C. Sterling. *See* Docket No. 166 (Suppl. Decl. of Thomas M. Tarpley). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P.4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Failure to properly serve a defendant with process pursuant to Rule 4 constitutes good cause to set aside an entry of default. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly).

The facts indicate there was a good faith basis for not filing an answer. Moreover, there is no evidence suggesting that Navigators refused to respond to the complaint in order to either obtain an advantage over Gargrave, interfere with judicial decision making, or otherwise manipulate the legal process. In light of the defect in service, the court finds there is good cause to set aside the default.

///

Page -5-

Case 1:06-cv-00011 Document 170 Filed 03/27/2008 Page 5 of 6

1    However, the court will not dismiss the complaint and instead will permit Gargrave to
2 effectuate service upon the Defendant both personally and upon counsel in conformance with
3 Rule 4.  Additionally, in light of the court's rulings herein, Gargrave's Motion for Default
4 Judgment is considered moot.

### CONCLUSION

Upon consideration of the foregoing, the court **GRANTS** Navigators Motion to Set Aside Default, **DENIES** the Motion to Dismiss First Amended Third-Party Complaint of S.J. Gargrave Syndicate 2724, and **DENIES** the Motion for Default Judgment.  In addition, service of the complaint shall occur no later than April 11, 2008.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Mar 27, 2008**